UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------

DONALD PAPAY,                )    CIVIL ACTION NO.
      Plaintiff,          )
v.                       )    **COMPLAINT**
                           )

VIRGINIA HASELHUHN as ASSISTANT  )
EXECUTIVE DIRECTOR, AMERICAN  )
REGISTRY OF RADIOLOGIC       )
TECHNOLOGISTS,  RICHARD F. DAINES as )
COMMISSIONER, STATE OF NEW YORK )
DEPARTMENT OF HEALTH, ADELA  )
SALAME-ALFIE as DIRECTOR, STATE OF )
NEW YORK DEPARTMENT OF    )
HEALTH - - BUREAU OF       )
ENVIRONMENTAL RADIATION    )
PROTECTION  (in his official capacity);  )
      Defendants.           )
-------------------------------------

**07 CIV. 3858**

**ROBINSON**

Plaintiff Donald Papay, alleges as follows:

## INTRODUCTION

1. This is an action to compel the defendants to produce the examination tests results

administered by the American Registry of Radiologic Technologists (herein after,

ARRT), on behalf of Department of Health for the State of New York, Bureau of

Environmental Radiation Protection.


## JURISDICTION AND VENUE

2. This is an action arising under the Constitution, laws of the United States, the Freedom

of Information Act, Federal Antitrust Laws and New York State law. 15 U.S.C. §§ 1, 2;

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 1343(3) § 1984.

Defendants are also liable to Plaintiffs pursuant to the laws of the States of New York,

New York General Business Law ("GBL") § 340, and possibly other states, including

New York, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Donald Papay, a natural person residing in New City, New York, Rockland County.

4. Defendant, Richard F. Daines, Commissioner, employed at New York State Department of Health.

5. Defendant, Adela Salame-Alfie, Director, employed at New York State Department of Health – Bureau of Environmental Radiation Protection.

6. Defendant, Virginia Haselhuhn, as Assistant Executive Director, employed at the American Registry of Radiologic technologists.

7. Defendant, New York State Department of Health (DOH) Bureau of Environmental Radiation Protection is located at 547 River Street, Flanigan Square, Troy, New York 12180.

8. Defendant, the American Registry of Radiologic Technologists (ARRT) located at 1255 Northland Drive, St. Paul, Minnesota 55120.

## ALLEGATIONS OF FACT

9. The Examination in Radiography is administered by the American Registry of Radiologic Technologists as designated by the Department of Health for the State of New York.

10. The State of New York Department of Health acknowledges the American Registry of Radiologic Technologists (hereinafter ARRT) to administer tests to license Radiologic Technologists in New York State.

11. Plaintiff Donald Papay, was assigned ARRT No. 320350 for purpose of the exam.

12. Plaintiff attended a two-year program at Harlem Hospital from October 1995 to October 1997 to prepare for a radiography certification exam, the Examination in Radiography.

13. Plaintiff then sat for the exam in October of 1997, and was informed that he failed the exam. Plaintiff repeated the exam in March 1998 and October 1998, and failed them both. Pursuant to the AART regulations, he has reached the maximum number of times allowed to sit for the exam and required additional education to be eligible to sit for the exam again.

14. Plaintiff again attended the program at Harlem Hospital from October 2002 to October 2003 to prepare for the Radiography Certification Exam.

15. Plaintiff then sat for the exam again in October 2003, November 2003, January 2004 and April 2004. He was informed that he failed each of the exams, by only one or two points.

16. Plaintiff completed seven forms of the Examination in Radiography between October 1997 and April 2004.

17. Plaintiff's initial examination was taken on March 19, 1998; it was not counted by the American Registry of Radiologic Technologists, ARRT.

18. In order to sit for each examination, Plaintiff needed special permission as a result of a prior legal conviction. This legal conviction occurred on November 15, 1987.

19. Plaintiff served three and a half years in a medium security prison for the sale of a controlled substance. This was reported to the ARRT Ethics Committee.

20. In a letter dated November 11, 1997, Linda Black, the Ethics Investigations Coordinator of the ARRT Ethics Committee, informed Plaintiff "that all conditions regarding your [Plaintiff's] alleged violations have been met."

21. Plaintiff achieved an Associates degree while incarcerated to enable himself to make a positive contribution to society.

22. Plaintiff was awarded an early work release program and has been an employee at Columbia Presbyterian Medical Center from January 6, 1992 until present.

23. Plaintiff was told that he failed the exam - by one or two points - every time he took the exam.

24. Plaintiff believes that his test scores where skewed due to the fact that he had a prior criminal history.

25. There are twenty additional key questions on the exam, which, according to Plaintiff's knowledge and belief, should have been taken into consideration when grading Plaintiffs exam.

26. Plaintiff requested copies of the exams and test results to determine the cause that resulted in his seven failures.

27. On April 29, 2005, Plaintiffs then attorney Larry Gantt, requested exams and test results on behalf of plaintiff from the American Registry of Radiologic Technologists. His request was denied by ARRT.

28. Mark Raymond of The American Registry of Radiologic Technologists responded to Mr. Gantt's letter. This letter informed the plaintiff that the ARRT does not release previous forms of examinations or allow individuals to review previous forms of examinations.

29. In a letter dated November 2, 2005, Shmuel Klein, counsel of plaintiff, also requested examinations and answer keys used to grade these examinations from the American Registry of Radiologic Technologists. This letter was addressed to Virginia Haselhuhn.

30. Mark Raymond of ARRT responded to Mr. Klein's letter on November 11, 2005 and was sent to Mr. Klein, Mr. Gantt, Ms. Haselhuhn, and Plaintiff. This letter also addressed the ARRT policy in which previous forms of examinations are not released. An excerpt from the letter written by Dr. Raymond: "The ARRT does not release previous forms of an examination because doing so would compromise the security of the test questions…the ARRT reuses test questions.

31. Over the span of seven (7) years, the Plaintiff took the exam seven (7) times. Plaintiff requested copies of his examinations to determine the cause that resulted in his seven failures, particularly after he completed all recommended preparation. The nature of his request was certainly not unreasonable based on the circumstances.

32. On the ARRT website, it is stated that "new items are continuously added to the pool of items - multiple choice questions - called the "item bank," to ensure that exams are up-to-date and that the quality of items is continuously improving.

33. Also on the ARRT website: "For primary examinations (Radiography, Nuclear Medicine Technology, Radiation Therapy), the content specifications are currently revised every five years." It is not unreasonable for the ARRT to release Plaintiff's requested documents that are out-of-date, or more than five-years of age. Additionally, if exams are, in fact, kept "up-to-date," the ARRT should not find any disagreement in sending Plaintiff copies of requested documents.

34. The ARRT informed Plaintiff's counsel and the public with conflicting information. In one instant, the ARRT has stressed the importance of keeping its examinations up-to-date in the content of its multiple-choice questions. In another, the ARRT has professed the importance of saving money and of being "fair" to the test-taker by reusing its questions, year after year.

35. Furthermore, the ARRT develops new examination questions by appointing "item writers who are specifically selected for expertise and to represent various lengths of practical experience."

36. The ARRT has made such emphasis on the development of new examination questions; Plaintiff's request to view older exam materials is not unreasonable.

## COUNT ONE: VIOLATION: FAMILY EDUCATION RIGHTS AND PRIVACY ACT

37. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1-35 as if fully set forth herein.

38. Defendant, New York State Department of Health, Bureau of Environmental Radiation Protection is an Educational Agency pursuant to 20 U.S.C. 1232g(a)(3), 34

CFR § 99.1a(1) and 34 CFR § 99.1a(2) because it operates in conjunction with the New York State Education Department, keeps its test score records with the New York State Education Department, and requires its applicants to have taken and passed the ARRT exam when applying for license. Furthermore, Defendant ARRT should be considered an educational agency because of its requirements of accredited education in order for eligibility to take the exam.

39.   The results of the Examination in Radiography which is administered by ARRT as designated by the Department of Health for the State of New York are education records pursuant to 20 U.S.C. 1232g (a)(4)(A).

40.   Defendant violated the Family Education Rights and Privacy Act ("FERPA") 20 U.S.C. 1232g (a)(1); 34 CFR § 99.10(a) by denying Plaintiff access to his education records.

41.    Defendant violated the Family Education Rights and Privacy Act ("FERPA") 20 U.S.C. 1232g (a)(1); 34 CFR § 99.10(b) by failing to provide Plaintiff with his education records in a time period of no more than forty five (45) days after they received plaintiffs request for records.


## COUNT TWO: DEPRIVATION OF RIGHTS; 42 U.S.C. 1983

42. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1-41 as if fully set forth herein.

43.   Defendants deprived Plaintiff of his statuary right to access his examination records, pursuant to 20 U.S.C. 1232g (a)(1); 34 CFR § 99.10(a).

44. Defendants deprived plaintiff of his statuary rights to access his examination records pursuant to 5 U.S.C. § 552 (d)(1).

45. The deprivation of Plaintiffs rights, refusing to tender him the test results, caused the wasting of years of education, preparation, money and hard work which Plaintiff, given his circumstances, worked very hard to achieve.

## COUNT THREE: VIOLATION OF 5 U.S.C. § 552 OF FREEDOM OF INFORMATION ACT.

46. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1-45 as if fully set forth herein.

47. The Defendant ARRT Violated 5 U.S.C. § 552 (d)(1) by failing to permit Plaintiff access to his "records" after receiving a written "Freedom of Information Act request" from Plaintiff's attorney.

48. The Defendant ARRT Violated 5 U.S.C. § 552 (f)(3)by failing to establish procedures for the disclosure to an individual upon his request of his record or information pertaining to him.

49. The Defendant State of New York Department of Health Violated 5 U.S.C. § 552 (d)(1) by failing to permit Plaintiff access to his "records" after receiving a written "Freedom of Information Act request" from Plaintiff's attorney

50. The Defendant State of New York Department of Health Violated 5 U.S.C. § 552 (f)(3)by failing to establish procedures for the disclosure to an individual upon his request of his record or information pertaining to him.

## COUNT FOUR: VIOLATION OF NEW YORK GENERAL BUSINESS LAW ("GBL") § 340

51. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1-50 as if fully set forth herein.

52. Defendant, State of New York Department of Health, Bureau of Environmental Radiation Protection, is the only licensing agency for the practice of radiologic technology in New York State.

53. Defendant, State of New York Department of Health, Bureau of Environmental Radiation Protection requires their applicants to have passed the American Registry of Radiologic Technologists (ARRT) examination, in order to obtain license to practice radiologic technology in New York State.

54. Plaintiff was unjustly denied his statuary rights by Defendant ARRT. Therefore, Plaintiff was unable to utilize his education, expertise and qualifications he toiled to achieve, with any employer, any legal position whatsoever in New York State since the industry is "Monopolized", Pursuant to New York General Business Law ("GBL") § 340(1), by Defendants State of New York Department of Health, Bureau of Environmental Radiation Protection and AART and their unlawful policies and procedures.

55. During the course of their actions, and/or subsequent thereto, defendants have recklessly and/or intentionally caused severe emotional distress to plaintiff without protection of law and at a time when it knew or should have known that it's actions would do so.

## EMOTIONAL DISTRESS

56. This reckless act by Defendants has caused Plaintiff to suffer emotional distress, pain and suffering, delay in certification and advancement in a career, loss of potential higher

wages, embarrassment, inconvenience, lost economic opportunity, an enormous amount

of financial and emotional distress, and loss of quality of life. Therefore, Defendant is

liable unto plaintiffs for all actual, statutory, exemplary and punitive damages awarded in

this case, as well as other demands and claims asserted herein including, but not limited

to, out-of-pocket expenses, employment denials, costs and time of additional educational

study, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss

of incidental time, lost monetary opportunity, lost career advancement opportunity,

frustration, emotional distress, mental anguish, attorney's fees and court costs, and other

assessments proper by law and any and all other applicable federal and state laws,

together with legal interest thereon from date of judicial demand until paid.

## TRIAL BY JURY

Plaintiff hereby demands a Trial by Jury.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

(a) Judgment rejecting the ARRT policy;

(b) Immediate release of Plaintiff's records to Plaintiff;

(c) Re-evaluation of Plaintiff's scores;

(d) Immediate granting of Radiation Technician License to Plaintiff;

(e) Awarding plaintiff his reasonable attorneys' fees and costs;

(f) Any and all actual, statutory, exemplary and punitive damages proper by law.

Dated: May___, 2007

_____/s/_____
Shmuel Klein, Esq. SK 7212
Law Office of Shmuel Klein, PC
Attorney for Plaintiff
268 West Route 59
Spring Valley, NY  10977
(845) 425-2510