UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------

| | |
|---|---|
| DONALD PAPAY,<br>    Plaintiff,<br>v.<br><br>VIRGINIA HASELHUHN as ASSISTANT EXECUTIVE DIRECTOR, AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS, RICHARD F. DAINES as COMMISSIONER, STATE OF NEW YORK DEPARTMENT OF HEALTH, ADELA SALAME-ALFIE as DIRECTOR, STATE OF NEW YORK DEPARTMENT OF HEALTH - - BUREAU OF ENVIRONMENTAL RADIATION PROTECTION (in his official capacity);<br>    Defendants. | CASE NO. 07-civ-3858<br><br>**AMENDED COMPLAINT** |

---------------------------------------

Plaintiff Donald Papay, alleges as follows:

## INTRODUCTION

1.    This is an action for immediate release of Plaintiff's records to Plaintiff, re-evaluation of Plaintiff's scores, immediate granting of Radiation Technician License to Plaintiff, actual, statutory, exemplary and punitive damages and for violation of 42 U.S.C. 1983 (Deprivation of Rights), 15 U.S.C. § 1, (Federal Anti-trust Laws) violation of the Fifth and Fourteenth Amendments, New York General Business Law ("GBL") § 340 and New York State Freedom of Information Law.

## JURISDICTION AND VENUE

2.    This is an action arising under the Constitution, laws of the United States, the Freedom of Information Act, 5 U.S.C. § 552; Deprivation of rights, 42 U.S.C. 1983; Federal Antitrust Laws, 15 U.S.C. § 1; Denial of due process, violation of the fifth and fourteenth amendments. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331

and 1343(3) § 1984. Defendants are also liable to Plaintiffs pursuant to the laws of the State of New York, New York General Business Law ("GBL") § 340, New York State Freedom of information Law ("FOIL"), which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Donald Papay, a natural person residing in New City, New York, Rockland County.

4. Defendant, Richard F. Daines, Commissioner, employed at New York State Department of Health.

5. Defendant, Adela Salame-Alfie, Director, employed at New York State Department of Health – Bureau of Environmental Radiation Protection.

6. Defendant, Virginia Haselhuhn, as Assistant Executive Director, employed at the American Registry of Radiologic technologists.

7. Defendant, New York State Department of Health (DOH) Bureau of Environmental Radiation Protection is located at 547 River Street, Flanigan Square, Troy, New York 12180.

8. Defendant, the American Registry of Radiologic Technologists (ARRT) located at 1255 Northland Drive, St. Paul, Minnesota 55120.

**ALLEGATIONS OF FACT**

9.      The State of New York Department of Health licenses Radiologists to practice in New York and has assigned the American Registry of Radiologic Technologists (hereinafter ARRT) to administer tests to license Radiologic Technologists in New York State.

10.     The Examination in Radiography is administered by the American Registry of Radiologic Technologists as designated by the Department of Health for the State of New York.

11.     Plaintiff Donald Papay, was assigned ARRT No. 320350 for purpose of the exam.

12.     Plaintiff attended a two-year Radiological program at Harlem Hospital from October 1995 to October 1997 to prepare for a radiography certification exam, the Examination in Radiography.

13.     Plaintiff then sat for the Radiology exam in October of 1997, and was informed that he failed the exam. Plaintiff repeated the exam in March 1998 and October 1998, and failed them both. Pursuant to the AART regulations, he has reached the maximum number of times allowed to sit for the exam and required additional education to be eligible to sit for the exam again.

14.     Plaintiff again attended the program at Harlem Hospital from October 2002 to October 2003 to prepare for the Radiography Certification Exam.

15.     Plaintiff then sat for the exam again in October 2003, November 2003, January 2004 and April 2004. He was informed that he failed each of the exams, by only one or two points.

16. Plaintiff completed seven forms of the Examination in Radiography between October 1997 and April 2004.

17. Plaintiff's initial examination was taken on March 19, 1998; it was not counted by the American Registry of Radiologic Technologists, ARRT.

18. In order to sit for each examination, Plaintiff needed special permission as a result of a prior legal conviction. This legal conviction occurred on November 15, 1987.

19. Plaintiff served three and a half years in a medium security prison for the sale of a controlled substance. This was reported to the ARRT Ethics Committee.

20. In a letter dated November 11, 1997, Linda Black, the Ethics Investigations Coordinator of the ARRT Ethics Committee, informed Plaintiff "that all conditions regarding your [Plaintiff's] alleged violations have been met."

21. Plaintiff achieved an Associates degree while incarcerated to enable himself to make a positive contribution to society.

22. Plaintiff was awarded an early work release program and has been an employee at Columbia Presbyterian Medical Center from January 6, 1992 until present.

23. Plaintiff was told that he failed the exam - by one or two points - every time he took the exam.

24. Plaintiff believes that his test scores where skewed due to the fact that he had a prior criminal history.

25. There are twenty additional key questions on the exam, which, according to Plaintiff's knowledge and belief, should have been taken into consideration when grading Plaintiffs exam.

26. Plaintiff requested copies of the exams and test results to determine the cause that resulted in his seven failures.

27. On April 29, 2005, Plaintiffs then attorney Larry Gantt, requested exams and test results on behalf of plaintiff from the American Registry of Radiologic Technologists. His request was denied by ARRT.

28. Mark Raymond of The American Registry of Radiologic Technologists responded to Mr. Gantt's letter. This letter informed the plaintiff that the ARRT does not release previous forms of examinations or allow individuals to review previous forms of examinations.

29. In a letter dated November 2, 2005, Shmuel Klein, counsel of plaintiff, also requested examinations and answer keys used to grade these examinations from the American Registry of Radiologic Technologists. This letter was addressed to Virginia Haselhuhn.

30. Mark Raymond of ARRT responded to Mr. Klein's letter on November 11, 2005 and was sent to Mr. Klein, Mr. Gantt, Ms. Haselhuhn, and Plaintiff. This letter also addressed the ARRT policy in which previous forms of examinations are not released. An excerpt from the letter written by Dr. Raymond: "The ARRT does not release previous forms of an examination because doing so would compromise the security of the test questions…the ARRT reuses test questions."

31. Over the span of seven (7) years, the Plaintiff took the exam seven (7) times. Plaintiff requested copies of his examinations to determine the cause that resulted in his seven failures, particularly after he completed all recommended preparation. The nature of his request was certainly not unreasonable based on the circumstances.

32. On the ARRT website, it is stated that "new items are continuously added to the pool of items - multiple choice questions - called the "item bank," to ensure that exams are up-to-date and that the quality of items is continuously improving.

33. Also on the ARRT website: "For primary examinations (Radiography, Nuclear Medicine Technology, Radiation Therapy), the content specifications are currently revised every five years." It is not unreasonable for the ARRT to release Plaintiff's requested documents that are out-of-date, or more than five-years of age. Additionally, if exams are, in fact, kept "up-to-date," the ARRT should not find any disagreement in sending Plaintiff copies of requested documents.

34. The ARRT informed Plaintiff's counsel and the public with conflicting information. In one instant, the ARRT has stressed the importance of keeping its examinations up-to-date in the content of its multiple-choice questions. In another, the ARRT has professed the importance of saving money and of being "fair" to the test-taker by reusing its questions, year after year.

35. Furthermore, the ARRT develops new examination questions by appointing "item writers who are specifically selected for expertise and to represent various lengths of practical experience."

36. The ARRT has made such emphasis on the development of new examination questions; Plaintiff's request to view older exam materials is not unreasonable.

COUNT ONE: VIOLATION OF 42 U.S.C. 1983: DENIAL OF DUE PROCESS

37. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1-36 as if fully set forth herein.

38. Acting under the color of law, Defendants worked a denial of Plaintiff's rights and privileges secured by the United States Constitution or by Federal law, to wit:

    a. By depriving Plaintiff of his liberty without due process of law, denying him his rights to see his own test score records. Plaintiff had a right to these records pursuant to the Family Education Rights and Privacy Act (FERPA), and the New York State Freedom of Information Law (FOIL). Defendants ignored Plaintiff's numerous requests to see these records.

    b. By depriving Plaintiff of the opportunity to make a living in his chosen profession, by skewing his test results and denying him a fair hearing or right to prove his claim, depriving Plaintiff of advancement in a career, causing loss of potential higher wages, lost economic opportunity, an enormous amount of financial and emotional distress, and loss of quality of life.

    c. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws.

    d. By refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving plaintiff of his rights and privileges, as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States.

39. As a result of their concerted unlawful denial of Plaintiff's rights, Defendants deprived Plaintiff of both his right to his liberty without due process of law and his right to equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

40. The deprivation of Plaintiffs rights, refusing to tender him the test results, caused the wasting of years of education, preparation, money and hard work, which Plaintiff, given his circumstances, worked very hard to achieve.

## COUNT TWO: VIOLATION OF NEW YORK FREEDOM OF INFORMATION LAW; CHAPTER 47, ARTICLE 6

44. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1-43 as if fully set forth herein.

45. Defendant, New York State Department of Health – Bureau of Environmental Radiation Protection is an "Agency" as defined by the New York State Freedom Of Information Law, Chapter 47, Article 6 §86. 3.

46. The Defendants, New York State Department of Health – Bureau of Environmental Radiation Protection and ARRT violated the New York State Freedom of Information Law, Chapter 47, Article 6 § 87. 2. by failing to permit Plaintiff access to his "records" after receiving a written "Freedom of Information Law request" from Plaintiff's attorney.

47. The Defendant New York State Department of Health – Bureau of Environmental Radiation Protection violated the New York State Freedom of Information Law, Chapter 47, Article 6 § 87. 1.(b) by failing to establish procedures for the disclosure to an individual upon his request of his record or information pertaining to him.

48. Since Defendant, NYSDOH designated all its examination testing and record keeping of the Radiologic Technologies licensing exam to Defendant, ARRT, NYSDOH

has a duty to make sure that its assignee complies with Federal and State laws pertaining to administering the Examination as well as record keeping.

49.     NYSDOH had the ability to retrieve the testing records - administered by ARRT on behalf of NYSDOH - for review and determination whether or not they where properly graded. NYSDOH failed to comply with the FOIL and failed to enforce ARRT's compliance with the FIOL.

### COUNT THREE : VIOLATION OF 15 USC §1

50.     Plaintiff repeats and re-alleges each of the allegations in paragraphs 1-49 as if fully set forth herein.

51.     Defendant NYSDOH violated 15 USC §1 by restraining the License testing to ARRT.

52.     In order to obtain a New York State License to practice Radiologic Technology, any person MUST take and pass the ARRT examination.

53.     Plaintiff was unjustly denied his statuary and constitutional rights by Defendant, ARRT. Plaintiff was unable to utilize his education, expertise and qualifications he toiled to achieve, with any employer, any legal position whatsoever in New York State since the industry is "Monopolized" by Defendants State of New York Department of Health, Bureau of Environmental Radiation Protection and AART and their unlawful policies and procedures.

54.     Plaintiff seeks injunctive relief for violation of 15 USC §1, pursuant to 15 USC §1, §26. Plaintiff seeks to obtain his test records for his review to determine whether the results were skewed because of his prior conviction records.

## COUNT FOUR: VIOLATION OF NEW YORK GENERAL BUSINESS LAW ("GBL") § 340

55. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1-54 as if fully set forth herein.

56. Defendant, State of New York Department of Health, Bureau of Environmental Radiation Protection, is the only licensing agency for the practice of radiologic technology in New York State.

57. Defendant, State of New York Department of Health, Bureau of Environmental Radiation Protection requires their applicants to have passed the American Registry of Radiologic Technologists (ARRT) examination, in order to obtain license to practice radiologic technology in New York State.

58. Plaintiff was unjustly denied his constitutional and statuary rights by Defendant ARRT. Plaintiff was unable to utilize his education, expertise and qualifications he toiled to achieve, with any employer, any legal position whatsoever in New York State since the industry is "Monopolized", Pursuant to New York General Business Law ("GBL") § 340(1), by Defendants State of New York Department of Health, Bureau of Environmental Radiation Protection and AART and their unlawful policies and procedures.

59. During the course of their actions, and/or subsequent thereto, defendants have recklessly and/or intentionally caused severe emotional distress to plaintiff without protection of law and at a time when it knew or should have known that it's actions would do so.

## EMOTIONAL DISTRESS

60. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1-59 as if fully set forth herein.

61. This reckless act by Defendants has caused Plaintiff to suffer emotional distress, pain and suffering, delay in certification and advancement in a career, loss of potential higher wages, embarrassment, inconvenience, lost economic opportunity, an enormous amount of financial and emotional distress, and loss of quality of life. Therefore, Defendant is liable unto plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, employment denials, costs and time of additional educational study, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, lost monetary opportunity, lost career advancement opportunity, frustration, emotional distress, mental anguish, attorney's fees and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## TRIAL BY JURY

Plaintiff hereby demands a Trial by Jury.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

    (a) Judgment rejecting the ARRT policy;

    (b) Immediate release of Plaintiff's records to Plaintiff;

    (c) Re-evaluation of Plaintiff's scores;

    (d) Immediate granting of Radiation Technician License to Plaintiff;

    (e)  Awarding plaintiff his reasonable attorneys' fees and costs;

    (f)  Any and all actual, statutory, exemplary and punitive damages proper by law.

    (g)  Injuctive relief against Defendants as proper by law.

Dated: May___, 2007                                _____/s/_____
                                                      Shmuel Klein, Esq. SK 7212
                                                      Law Office of Shmuel Klein, PC
                                                      Attorney for Plaintiff
                                                      268 West Route 59
                                                      Spring Valley, NY  10977
                                                      (845) 425-2510

Case 7:07-cv-03858-SCR   Document 9   Filed 07/18/2007   Page 12 of 12