UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONALD PAPAY,

                Plaintiff,                          **Case No.:  07 CIV. 3858 (SCR)**

vs.

VIRGINIA HASELHUHN as
ASSISTANT EXECUTIVE DIRECTOR,
AMERICAN REGISTRY OF
RADIOLOGIC TECHNOLOGISTS,
RICHARD F. DAINES as
COMMISSIONER, STATE OF NEW
YORK DEPARTMENT OF HEALTH,
ADELA SALAME-ALFIE as DIRECTOR,
STATE OF NEW YORK DEPARTMENT
OF HEALTH -- BUREAU OF
ENVIRONMENTAL RADIATION
PROTECTION (in his official capacity);

                Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANTS VIRGINIA HASELHUHN AND
THE AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS**

Joshua Colangelo-Bryan
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177-1500
Telephone:  (212) 415-9234
Facsimile:  (212) 953-7201

Shari L. Jerde
DORSEY & WHITNEY LLP
50 South 6th Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone:  (612) 343-8267
Facsimile:  (612) 340-2807

*Attorneys for Virginia Haselhuhn and The American Registry of Radiologic Technologists*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................... 1

STATEMENT OF FACTS ..................................................................................... 1

ARGUMENT .......................................................................................................... 3

    I.    THIS COURT LACKS PERSONAL JURISDICTION OVER
             DEFENDANT HASELHUHN, A MINNESOTA RESIDENT, AND
             THEREFORE ALL CLAIMS AGAINST HER MUST BE
             DISMISSED PURSUANT TO RULE 12(b)(2). ......................................... 3

    II.    ALL OF PLAINTIFF'S CLAIMS AGAINST THE ARRT
             DEFENDANTS ARE SUBJECT TO DISMISSAL PURSUANT TO
             RULE 12(b)(6). .................................................................................... 4

    III.    PLAINTIFF'S CLAIMS UNDER § 1983 SHOULD BE
             DISMISSED. ........................................................................................ 5

            A.    The ARRT Is Not A State Actor. ....................................................... 6

                    1.    Symbiotic Relationship Test. .................................................. 8

                    2.    Public Function Test. ........................................................... 10

                    3.    State Compulsion Test. ....................................................... 11

            B.    Plaintiff Has Not Been Deprived Of Any Right Secured By
                  The Constitution Or Federal Law. .................................................... 12

                      1.    FERPA Does Not Provide Plaintiff With A Private
                          Right of Action Through § 1983. ......................................... 13

                      2.    FOIL Does Not Create A Constitutionally Protected
                            Property Interest In Obtaining Examinations. ....................... 13

                      3.    Plaintiff Does Not Have A Protected Right To "Make
                            A Living In His Chosen Profession." ................................... 14

                      4.    Plaintiff Has Failed To Plead An Equal Protection
                            Violation. .............................................................................. 14

    IV.    DISMISSAL OF PLAINTIFF'S FOIL CLAIM IS PROPER ON
             SEVERAL GROUNDS. ...................................................................... 15

A.   The ARRT Is Not An Agency And Therefore Is Not Subject To FOIL ................................................................................ 15

B.   Even If FOIL Applied To The ARRT – Which It Does Not – Plaintiff's Claim Still Must Fail Because The ARRT's Examinations Are Exempt And Plaintiff's Claim is Improper And Time-Barred. ........................................................................ 17

V.   PLAINTIFF DOES NOT HAVE STANDING TO BRING HIS ANTITRUST CLAIMS ................................................................ 18

CONCLUSION .......................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Am. Mfrs. Mut. Ins. Co. v. Sullivan,
526 U.S. 40, 119 S. Ct. 977 (1999)........................................................................... 6, 7

Assocs. Capital Serv. of New Jersey v. Fairway Private Cars, Inc.,
590 F. Supp. 10 (E.D.N.Y. 1982) ........................................................................ 19, 20

ATSI Commc'ns, Inc. v. The Shaar Fund, Ltd.,
493 F.3d 87 (2d Cir. 2007)......................................................................................... 5

Baker v. Cuomo,
58 F.3d 814 (2d Cir. 1995) vacated on other grounds by Baker v. Pataki, 85
F.3d 919 (2d Cir. 1996)............................................................................................. 15

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
171 F.3d 779 (2d Cir. 1999)....................................................................................... 4

Bd. of Regents v. Roth,
408 U.S. 564, 92 S. Ct. 2701 (1972)................................................................... 12, 14

Bell Atl. Corp. v. Twombly,
--- U.S. ---, 127 S. Ct. 1955 (2007)........................................................................ 4, 5

Billups v. Millet,
1996 WL 99399 (S.D.N.Y. Mar. 6, 1996) ................................................................ 14

Blum v. Yaretsky,
457 U.S. 991, 102 S. Ct. 2777 (1982)................................................................ 6, 7, 11

Bologna v. Allstate Ins. Co.,
138 F. Supp. 2d 310 (E.D.N.Y. 2001) ...................................................................... 19

Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,
531 U.S. 288, 121 S. Ct. 924 (2001)....................................................................... 6, 7

Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,
429 U.S. 477, 97 S. Ct. 690 (1977)..................................................................... 19, 20

Burrows Paper Corp. v. R.G. Eng'g, Inc.,
363 F. Supp. 2d 379 (S.D.N.Y. 2005)........................................................................ 4

Burton v. Wilmington Parking Auth.,
    365 U.S. 715, 81 S. Ct. 856 (1961) ............................................................... 8

Canterbury Belts Ltd. v. Lane Wakler Rudkin, Ltd.,
    869 F.2d 34 (2d Cir. 1989) ........................................................................ 3

Carlucci v. Kalsched,
    78 F. Supp. 2d 246 (S.D.N.Y. 2000) .................................................. 7, 8, 11

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002) ....................................................................... 5

City of New York v. CycoNet,
    383 F. Supp. 2d 526 (S.D.N.Y. 2005) ........................................................ 4

Conely v. Gibson,
    255 U.S. 41, 785 S. Ct. 99 (1957) ............................................................... 5

Consol. Edison Co. of New York, Inc. v. Ins. Dept. of the State of New York,
    140 Misc. 2d 969, 532 N.Y.S.2d 186 (N.Y. Cty. 1988) ............................ 16

Current Textiles Corp. v. Ava Indus.,
    624 F. Supp. 819 (S.D.N.Y. 1985) ............................................................ 4

Curto v. Smith,
    248 F. Supp. 2d 132 (N.D.N.Y. 2003) ................................................. 7, 13

CutCo Indus., Inc. v. Naughton,
    806 F.2d 361 (2d Cir. 1986) ....................................................................... 3

Daniel v. Am. Bd. of Emergency Med.,
    269 F. Supp. 2d 159 (W.D.N.Y. 2003) ..................................................... 20

Dusenbery v. United States,
    534 U.S. 161, 122 S. Ct. 694 (2002) ........................................................ 12

Dwares v. City of New York,
    985 F.2d 94 (2d Cir. 1993) ....................................................................... 12

Ervin v. S. Tier Econ. Dev., Inc.,
    26 A.D.3d 633, 809 N.Y.S.2d 268 (3d Dep't 2006) ................................. 16

Ferrara v. Superintendent, New York State Police,
    26 F. Supp. 2d 410 (N.D.N.Y. 1998) ................................................. 14, 15

Greene v. City of New York,
    196 Misc. 2d 125, 763 N.Y.S.2d 880 (N.Y. County 2003) ........................................ 18

Harlen Assocs., Inc. v. Village of Mineola,
    273 F.3d 494 (2d Cir. 2001)........................................................................................ 14

Horvath v. Westport Library Ass'n,
    362 F.3d 147 (2d Cir. 2004)......................................................................................... 7

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007)......................................................................................... 5

Jackson v. Metro. Edison Co.,
    419 U.S. 345, 95 S. Ct. 449 (1974)........................................................................ 6, 10

Jensen v. Farrell Lines, Inc.,
    625 F.2d 379 (2d Cir. 1980)....................................................................................... 10

Johnson v. Educ. Testing Serv.,
    754 F.2d 20 (1st Cir. 1985) ....................................................................................... 10

Langston v. ACT,
    890 F.2d 380 (11th Cir. 1989) ................................................................................... 10

Lugo v. Scenic Hudson,
    258 A.D.2d 626, 685 N.Y.S.2d 761 (2d Dep't 1999)................................................ 16

Matter of Buffalo News, Inc. v. Buffalo Enter. Dev. Corp.,
    84 N.Y.2d 488, 619 N.Y.S.2d 695, 644 N.E.2d 277 (1994)...................................... 16

McKeesport Hosp. v. Accreditation Council for Grad. Med. Educ.,
    24 F.3d 519 (3d Cir. 1994).................................................................................... 9, 10

Mitchell v. Home,
    377 F. Supp. 2d 361 (S.D.N.Y. 2005)........................................................................ 12

Narumanchi v. Bd. of Trustees of Conn. State Univ.,
    850 F.2d 70 (2d Cir. 1988)......................................................................................... 12

Nat'l Collegiate Athletic Ass'n v. Tarkanian,
    488 U.S. 179, 109 S. Ct. 454 (1988)..................................................................... 6, 7, 9

Neeld v. Nat'l Hockey League,
    439 F. Supp. 446 (W.D.N.Y. 1977) ........................................................................... 19

Neilson v. D'Angelis,
    409 F.3d 100 (2d Cir. 2005)..................................................................... 15

Ontel Prods., Inc. v. Project Strategies, Corp.,
    899 F. Supp. 1144 (S.D.N.Y. 1995).......................................................... 3

Rumore v. Bd. of Educ. of the City Sch. Dist. of Buffalo,
    35 A.D.3d 1178, 826 N.Y.S.2d 545 (4th Dep't 2006)............................... 16

Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.,
    40 F.3d 247 (7th Cir. 1994) ................................................................... 9, 20

Social Serv. Emp. Union, Local 371 v. Cunningham,
    109 Misc. 2d 331, 437 N.Y.S.2d 100 (N.Y. Cty. 1981) ............................. 17

Staudinger v. Educ. Comm'n for Foreign Med. Graduates,
    1993 WL 138954 (S.D.N.Y. Apr. 28, 1993).............................................. 11

Stolow v. Greg Manning Auctions, Inc.,
    258 F. Supp. 2d 236 (S.D.N.Y. 2003)....................................................... 19

Sykes v. James,
    13 F.3d 515 (2d Cir. 1993)........................................................................ 6

Taylor v. Vermont Dep't of Educ.,
    313 F.3d 768 (2d Cir. 2002)..................................................................... 13

Van Steenberg v. Thomas,
    661 N.Y.S.2d 317 (1997).......................................................................... 18

Village of Willowbrook v. Olech,
    528 U.S. 562, 120 S. Ct. 1073 (2000)....................................................... 15

Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council,
    857 F.2d 55 (2d Cir. 1988)....................................................................... 19

Wright v. Cayan,
    817 F.2d 999 (2d Cir. 1987)..................................................................... 14

**STATUTES**

15 U.S.C. § 1 .............................................................................................. 18, 21

20 U.S.C. § 1232g(a) ....................................................................................... 13

42 U.S.C. § 1983 ..................................................................................... passim

N.Y. C.P.L.R. 217(1) (McKinney 2001) ................................................................ 17

N.Y. C.P.L.R. 302(a)(1) (McKinney 2001) ............................................................. 3

N.Y. Pub. Health Law § 3500 <u>et seq.</u> (McKinney 2001) ........................... 1, 8, 20

N.Y. Pub. Off. Law § 86(3) ................................................................................. 16

N.Y. Pub. Off. Law § 87(2) ............................................................... 14, 15, 16, 17

N.Y. Pub. Off. Law § 89(4) ........................................................................... 14, 17

New York Civil Practice Law and Rules § 7804 <u>et seq.</u> .................................... 17

New York's General Business Law § 340(1) (McKinney 2001) ........................ 18, 21

## OTHER AUTHORITIES

Fed. R. Civ. P. 4(c) ............................................................................................... 3

Fed. R. Civ. P. 12(b) ..................................................................................... 1, 2, 4

N.Y. Comp. Codes R. & Regs. tit. 10, § 89.17(f) .................................................. 8

N.Y. Comp. Codes R. & Regs. tit. 10, § 89.18 ..................................................... 8

U.S. Const. Amend. V ......................................................................................... 12

U.S. Const. Amend. XIV ...................................................................................... 12

## INTRODUCTION

In an effort to obtain a license to practice as a radiologic technician from the Department of Health for the State of New York, Plaintiff has attempted seven times to pass the requisite examination. Each time, he has failed that examination. Plaintiff now seeks to turn his personal failure into a federal lawsuit, asserting claims based on federal and state antitrust laws, violation of due process and equal protection under the U.S. Constitution, and violation of New York's Freedom of Information Law ("FOIL"). Each one of Plaintiff's claims fails on multiple independent grounds as a matter of law. Therefore Defendants Virginia Haselhuhn and the American Registry of Radiologic Technologists ("ARRT") (collectively hereinafter "the ARRT Defendants") respectfully request that their Motion to Dismiss be granted.[1]

## STATEMENT OF FACTS[2]

The New York Department of Health ("State"), regulates the practice of radiologic technology and is responsible for issuing licenses to applicants who meet the State's requirements for such licensure. Am. Compl. ¶ 9; N.Y. Pub. Health Law § 3500 et seq. (McKinney 2001). In an effort to obtain a license in radiologic technology from the State, Plaintiff sat for the requisite radiography examination, which is administered by the

---

[1] Plaintiff's claims are confusing, poorly pled, and appear to have been brought in the absence of even a modicum of legal research. Had even a cursory review of the applicable legal standards been undertaken, this suit should have never been filed.

[2] The ARRT Defendants assume the facts as set forth by Plaintiff in the Amended Complaint are true, as they must, for the purposes of this Rule 12 motion only.

1

ARRT, seven times between October 1997 and April 2004.  Am. Compl. ¶¶ 10, 13, 15.
Each time, he failed.  Id.

On April 29, 2005, and again on November 2, 2005, Plaintiff, through counsel,
requested copies of his prior examinations and test results from the ARRT.  Id. ¶¶ 27, 29.
Mark Raymond of the ARRT responded to those letters, denying Plaintiff's request and
informing him the ARRT does not release or allow individuals to review previous forms
of examination, explaining that "doing so would compromise the security of the test
questions . . . [because] the ARRT reuses test questions."  Id. ¶¶ 28, 30.

Nevertheless, Plaintiff now brings this federal lawsuit alleging a myriad of
constitutional and statutory claims against the ARRT, its Assistant Executive Director,
Virginia Haselhuhn, and various State Defendants because he "believes" his test scores
were skewed because of a prior criminal conviction.  Id. ¶ 24.  And based on his
unsupported "belief," Plaintiff now asks this Court to, among other things, "reject[] the
ARRT policy; … release … Plaintiff's records to Plaintiff; Re-evaluat[e] … Plaintiff's
scores; Immediate[ly] grant[ a] Radiation Technician License to Plaintiff," and award
him attorney's fees, costs, damages, and other injunctive relief.  Id. ¶¶ 11-12.  Plaintiff
has failed to identify a single viable legal basis for the relief he now seeks.  Indeed, relief
is simply not available where the alleged harm stems solely from an individual's inability
to pass a test.  Plaintiff's Amended Complaint should therefore be dismissed with
prejudice.

## ARGUMENT

**I.    THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT HASELHUHN, A MINNESOTA RESIDENT, AND THEREFORE ALL CLAIMS AGAINST HER MUST BE DISMISSED PURSUANT TO RULE 12(b)(2).**

New York's jurisdictional statute provides that a court can exercise personal jurisdiction over a non-resident defendant who, either in person or through an agent, "transacts any business within the state."  N.Y. C.P.L.R. 302(a)(1) (McKinney 2001).[3]  A non-resident defendant transacts business in New York when she "purposefully avails [herself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws."  CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986).

Plaintiff has apparently named Virginia Haselhuhn in this litigation either based on her position as Assistant Executive Director of the ARRT, or because his attorney previously directed correspondence to her, to which she did not even respond.  Am. Compl. ¶¶ 6, 29-30.  Neither basis is sufficient to establish personal jurisdiction in New York.  Rather, this Court has made clear it cannot exercise personal jurisdiction over a corporate officer or employee based solely on her position in a defendant corporation. Ontel Prods., Inc. v. Project Strategies, Corp., 899 F. Supp. 1144, 1148–1149 (S.D.N.Y. 1995) (noting that personal jurisdiction over a corporate officer is proper only where the

---

[3]  When an action is in federal district court under federal question jurisdiction, the court applies the law of the state in which it sits to resolve the question of personal jurisdiction. Fed. R. Civ. P. 4(c); Canterbury Belts Ltd. v. Lane Wakler Rudkin, Ltd., 869 F.2d 34, 40 (2d Cir. 1989).  Thus, New York law controls.

officer has personally participated in or exercised decision-making authority over the activities giving rise to the litigation).

Nor is Plaintiff's act of sending a letter to Haselhuhn in Minnesota – a letter to which she did not even respond – sufficient to create personal jurisdiction. Indeed, even if Haselhuhn had responded, that would not be enough for this Court to exercise personal jurisdiction over her. See Burrows Paper Corp. v. R.G. Eng'g, Inc., 363 F. Supp. 2d 379, 386 (S.D.N.Y. 2005); Current Textiles Corp. v. Ava Indus., 624 F. Supp. 819, 821 (S.D.N.Y. 1985).

It is Plaintiff's burden to establish this Court's jurisdiction over Haselhuhn. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999); City of New York v. CycoNet, 383 F. Supp. 2d 526, 540 (S.D.N.Y. 2005). He has failed to meet that burden and all claims against Haselhuhn should therefore be dismissed. See Fed. R. Civ. P. 12(b)(2).[4]

## II.    ALL OF PLAINTIFF'S CLAIMS AGAINST THE ARRT DEFENDANTS ARE SUBJECT TO DISMISSAL PURSUANT TO RULE 12(b)(6).

As the Court is well aware, dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S. Ct.

---

[4] Plaintiff's decision to include Virginia Haselhuhn as a Defendant is confusing as there does not appear to be even a single claim directed against her. Am. Compl. ¶¶ 37-59.

1955, 1974 (2007); Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir. 2007). [5]  "[A] plaintiff's

obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of actions will not do."

Twombly, 127 S. Ct. at 1965 (internal quotation marks omitted).

   And while "a court must accept as true all well-pleaded allegations in the

complaint and draw all reasonable inferences in favor of the plaintiffs," it need not credit

conclusory statements unsupported by factual allegations.  Chambers v. Time Warner,

Inc., 282 F.3d 147, 152 (2d Cir. 2002).  Rather, a plaintiff must provide the grounds

entitling him to relief through factual allegations sufficient "to raise a right to relief above

the speculative level."  Twombly, 127 S. Ct. at 1965; ATSI Communications, Inc., 493

F.3d at 98.  Where, as here, a plaintiff "ha[s] not nudged [his] claims across the line from

conceivable to plausible, [his] complaint must be dismissed."  Twombly, 127 S. Ct. at

1974.

## III.   PLAINTIFF'S CLAIMS UNDER § 1983 SHOULD BE DISMISSED.

   To state a claim under § 1983, Plaintiff "must establish that [he was] deprived of a

right secured by the Constitution or laws of the United States, and that the alleged

---

[5] In Twombly, the United States Supreme Court abandoned the oft-quoted "no set of facts"
standard set forth in Conely v. Gibson, 255 U.S. 41, 785 S. Ct. 99 (1957) abrogated by
Twombly, 127 S. Ct. 1955, replacing it with a "plausibility" standard.  Twombly, 127 S. Ct. at
1974.  The Court of Appeals for the Second Circuit has determined that this standard applies as a
rule of general applicability to motions to dismiss.  ATSI Commc'ns, Inc. v. The Shaar Fund,
Ltd., 493 F.3d 87, 98 n.2 (2d Cir. 2007) (citing Iqbal, 490 F.3d at 157-58).

deprivation was committed under color of state law."[6] Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985 (1999); see also Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). Plaintiff cannot establish either of these elements on the facts alleged in his Amended Complaint.

### A.    The ARRT Is Not A State Actor.

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"  Sullivan, 526 U.S. at 50, 119 S. Ct. at 985 (quoting Blum v. Yaretsky, 457 U.S. 991, 1002, 102 S. Ct. 2777, 2785 (1982)); see also Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 461 (1988).  Where the alleged violation arises as a result of private conduct, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may fairly be treated as that of the State itself.'"  Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295, 121 S. Ct. 924, 930 (2001) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 435 (1974)).  The appropriate analysis of the issue

---

[6]  Section 1983 states in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

begins "by identifying 'the specific conduct of which the plaintiff complains.'"  Sullivan,

526 U.S. at 51, 119 S. Ct. at 985 (quoting Blum, 457 U.S. at 1004, 109 S. Ct. at 2786).

Plaintiff here appears to allege that his rights were violated when he was denied

access to his "test score records" and when his test results were purportedly "skew[ed]."

See Am. Compl. ¶¶ 38-40.  Thus, the relevant inquiry is whether the State was

sufficiently involved either in the ARRT's grading of Plaintiff's past examinations, or the

ARRT's decision to deny Plaintiff access to his past examinations and answer keys, in

order to treat that conduct as state action.  See Tarkanian, 488 U.S. at 192, 109 S. Ct. at

462.

"[T]here is no single test to identify state actions and state actors"; rather, courts

apply several different approaches to answer this query.  See Horvath v. Westport Library

Ass'n, 362 F.3d 147, 151 (2d Cir. 2004) (quoting Brentwood, 531 U.S. at 294, 121 S. Ct.

at 929); Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308, 313 (2d Cir. 2003).  The

three most common tests are the symbiotic relationship test, the public function test, and

the state compulsion test.[7]  See Carlucci v. Kalsched, 78 F. Supp. 2d 246, 251-252

---

[7] The Supreme Court has recently applied an additional "entwinement" test, which asks
whether the private character of an entity "is overborne by the pervasive entwinement of
public institutions and public officials in its composition and workings [such that] there is
no substantial reason to claim unfairness in applying constitutional standards to it."
Brentwood, 531 U.S. at 298, 121 S. Ct. at 932.  Plaintiff has alleged no facts indicating
"entwinement" between the ARRT and the State that would support a finding of state
action on the part of the ARRT under this test.  See, e.g., Curto v. Smith, 248 F. Supp. 2d
132, 137-140 (N.D.N.Y. 2003) (plaintiff, who was expelled from veterinary college after
twice failing the required first year exam, could not state a § 1983 claim because the
college was not "entwined" with the state, and thus not a state actor, with respect to the
conduct of which he complained).

(S.D.N.Y. 2000) (discussing and applying all three tests).  Analysis under each makes

clear that the ARRT cannot be considered a state actor in this matter.

> 1.    Symbiotic Relationship Test.

State action may be found under the "symbiotic relationship" test where "the State

has so far insinuated itself into a position of interdependence with [the defendant] . . . that

it must be recognized as a joint participant in the challenged activity."  Carlucci, 78 F.

Supp. 2d at 252 (quoting Burton v. Wilmington Parking Auth., 365 U.S. 715, 725, 81 S.

Ct. 856, 862 (1961)).

Plaintiff here has failed to allege any facts establishing a "symbiotic relationship"

between the State and the ARRT relating to the ARRT's grading of his past

examinations, or its decision to deny him access to past examinations and answer keys.

Rather, the only "relationship" Plaintiff has alleged between the ARRT and the State is a

contractual one whereby the State has assigned to the ARRT the task of administering the

radiography examination.  Am. Compl. ¶¶ 9-10;  see also N.Y. Pub. Health Law § 3505

(McKinney 2001); N.Y. Comp. Codes R. & Regs. tit. 10, § 89.18.

However, as State law makes clear – and as Plaintiff concedes – it is the State that

is responsible for licensing radiologic technologists to practice in New York.  Am.

Compl. ¶ 9; N.Y. Pub. Health Law § 3500 et seq.  Pursuant to that obligation, it is the

State that is responsible for determining whether the examination administered by the

ARRT is an appropriate testing measure for state licensure, for setting the pass/fail score

for that examination, and for communicating licensing decisions to applicants.  N.Y.

Comp. Codes R. & Regs. tit. 10, § 89.17(f).

The State's decision to rely on the ARRT's examination as one of several factors to determine whether an applicant is qualified to practice as a radiologic technologist is insufficient to establish a symbiotic relationship with respect to the conduct complained of here.  As the Supreme Court has made clear, the fact that a public entity takes some action based on the recommendation of a private entity does not convert the private entity into a state actor.  See Tarkanian, 488 U.S. at 193-96, 109 S. Ct. at 462-64.

 In Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247 (7th Cir. 1994), the court confronted similar claims.  There, the plaintiffs became ineligible for Board certification after failing oral examinations administered by specialists under the defendant-Board's regulations.  Id. at 248.  Plaintiffs brought suit alleging, among other things, that the Board's practices violated the Due Process Clause.  Id. at 249.  Affirming dismissal of the plaintiffs' claims, the court made clear the Board was not a state actor.  Like the ARRT, the Board "does not issue licenses to practice; it simply certifies achievement of a standard of excellence.  It does not wield any state power and therefore need not use the procedures the due process clause requires of the government."  Id. at 250.  Moreover,

> [i]f the Board's certification processes are unreliable, that may be a reason why the state should not depend on them; public beliefs that they *are* reliable (and consequent willingness to rely) do not bestow governmental power on the Board.  State and local governments are responsible for their own decisions, and persons aggrieved by those decisions must complain against their authors (the states themselves) rather than against the Board.

Id.; see also McKeesport Hosp. v. Accreditation Council for Grad. Med. Educ., 24 F.3d 519, 524-25 (3d Cir. 1994) (rejecting the notion that the state's reliance on an accrediting

body's decisions turned the accrediting body into a state actor; "the [entity] is self-governed and financed, and its standards are independently set; the state . . . simply recognizes and relies upon its expertise …. [U]nder the [applicable statute], the state Board remains ultimately responsible for approving medical training facilities….").

Plaintiff has not alleged facts demonstrating a "symbiotic relationship" between the State and the ARRT with respect to the conduct complained of here – the ARRT's grading of Plaintiff's past examinations and the ARRT's denial of Plaintiff's request for his past examinations and answer keys. Moreover, the State's willingness to rely on the ARRT's expertise in developing and administering these examinations is insufficient to turn the ARRT into a state actor with respect to that conduct. The ARRT therefore cannot be found to be a state actor under this test.

> 2.    Public Function Test.

The public function test requires that the private entity exercise powers which are "traditionally exclusively reserved to the State." Jensen v. Farrell Lines, Inc., 625 F.2d 379, 384 (2d Cir. 1980) (quoting Jackson, 419 U.S. at 352, 95 S. Ct. at 454). Administering examinations in the field of radiologic technology is certainly not a power that has traditionally been exclusively reserved to the state. See, e.g., McKeesport Hosp., 24 F.3d at 525 (evaluation and accreditation of medical education is not a traditional or exclusive state function); Langston v. ACT, 890 F.2d 380, 384-85 (11th Cir. 1989); (administering college entrance examination does not make organization state actor); Johnson v. Educ. Testing Serv., 754 F.2d 20, 25 (1st Cir. 1985) ("formulation, grading, and reporting" of standardized tests does not constitute "exclusive public function");

Staudinger v. Educ. Comm'n for Foreign Med. Graduates, 1993 WL 138954, at *4-5 (S.D.N.Y. Apr. 28, 1993) (testing and certifying foreign medical school graduates for practice of medicine not exclusive state function).  The ARRT therefore cannot be found to be a state actor under this test.

3.    State Compulsion Test.

The "state compulsion test" requires that a state "exercises coercive power or . . . provides such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state."  Carlucci, 78 F. Supp. 2d at 252 (quoting Blum, 457 U.S. at 1004, 102 S. Ct. at 2786).  Plaintiff has alleged no facts to suggest the State played any role in the ARRT's scoring of Plaintiff's past examinations or with respect to its decision to deny Plaintiff access to his past examinations and answer keys.  The ARRT's decisions are fairly characterized as "judgment[s] made by private parties according to professional standards that are not established by the State."  See Blum, 457 U.S. at 1008, 102 S. Ct. at 2788.  Plaintiff therefore cannot establish that the ARRT is a state actor under this test either.

Plaintiff has not alleged facts demonstrating that the ARRT is a state actor with respect to its grading of his past examinations or its decision to deny Plaintiff access to past examinations and answer keys under any applicable test.  His § 1983 claims should therefore be dismissed.

**B.      Plaintiff Has Not Been Deprived Of Any Right Secured By The Constitution Or Federal Law.**

Even if the ARRT were a state actor – which it is not – Plaintiff has failed to allege facts sufficient to support a claim that the Defendants' conduct "deprived [him] of a right, privilege, or immunity secured by the Constitution or laws of the United States." Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993).  Rather, Plaintiff baldly asserts the Defendants violated his right to "see his own test records" and deprived him of "the opportunity to make a living in his chosen profession," in violation of the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments.[8]  Am. Compl. ¶¶ 37-40.  Plaintiff asserts no legally protected interests.

The Due Process clause of the Fourteenth Amendment protects against deprivations of life, liberty, and property without due process of law.  U.S. Const. Amend. XIV.  A due process claim requires a two-step inquiry.  The threshold issue is always "whether the plaintiff has a [protected] property or liberty interest."  Narumanchi v. Bd. of Trustees of Conn. State Univ., 850 F.2d 70, 72 (2d Cir. 1988).  "If a protected interest is identified, a court must then consider whether the government deprived the plaintiff of that interest without due process."  Id.  Such interests are not created by the Constitution, but rather "stem from an independent source such as state law.  Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972).  Plaintiff cites the

---

[8] Plaintiff's reliance on the Fifth Amendment for his due process claims is improper as the Fifth Amendment only protects citizens from due process violations by federal government actors.  U.S. Const. Amend. V; Dusenbery v. United States, 534 U.S. 161, 167, 122 S. Ct. 694, 699 (2002); Mitchell v. Home, 377 F. Supp. 2d 361, 372-73 (S.D.N.Y. 2005).

Family Education Rights and Privacy Act ("FERPA") and FOIL, as the source of his

alleged property right.  Am. Compl. ¶ 38.  However, Plaintiff's claim fails under both

statutes.

      1.    <u>FERPA Does Not Provide Plaintiff With A Private Right of Action Through § 1983.</u>

    Plaintiff claims he has a right to obtain the ARRT's examinations and answer keys

through a § 1983 claim pursuant to FERPA.  <u>Id.</u>  The record-access provision of FERPA

prohibits the federal funding of an educational agency or institution which has "a policy

of denying, or which effectively prevents" a student's access to his educational records.

20 U.S.C. § 1232g(a).  FERPA on its face does not apply to the ARRT,[9] but even if it did

the Second Circuit has made clear that "FERPA's records-access provisions,

§ 1232(g)(a)(1), do not create a personal right enforceable under § 1983…."  <u>Taylor v.

Vermont Dep't of Educ.</u>, 313 F.3d 768, 786 (2d Cir. 2002); <u>see also</u> <u>Curto v. Smith</u>, 248

F. Supp. 2d 132, 140-41 (N.D.N.Y. 2003) ("FERPA is not enforceable through private

lawsuits, either directly under the statute or via § 1983.").

      2.    <u>FOIL Does Not Create A Constitutionally Protected Property Interest In Obtaining Examinations.</u>

    Plaintiff also claims he has a due process right to obtain the ARRT's examinations

and answer keys through a § 1983 claim pursuant to FOIL.  Am. Compl. ¶ 38.  Plaintiff,

however, cannot enforce a § 1983 claim through FOIL either.  FOIL does not create any

---

[9]  Indeed, the plain language of the statute makes clear it does not apply.  The ARRT is not "an educational agency or institution," Plaintiff is not a "student," and the ARRT's examinations and answer keys are not "education records."  <u>See</u> 20 U.S.C. §§ 1232g(a)(3); 1232g(a)(4)(A); 1232g(a)(6).

property interest because "[t]he statute does not require that documents be produced as of right, but only after request and investigation." Billups v. Millet, 1996 WL 99399, at *4 (S.D.N.Y. Mar. 6, 1996). Moreover, as discussed more fully *infra* at IV.B, examinations fall under one of FOIL's eight specific exemptions. N.Y. Pub. Off. Law § 87(2)(h). There is no entitlement to records that fall under one of FOIL's statutory exemptions. Ferrara v. Superintendent, New York State Police, 26 F. Supp. 2d 410, 414 (N.D.N.Y. 1998); Billups, 1996 WL 99399, at *4. Finally, "[a] Due Process claim based on FOIL denial would also fail the second requirement of such a claim, the absence of due process" because adequate process is available to challenge an improper denial through an Article 78 proceeding. Ferrara, 26 F. Supp. 2d at 414 n.3 (citing N.Y. Pub. Off. Law § 89(4)(b)).

> 3. Plaintiff Does Not Have A Protected Right To "Make A Living In His Chosen Profession."

Simply put, there is no law that confers a right to the "opportunity to make a living in [one's] chosen profession." Am. Compl. ¶ 38. See, e.g., Wright v. Cayan, 817 F.2d 999, 1005 (2d Cir. 1987) (no protected property interest in at-will employment); Roth, 408 U.S. at 569, 92 S. Ct. at 2705 (same).

> 4. Plaintiff Has Failed To Plead An Equal Protection Violation.

While Plaintiff claims that he has been denied "equal protection of the laws," he pleads no facts to substantiate this claim. See Am. Compl. ¶¶ 24, 31. "The Equal Protection Clause requires that the government treat all similarly situated people alike." Harlen Assocs., Inc. v. Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). To

establish an Equal Protection claim, plaintiff must allege either discrimination based on membership in a protected class, or that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000) (per curiam)).

Here, Plaintiff points only to the fact that he has a criminal history and that he has failed the radiologic technologist examination seven times. Am. Compl. ¶¶ 24, 31. However, felons are not a protected class for purposes of Equal Protection. Baker v. Cuomo, 58 F.3d 814, 820-22 (2d Cir. 1995) vacated on other grounds by Baker v. Pataki, 85 F.3d 919 (2d Cir. 1996) (en banc). And plaintiff has failed to identify other similarly situated applicants who were treated differently by the ARRT. See Ferrara, 26 F. Supp. 2d at 415. Plaintiff has thus failed to plead allegations sufficient to support an Equal Protection Claim.

Plaintiff has not been deprived of any right secured by the Constitution or federal law; therefore, the ARRT is entitled to have Plaintiff's § 1983 claims dismissed on this basis as well.

## IV.    DISMISSAL OF PLAINTIFF'S FOIL CLAIM IS PROPER ON SEVERAL GROUNDS.

### A.    The ARRT Is Not An Agency And Therefore Is Not Subject To FOIL.

By its plain language, FOIL governs the disclosure of "agency" records, and the statute therefore does not generally apply to the records of private entities such as the ARRT. Under FOIL § 87(2) "each agency shall . . . make available for public inspection

and copying all records" except those falling within one of the Act's delineated

exemptions.  N.Y. Pub. Off. Law § 87(2).  The statute defines agency as "any state or

municipal department, board, bureau, division, commission, committee, public authority,

public corporation, council, office or other governmental entity performing a

governmental or proprietary function for the state . . . except the judiciary or the state

legislature."  N.Y. Pub. Off. Law § 86(3).  The term "agency" under FOIL must be given

"its most natural and most obvious meaning."  Matter of Buffalo News, Inc. v. Buffalo

Enter. Dev. Corp., 84 N.Y.2d 488, 492, 619 N.Y.S.2d 695, 697, 644 N.E.2d 277, 279

(1994) (internal quotation marks omitted).

Courts consider several factors when determining an entity's "agency" status:

whether the entity is performing a governmental function, the presence of substantial

governmental control over its day to day operation, the nature of the government's

financial involvement with the entity, and the status of the entity's employees.  Consol.

Edison Co. of New York, Inc. v. Ins. Dept. of the State of New York, 140 Misc. 2d 969,

974, 532 N.Y.S.2d 186, 189 (N.Y. Cty. 1988) (citations omitted); see also Rumore v. Bd.

of Educ. of the City Sch. Dist. of Buffalo, 35 A.D.3d 1178, 1180, 826 N.Y.S.2d 545, 546

(4th Dep't 2006);  Ervin v. S. Tier Econ. Dev., Inc., 26 A.D.3d 633, 635, 809 N.Y.S.2d

268, 270 (3d Dep't  2006); Lugo v. Scenic Hudson, 258 A.D.2d 626, 627, 685 N.Y.S.2d

761, 763 (2d Dep't 1999).

Plaintiff here has not alleged any facts demonstrating that the ARRT, a private,

nonprofit organization, falls within FOIL's definition of agency as construed by the

courts of this state, and therefore Plaintiff's FOIL claim against the ARRT must be dismissed.

> **B.    Even If FOIL Applied To The ARRT – Which It Does Not – Plaintiff's Claim Still Must Fail Because The ARRT's Examinations Are Exempt And Plaintiff's Claim is Improper And Time-Barred.**

FOIL sets forth a number of exemptions to its records-access provision.  N.Y. Pub. Off. Law § 87(2).  Examinations fall under one such exemption.  "An agency may deny access to records or portions thereof that . . . are examination questions or answers which are requested prior to the final administration of such questions."  Id. at § 87(2)(h). When examination questions or answers are intended to be reused, they are not "finally administered" for purposes of FOIL access.  See, e.g., Social Serv. Emp. Union, Local 371 v. Cunningham, 109 Misc. 2d 331, 437 N.Y.S.2d 100 (N.Y. Cty. 1981).  The ARRT reuses its examinations.  Am. Compl. ¶ 30.  Plaintiff is therefore not entitled to access them under FOIL.

Even if the examinations were not exempt, Plaintiff's attempt to obtain his past examinations and answer keys through this federal lawsuit is procedurally improper and time-barred.  Indeed, the proper procedure for a person who believes he was wrongly denied records in violation of FOIL is to appeal in writing to the designated agency head within thirty days of such denial.  N.Y. Pub. Off. Law § 89(4)(a).  If that appeal is denied, the person's remedy is to bring an Article 78 proceeding pursuant to New York Civil Practice Law and Rules § 7804 et seq.  N.Y. Pub. Off. Law § 89(4)(b).

Not only did Plaintiff fail to comply with these procedural prerequisites, he failed to bring his claim within the applicable four-month statute of limitations.  N.Y. C.P.L.R.

217(1); <u>Van Steenberg v. Thomas</u>, 661 N.Y.S.2d 317, 317 (1997).  Plaintiff first

requested his past examinations on April 29, 2005.  Am. Compl. ¶ 27.  He made a second

request for the same information on November 2, 2005.  <u>Id.</u> ¶ 29.  And while duplicative

requests for information do not toll the statute of limitations, <u>Greene v. City of New</u>

<u>York</u>, 196 Misc. 2d 125, 130, 763 N.Y.S.2d 880, 885 (N.Y. County 2003), construing the

facts in Plaintiff's favor, the latest possible date the statute of limitations began to run

was November 11, 2005, the date the ARRT denied his second request for examinations

and answer keys.  Am. Compl. ¶ 30.  Plaintiff did not file his Complaint until May 17,

2007, well beyond the four-month statutory period.  His FOIL claim should therefore be

dismissed on this basis as well.

## V.    PLAINTIFF DOES NOT HAVE STANDING TO BRING HIS ANTITRUST CLAIMS.

New York's General Business Law, § 340(1), also known as the Donnelly Act,

provides that "any contract, agreement, or plan whereby competition in the conduct of

any business or trade in [New York] may be restrained is against public policy, illegal

and void."  N.Y. Gen. Bus. Law § 340(1) (McKinney 2004).  The Donnelly Act's federal

counterpart is the Sherman Act, which provides:  "Every contract . . . in restraint of trade

or commerce among the several States . . . is declared to be illegal."  15 U.S.C. § 1

(2004).  Both statutes were enacted to protect competition and redress the anticompetitive

effects of a variety of unlawful business practices.  However, "they are not general

prohibitions of all types of activity which may result in economic harm to any

individual." Assocs. Capital Serv. of New Jersey v. Fairway Private Cars, Inc., 590 F.

Supp. 10, 13 (E.D.N.Y. 1982).

To obtain standing under the antitrust laws, a plaintiff must demonstrate more than

a mere "injury in fact." He must show (1) that he has suffered an "antitrust injury," and

(2) that he is otherwise a proper plaintiff to bring the action at issue. Volvo N. Am. Corp.

v. Men's Int'l Prof'l Tennis Council, 857 F.2d 55, 66 (2d Cir. 1988); see also Neeld v.

Nat'l Hockey League, 439 F. Supp. 446, 455 (W.D.N.Y. 1977) (standing under federal

and state antitrust laws can be analyzed simultaneously); and compare Bologna v.

Allstate Ins. Co., 138 F. Supp. 2d 310, 319-21 (E.D.N.Y. 2001) (no standing), with

Stolow v. Greg Manning Auctions, Inc., 258 F. Supp. 2d 236, 243-44 (S.D.N.Y. 2003)

(standing). The Supreme Court has defined "antitrust injury" as "injury of the type that

the antitrust laws were intended to prevent and that flows from that which makes the

defendants' acts unlawful. The injury must reflect [the] . . . anticompetitive acts made

possible by the violation." Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477,

489, 97 S. Ct. 690, 697 (1977).

Plaintiff does not have standing to bring either a Sherman or Donnelly Act claim

because he has not alleged an antitrust injury. Plaintiff alleges he failed to pass an

examination in radiologic technology and thus failed to obtain a license to practice as a

radiologic technologist in New York. Am. Compl. ¶ 52. He claims his inability to

become a licensed radiologic technician caused him "delay in certification and

advancement in a career, loss of potential higher wages, [and] lost economic

opportunity." Id. ¶ 61.

However, a plaintiff who brings suit based on his desire to obtain a credential in order to increase his income or earning potential may not invoke the antitrust laws.  See Sanjuan, 40 F.3d at 251-52 (psychiatrists who failed portion of defendant's board certification exam lacked antitrust standing where damages sought allegedly resulted from inability to charge higher fees without such certification; "the claim that a practice reduces (particular) producers' incomes has nothing to do with the antitrust laws, which are designed to drive producers' prices down rather than up"); Daniel v. Am. Bd. of Emergency Med., 269 F. Supp. 2d 159, 177 (W.D.N.Y. 2003) (plaintiffs' requested relief in obtaining certification for purpose of obtaining higher salaries is "not recognized as a permissible objective under the antitrust laws, and, as such, Plaintiffs lack standing").  Plaintiff's antitrust claims should therefore be dismissed for lack of standing.[10]

Moreover, as State law makes clear, the purpose of the State's licensure regulations are to ensure that the people of New York "are protected against the harmful effects of excessive and improper exposure to ionizing radiation and from inadequately performed diagnostic tests and radiation therapy treatments."  N.Y. Pub. Health § 3500.

---

[10]  Plaintiff is also unable to sustain a claim under the antitrust statute because he has failed to allege any non-competitive effect that the Defendants' acts had on the relevant market.  See Brunswick, 429 U.S. at 489, 97 S. Ct. at 697.  Aside from his own personal failure to pass the exam, Plaintiff has not pleaded any fact which might show how the State's reliance on the ARRT's examinations has lessened competition in the radiological market in New York.  See Fairway Private Cars, 590 F. Supp. at 13 ("[Plaintiff] is undoubtedly unhappy with the defendant's alleged acts in this case, but it must show something more than simply an adverse effect on its own business to sustain this claim under the antitrust laws.").  For this reason, Plaintiff would not be an "efficient enforcer of the antitrust laws," thus failing the second prong of the standing inquiry as well.  See Daniel, 269 F. Supp. at 185.

Such protection is best accomplished by requiring adequate training, experience, and the successful passing of an examination in radiography.  Id.  The State's requirement for radiologic technician applicants to pass the examination in radiography is for the health and safety of the people of the State.  Id.  It is in no way meant for the "restraint of trade or commerce;" thus, it is simply not the sort of activity the antitrust laws were designed to prevent.  See N.Y. Gen. Bus. Law § 340(1); 15 U.S.C. § 1.

### **CONCLUSION**

While Plaintiff may be disappointed and frustrated by his inability to pass the examination in radiography, such personal failure does not give rise to a cause of action under state or federal law.  Plaintiff simply has no right, under any law, to pass this examination.  Nor does any law entitle him to access the ARRT's examinations and answer keys, or to any of the other relief he now seeks.  The interests of justice are best served by an early dismissal of this action; thus, the ARRT Defendants respectfully request that their motion to dismiss be granted.

Dated:  October 31, 2007          DORSEY & WHITNEY LLP

By:  **s/ Joshua Colangelo-Bryan**
     Joshua Colangelo-Bryan
250 Park Avenue
New York, NY 10177-1500
Telephone:  (212) 415-9234
Facsimile:  (212) 953-7201

Shari L. Jerde
DORSEY & WHITNEY LLP
50 South 6th Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone:  (612) 343-8267
Facsimile:  (612) 340-2807

*Attorneys for Virginia Haselhuhn and*
*American Registry of Radiologic Technologists*