# EXHIBIT B



Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 99399 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.)

Page 1

**H**
Billups v. Millet
S.D.N.Y.,1996.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Billy BILLUPS, Plaintiff,
v.
Eileen D. MILLET, Assistant Deputy Commissioner of the New York City Police Department; John G. Sultana, Sergeant, Records Access Officer for the New York City Police Department, Louis J. Capasso, Sergeant, Records Access Officer for the New York City Police Department, Lee Brown, Commissioner of the New York City Police Department, in their individual and official capacities; and the City of New York, Defendants.
**No. 91 Civ. 6326 (DAB).**

March 6, 1996.

BATTS, District Judge.
*1 Billy Billups, ("Plaintiff") appearing *pro se,* brings this civil rights action pursuant to 42 U.S.C. § § 1981, 1983, 1985(2),(3), 1986 and 1988. The Plaintiff claims that Defendants, Eileen D. Millet ("Millet"), John G. Sultana ("Sultana"), Louis J. Capasso ("Capasso"), Lee Brown ("Brown") and the City of New York, refused to comply with an Order of The Honorable Walter M. Schackman of the Supreme Court of New York, New York County, directing the production of documents, to Plaintiff, pursuant to the New York Public Officer's Law, § § 84*et seq.,* also known as the New York State Freedom of Information Law or "FOIL," thereby violating his civil rights. Furthermore, Plaintiff claims that the Defendants conspired with each other to deprive him and other african-american prisoners of their FOIL rights, thereby violating their constitutional rights. Defendants move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). For the following reasons the Defendants' motion is granted.

I. BACKGROUND

Plaintiff's Complaint and Supplemental Complaint[FN1] drip with his dissatisfaction of the speed of the legal system and the NYPD. Plaintiff requested, pursuant to FOIL,[FN2] by letter dated October 23, 1989, a number of documents from Defendant Sultana, a Records Access Officer of the New York City Police Department. The documents pertained to Plaintiff's previous arrest and conviction (Pl.'s Compl. ¶ 8), of a crime that occurred in 1978.*Billups v. Kelly,* No. 44290/92 (N.Y. Sup. Ct. Sept. 30, 1993) (Edelman Dec. Ex. 1.) Plaintiff received no response within the specified time period [FN3] required by statute. In an appeal, dated November 13, 1989, to Defendant Millet, Assistant Deputy Commissioner for the New York City Police Department, Plaintiff claimed that no response to a FOIL request constitutes "constructive denial" of access. (Pl.'s Compl. ¶ 9.) Plaintiff received no response to the appeal from either Sultana or Millet. (Pl.'s Compl. ¶ 10.)

On December 12, 1989, Plaintiff filed an Article 78 petition in New York State Supreme Court. On March 2, 1990, Plaintiff filed an Order to Show Cause. Both were assigned to the Honorable Walter M. Schackman, Justice of the State Supreme Court, New York County. (Pl.'s Compl. ¶ 11.) A hearing on the Order to Show Cause was scheduled for May 2, 1990. (Pl.'s Compl. ¶ 12.) Judge Schackman adjourned the proceeding until June 14, 1990. (Pl.'s Compl. ¶ 14.) Plaintiff did not oppose the adjournment. (*Id.*)

On January 29, 1991, Judge Schackman, directed Defendants to provide the requested documents within 20 days of receipt of the order.[FN4](Pl.'s Compl. ¶ 20.) Defendants were served with the order on February 6, 1991. (Pl.'s Compl. ¶ 21.)

Thereafter, Plaintiff advised the Head Corporation Counsel by letter dated March 11, 1991, that Defendants' failure to comply with the January 29th Order within 5 business days would compel Plaintiff to file a Contempt of Court motion. (Pl.'s Compl. ¶ 22.) On March 14, 1991, Plaintiff received some of the documents requested. (Pl.'s Compl. ¶ 23.) Many of the documents received were illegible and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.    Page 2
Not Reported in F.Supp., 1996 WL 99399 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

incomplete. (Pl.'s Compl. ¶ 23.) Plaintiff advised Judge Schackman of the documents' condition by letter dated March 18, 1991, and submitted copies of the documents to Judge Schackman for his review. Plaintiff requested that complete and clear documents be provided. Plaintiff also informed Greenfield of the documents' condition by letter dated March 18, 1991. (Pl.'s Compl. ¶ 25.) Plaintiff requested that Greenfield fully comply with the January 29th Order within 5 business days or Plaintiff would file a Contempt of Court Motion. (Pl.'s Compl. ¶ 25.)

**\*2** On March 27, 1991, Plaintiff sent Greenfield a Demand for Compliance with Judgment and again requested compliance within 5 business days. (Pl.'s Compl. ¶ 26.) On or about April 1, 1991, Plaintiff received a letter from Greenfield dated March 26, 1991, in response to Plaintiff's March 18, 1991 letter. Greenfield informed Plaintiff that she intended to re-copy illegible documents and requested a list from Plaintiff of any unproduced documents. (Pl.'s Compl. ¶ 27.) By letter dated April 1, 1991, Plaintiff informed Greenfield that their correspondence had crossed in the mail. Plaintiff specified the condition of the documents he received, reminded Greenfield that Plaintiff's initial FOIL request contained a complete listing of documents requested, and again requested Greenfield to comply with Judge Schackman's Order or face a Contempt of Court Motion. (Pl.'s Compl. ¶ 28.)

On April 11, 1991, Plaintiff submitted to Judge Schackman an "Order to Show Cause for Contempt of Court" against Millet and Greenfield. (Pl.'s Compl. ¶ 29.)[FN5] On June 24, 1991, Plaintiff received a response from Judge Schackman which indicated 1) the *Vaughn* index request of January 14, 1991, was unknown to Corporation Counsel and upon their response Plaintiff would have an opportunity to reply; 2) the Demand for Compliance with Judgment of March 27, 1991, had been answered by Greenfield on May 13, 1991, and was under judicial consideration; 3) the Order to Show Cause dated April 11, 1991, could not be located and would have to be resubmitted. (Pl.'s Compl. ¶ 37.) Plaintiff responded by letter, dated June 27, 1991, in which he requested a complete docket history, advised the court that Greenfield had been properly served with the *Vaughn* index motion, and that Greenfield had failed to serve Plaintiff with Defendants' May 13, 1991 response. (Pl.'s Compl. ¶ 38.)

On October 22, 1991, Judge Schackman denied Plaintiff's contempt motion and clarified his previous Order by 1) stating that certain personnel documents need not be produced, 2) directing Millet to attend a further hearing to provide additional documentation at which time Judge Schackman would determine if documents were withheld intentionally, and 3) directing Millet to provide an affidavit from a police records administrator detailing and explaining why records had or had not been produced. *Billups v. Millet,* 91 Civ. 6326(CSH), 1992 WL 309858, at \*3 (S.D.N.Y. Oct. 14, 1992).

By letters dated April 1, and April 6, 1992, Plaintiff requested a second and third set of FOIL documents. These requests asked for different documents than in Plaintiff's initial FOIL request. (Supp. Compl. ¶ 7.) A Records Access Officer for the New York City Police Department, Defendant Capasso, responded by letter dated April 6, 1992, requesting Plaintiff's date of arrest, date of birth, and NYSID number (if known). Capasso also informed Plaintiff that he could not estimate a date of determination for the request until said information was submitted. (Supp. Compl. ¶ 8.) By letter dated April 13, 1992, Plaintiff provided all information requested, except for the NYSID number, which he did not know. (Supp. Compl. ¶ 9.) Plaintiff filed an appeal to Defendant Brown on May 7, 1992, contending that lack of response within the statutory time limits was a constructive denial of the requests. (Supp. Compl. ¶ 10.) On June 18, 1992, Plaintiff initiated an Article 78 proceeding based on the second and third set of FOIL requests. (Supp. Compl. ¶ 12.)

**\*3** Also on June 18, 1992, Judge Schackman held a hearing with Millet on the status of document production under Plaintiff's initial FOIL request. At the hearing, Greenfield claimed she sent a duplicate file of all documents produced to Plaintiff on June 11, 1992. Prior to this date, Plaintiff had been moved to another correctional facility. Greenfield also produced an affidavit by Capasso, stating Plaintiff received all documents except, as directed by Judge Schackman, the personnel records of officers and any records that did not exist. *Billups v. Millet,* 1992 WL 309858 at \*3.

On July 2, and July 15, 1992, Plaintiff inquired about the Article 78 petition that was filed in June 1992. (Supp. Compl. ¶ 14.) Plaintiff wrote to an administrative law judge on July 20, 1992, regarding the delay and lack of response. (Supp. Compl. ¶ 16.) The administrative law judge's court attorney responded by letter dated July 27, 1992, stating that the Article 78 proceeding would go forward, however, many motions were before the judge and a reasonable wait should be expected. (Supp. Compl. ¶

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                    Page 3
Not Reported in F.Supp., 1996 WL 99399 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

17.) By letter dated August 18, 1992, Plaintiff wrote to the Chief Administrator of the Courts regarding his second Article 78 proceeding detailing the apparent delay. (Supp. Compl. ¶¶ 19, 19a.)

## II. PROCEDURAL BACKGROUND

On September 19, 1991,[FN6] Plaintiff filed this federal civil rights action against Millet, Greenfield and Sultana. In a Supplemental Complaint dated September 23, 1992, Plaintiff added Defendants Capasso, Brown, and the City of New York. (Supp. Compl. ¶¶ 3-5.) On October 7, 1992, Judge Haight stayed the proceeding due to the pending state matter and also dismissed the case against Greenfield. *Billups v. Millet,* 1992 WL 309858 at *3. On October 22, 1993, Judge Haight allowed the addition of the Defendants and returned the case to the active docket because both Plaintiff and Defendants agreed there was no further pending action in the original state court. *Billups v. Millet,* 91 Civ. 6326 (CSH) (S.D.N.Y. Oct. 22, 1993). On February 7, 1994, Judge Schackman dismissed Plaintiff's outstanding Article 78 petitions finding all documents were produced. (Edelman Dec. Ex. 1.)

## III. DISCUSSION

"On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff."*Bolt Elec., Inc. v. City of N.Y.,* 53 F.3d 465, 469 (1995) (citations omitted)."The district court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light, 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"*Walker v. City of N.Y.,* 974 F.2d 293, 298 (2d Cir. 1992) (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119 (2d Cir. 1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957))), *cert. denied,* 507 U.S. 961 (1993).

*4 Furthermore, a *pro se* complaint is held to a less stringent standard than a complaint from a plaintiff represented by counsel. *See, e.g., Moorish Science Temple of Am., Inc. v. Smith,* 693 F.2d 987, 989 (2d Cir. 1982).*Pro se* complaints are to be read liberally. *See Haines v. Kerner,* 404 U.S. 519, 521 (1972); *Oritz v. Cornetta,* 867 F.2d 146, 148 (2d Cir. 1989).

## A. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant acted under the color of state law to deprive him of his constitutional or federal rights. *See Graham v. M.S. Connor,* 490 U.S. 386, 394 (1989)(the statute does not create any rights rather it protects rights conferred elsewhere); *Oberlander v. Perales,* 740 F.2d 116, 119 (2d Cir. 1984); *Neustein v. Orbach,* 732 F. Supp. 333, 345 (E.D.N.Y. 1990). Plaintiff asserts a violation of his First, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendment rights. However, Plaintiff has failed to assert any facts that would support a violation of his First, Fifth, Sixth, Eighth, Ninth or Thirteenth Amendment rights. Rather, Plaintiff simply alleges that Defendants, in their delay, failed to comply with a state order to produce requested documents pursuant to FOIL. This is not sufficient, and his claims under those Amendments must and do fail.

### 1. *Fourteenth Amendment*

Plaintiff's only possible claim arises under the Fourteenth Amendment.

### a. Procedural Due Process

Plaintiff claims a deprivation of property without due process of law under the Fourteenth Amendment. A due process claim of deprivation of property requires a two-step inquiry. First, the court must establish the plaintiff possessed a property interest. If such an interest exists, the court determines whether sufficient due process was provided. *See Matthews v. Eldridge,* 424 U.S. 319, 332 (1976); *Narumanchi v. Board of Trustees of Conn. State Univ.,* 850 F.2d 70, 71 (2d Cir. 1988). To determine the appropriate level of due process required, the court looks to three areas: the private interest, the risk of erroneous deprivation, and the government interest. *See Eldridge,* 424 U.S. at 335.

In the instant case, Plaintiff has not established a property interest in the requested FOIL documents. Although a property interest can be much more than the actual ownership of real estate, chattels or money, *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 572 (1972), a property interest must be more than an expectation, a person must have more interest than an abstract need or desire for the benefit sought. *Id.* at 577.For example, a property interest has been found in welfare benefits and federal employment.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 99399 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.)

Page 4

FOIL documents are an expectation, even if awarded pursuant to court order.N.Y. Pub. Off. Law § § 84*et seq.* The statute does not require that documents be produced as of right, but only after request and investigation. Furthermore, the statute provides for appropriate remedies if the government fails to respond -- administrative appeals and Article 78 proceedings, both which took place in this action. State court remedies are also available to the Plaintiff. For example, as occurred in this case, Plaintiff's belief that the Defendants failed to comply with a court order led to his motion for contempt, which was denied.

*5 Furthermore, even if Plaintiff could show he had a property interest in some documents, he could not show it for all FOIL documents because not all FOIL documents need be produced. FOIL law exempts certain law enforcement documents and records from disclosure. *See Westchester Rockland Newspapers, Inc. v. Mosczydlowski,* 396 N.Y.S.2d 857, 859 (N.Y. App. Div. 2d Dep't 1977); *Wunsch v. City of Rochester,* 438 N.Y.S.2d 896, 899 (N.Y. Sup. Ct. 1981). Also, agencies are not required to produce documents they do not possess.N.Y. Pub. Off. Law § § 84*et seq.* Once a state court orders FOIL documents to be produced, a thorough search indicates the documents are not in the agency's possession and the agency is able to articulate a reason for their non-production, then the documents' production is not required. Here, Judge Schackman found some of the documents exempt from production. No matter how many times Plaintiff wrote to or moved the court, he would not be entitled to these documents and would have no property interest in them. A property interest would only arise, if at all, once these determinations were made and the government was given time to search for the file. In this case, a file, that at the time of Judge Schackman's 1991 Order, was thirteen years old.

Assuming Plaintiff had a property interest in the court-ordered FOIL documents, then this Court would inquire as to the due process required, by considering the plaintiff's interest, the risk of erroneous deprivation, and the government's interest. *See Eldridge,* 424 U.S. at 335;*Oberlander,* 740 F.2d at 121. Considering these three factors, the Court concludes sufficient due process was available to the Plaintiff.

Assuming *arguendo* that the Plaintiff's interest in the documents is high because they detail his arrest and conviction, and finding the risk of erroneously

depriving the Plaintiff of his documents is clearly balanced by the administrative procedures provided to insure documents are received if not specifically exempt, and the existence of a clear government interest,[FN7] the due process available to Plaintiff -- pleadings, motions, hearings, Article 78 proceedings and contempt, were sufficient to protect any property interest. Although the remedies are subject to bureaucracy and delay, due process was fully available. Plaintiff's due process claims are dismissed.

b. Equal Protection

An equal protection claim "is not a source of substantive rights or liberties, but rather a right to be free from invidious discrimination in statutory classifications and other governmental actions"*Levy v. City of N.Y.,* 726 F. Supp. 1446, 1453 (S.D.N.Y. 1989) (quoting *Harris v. McRae,* 448 U.S. 297, 322 (1980)); it "is essentially a direction that all persons similarly situated should be treated alike."*Brady v. Town of Colchester,* 863 F.2d 205, 216 (2d Cir. 1988) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985)). To state a claim under equal protection, a plaintiff must show that purposeful discrimination took place, or allege facts sufficient to show an intent to discriminate, *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 265 (1977), and that a government representative singled out the plaintiff in the discrimination. *See Brady,* 863 F.2d at 216 (citing *Burt v. City of N.Y.,* 156 F.2d 791, 792 (2d Cir. 1946)); *Hall v. Dworkin,* 829 F. Supp. 1403, 1412 (N.D.N.Y. 1993). Allegations must be pled with specificity. *See Hall,* 829 F. Supp. at 1412.

*6 Plaintiff's claim for equal protection fails. Plaintiff fails to allege any facts, with specificity, to support his equal protection claim. Plaintiff fails to allege Defendants' intentional discrimination against him. The Plaintiff's beliefs that delay and lack of response are the result of intentional discrimination are simply unsupported beliefs. Plaintiff cannot make out a claim under the Equal Protection Clause on conclusions drawn without a basis. *See id.* at 1412;*Laverpool v. New York City Transit Auth.,* 760 F. Supp. 1046, 1056 (E.D.N.Y. 1991). Plaintiff's equal protection claims are dismissed.

B. Conspiracy Claims

1. *42 U.S.C. § 1983*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                    Page 5
Not Reported in F.Supp., 1996 WL 99399 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

To state a conspiracy claim, pursuant to 42 U.S.C. § 1983 a plaintiff must show that his constitutional rights have been violated when a public entity conspired with a private entity. *See Dworkin, 829 F. Supp. at 1412.* If a government entity or agency is accused of violating civil rights, then facts must be alleged with particularity, showing that said public entity conspired with a private entity to deprive plaintiff of rights guaranteed by the Constitution. *See id. at 1412;Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983).* All such claims must be pled with specificity and rise above allegations or beliefs. *See Dworkin, 829 F.2d at 1412;Polur v. Raffe, 912 F.2d 52 (2d Cir. 1990); Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987); Sommer, 709 F.2d at 175.* Plaintiff has failed to show any of his rights were violated. Furthermore, Plaintiff has once again failed to plead his claims with particularity. A conspiracy cannot be shown based solely on delay and lack of response from agencies and administrative bodies, or from the mere allegation of conspiracy. Hence, Plaintiff's Section 1983 claims are dismissed.

### 2. *42 U.S.C. § § 1985 and 1986*

To make out a claim of conspiracy under 42 U.S.C. § 1985, a plaintiff must plead that defendants, with a racial discriminatory intent, conspired to deprive persons of equal protection of the laws and set forth an act committed in furtherance of that conspiracy. *See United Brotherhood of Carpenters, Local 610 v. Scott, 463 U.S. 825 (1983); Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971); Spencer v. Casavilla, 903 F.2d 171 (2d Cir. 1990); Herrmann v. Moore, 576 F.2d 453 (2d Cir. 1978).* Any such conspiracy must be pled with particularity; mere conclusions will not suffice. *See Laverpool, 760 F. Supp. at 1056.* Plaintiff fails to 1) show that he was deprived of his equal protection rights, and 2) allege with specificity that Defendants conspired with racial motivations to discriminate against him. Plaintiff alleges only that, in receiving the documents he desired, the agencies he dealt with were not prompt in their response time. Delay in response and lack of immediate, personalized attention are facts that do not support the minimal pleading requirements. Hence, Plaintiff's Section 1985 claims are dismissed.

*7 To state a claim under 42 U.S.C. § 1986, a plaintiff must show a party neglected to act in the prevention of a wrong under Section 1985. A claim under Section 1986 is dependant upon a valid Section

1985 claim. *See, e.g., Dacey v. Dorsey, 568 F.2d 275, 277 (2d Cir.), cert. denied,436 U.S. 906 (1978); Grimes v. Smith, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985).* Plaintiff fails to state a cognizable claim under Section 1985, therefore, Plaintiff's Section 1986 claim is dismissed as well.

### 3. *42 U.S.C. § 1981*

Plaintiff also claims conspiracy under 42 U.S.C. § 1981. Claims under Section 1981 must show that defendant's acts were purposefully discriminatory. *See Albert v. Carovano, 851 F.2d 561, 571 (2d Cir. 1988).* Defendant's acts must be specifically pled to show racial motivation and intent to discriminate. *See Yusuf v. Vasser College, 35 F.3d 709, 713-14 (2d Cir. 1994).* Plaintiff fails to allege with specificity the Defendants' acts that were intentional and racially motivated. Plaintiff has continuously failed to allege the intent of the Defendants. Plaintiff's account of the time and hardship expended in acquiring the documents does not show the intent of the Defendants to cause that hardship. Hence, Plaintiff's Section 1981 claims are dismissed.

### C. 42 U.S.C. § 1988

Plaintiff makes a claim under Section 1988 which provides for Attorney's and Expert's fees. Section 1988 does not apply to *pro se* plaintiffs. *See Kay v. Ehrler, 499 U.S. 432, 435(1991); Jermosen v. Smith, 733 F. Supp. 13 (W.D.N.Y. 1990).*

### D. Claims against the City

In order to prevail against the City under Section 1983, a plaintiff must show that a policy or custom of the City caused the deprivation of his constitutional rights. *See Monell v. Department of Soc. Servs., 436 U.S. 658, 690-91 (1978).* Plaintiff alleges the Defendants delayed in the production of the documents, causing Plaintiff to no longer be able to qualify for a per se reversal, pursuant to N.Y. Crim. Pro. Law § 440.10. Without determining the applicability of Plaintiff's alleged per se reversal rule, the Court finds Plaintiff has failed to state a claim against the City under Section 1983. First, Plaintiff had over ten years since his conviction to "apply" under this alleged rule. Second, Plaintiff fails to show a "direct causal link between municipal policy or custom, and the alleged constitutional violation."*City of Canton v. Harris, 489 U.S. 378, 385 (1989).* Third,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                    Page 6
Not Reported in F.Supp., 1996 WL 99399 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Plaintiff makes bald allegations about "repeated incidents," failure to hire competent employees, failure to train employees and repeated cover-ups as proof of a policy of discrimination. The Court finds this is insufficient to support a Section 1983 claim against the City.

### E. All other claims

The Court having reviewed the Plaintiff's Complaints, finds no facts to support any additional claims alleged therein, including a claim under 18 U.S.C. § 2071.

### F. State Law Claims

*8 The Court having dismissed all claims over which it had jurisdiction, now dismisses the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

The Court must determine whether it is appropriate to retain the remaining state law claims under supplemental jurisdiction. Section 1367(a) states in pertinent part:
the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Section 1367(c) provides, however, four exceptions to the rule. A district court may decline to exercise jurisdiction if(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The decision to dismiss state law claims is left to the sound discretion of the district judge. *Purgess v. Sharrock,* 33 F.3d 134, 138 (2d Cir. 1994). Furthermore, when claims are dismissed before trial, the balance of factors will tilt towards declining to exercise jurisdiction. *See Carnegie-Melon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial

economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims.); *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966) ("If the federal claims are dismissed before trial ... the state claims should be dismissed as well"); *Travelers Ins. Co. v. Keeling,* 996 F.2d 1485, 1490 (2d Cir. 1993); *Litwin v. American Express Co.,* 838 F. Supp. 855, 857 (S.D.N.Y. 1993). Because all the federal claims have been dismissed at a preliminary stage, no reason remains to exercise supplemental jurisdiction over the alleged state law claims. Hence, they are hereby dismissed.

### IV. CONCLUSION

Defendant's Motion to Dismiss is granted, Plaintiff's Complaint and Supplemental Complaint are dismissed in their entirety.

SO ORDERED.

> FN1.    Plaintiff refers to his second complaint as a Supplemental Complaint, indeed he does not amend his original complaint but simply adds to it. The Court will consider the two complaints.

> FN2.    FOIL provides that persons may request documents from government agencies or entities, and may take advantage of administrative appeals when appropriate documents are not provided. (N.Y. Pub. Off. Law § § 84*et seq.*) An Article 78 proceeding is available when administrative appeals have been exhausted. (N.Y. Civ. Prac. L. & R. art. 78.)

> FN3.    Agencies must respond within five business days. N.Y. Pub. Off. Law § 89. FOIL states an agency "shall make such record available to the person requesting it, deny such request in writing or furnish written acknowledgement of the receipt of such request and a statement of the approximate date when such a request will be granted or denied."N.Y. Pub. Off. Law § 89.

> FN4.    Plaintiff made several requests to Judge Schackman between the time the Order to Show Cause was first scheduled and Judge Schackman's January 29, 1991

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 99399 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.)

Page 7

Order: Plaintiff requested, in an affidavit dated May 2, 1990, an *ex parte* ruling directing Millet to make available all requested documents, to give affidavits providing detailed explanations for the whereabouts of missing documents and to comply with the order within 10 business days. (Pl.'s Compl. ¶ 13.) Because Judge Schackman's January 29th Order made no mention of the Affidavit, Plaintiff believes the County Clerk never filed or submitted the Affidavit to Judge Schackman. (Pl.'s Compl. ¶ 13a.) Plaintiff contends that as of July 9, 1990, Millet and Assistant Corporation Counsel for the City of New York, former Defendant Greenfield (The Honorable Charles S. Haight, Jr., S.D.N.Y., dismissed the Complaint against Defendant Greenfield on the basis of absolute immunity. *Billups v. Millet,* 91 Civ. 6326 (CSH) (S.D.N.Y. Oct. 7, 1992)), had not submitted any opposition papers. Therefore, Plaintiff requested that Judge Schackman grant the relief requested in the *ex parte* Affidavit. (Pl.'s Compl. ¶ 15.) On July 16, 1990, Greenfield submitted an opposition affidavit stating Sultana served Plaintiff with a response to his initial FOIL request on or about July 6, 1990. (Pl.'s Compl. ¶ 16.) Plaintiff claims he received no such response. (Pl.'s Compl. ¶ 16.) Plaintiff responded by reply affidavit dated August 6, 1990, contradicting most of Greenfield's assertions. Plaintiff contends his Reply was not submitted to Judge Schackman because neither the Judge's January 29th Order, nor the County Clerk acknowledged receipt. (Pl.'s Compl. ¶ 17.) Plaintiff also provided Judge Schackman with a copy of the prison log of legal mail received by Plaintiff. The log showed no mail from Sultana to Plaintiff between July 6 and July 13, 1990. (Pl.'s Compl. ¶ 18.) By affidavit dated January 14, 1991, Plaintiff moved Judge Schackman for an order directing Defendants to produce a *Vaughn* index for the initial FOIL request and to process said index before other pending FOIL requests.

FN5. Thereafter, Plaintiff once again produced a flurry of correspondence: Plaintiff wrote to the Court Clerk on two occasions (letters dated April 23, and May 6, 1991) inquiring about the "Order to Show Cause for Contempt of Court."(Pl.'s Compl.

¶ 30.) Plaintiff did not receive a response, and on May 15, 1991, Plaintiff wrote to the Chief Administrator of the Courts regarding the Order to Show Cause and subsequent correspondence. The Chief Administrator's clerk responded that Plaintiff's May 15, 1991 letter had been forwarded to the appropriate Court Clerk. (Pl.'s Compl. ¶ 31.) On June 4, 1991, Plaintiff wrote to an administrative law judge regarding the motion filed. (Pl.'s Compl. ¶ 32.) Plaintiff's motion was referred to another administrative law judge. (Pl.'s Compl. ¶ 33.) On June 24, 1991, Plaintiff received a letter dated June 19, 1991, from a Motion Clerk, asking Plaintiff to resubmit the Order to Show Cause because the original papers had never been received. (Pl.'s Compl. ¶ 34.) Plaintiff resubmitted the pertinent papers. (Pl.'s Compl. ¶ 35.)

FN6. Although the Complaint was received by the Pro Se Office on July 23, 1991, it was not officially filed until September 19, 1991.

FN7. FOIL states: "The legislature hereby finds that a free society is maintained when government is responsive and responsible to the public ... government is the public's business and that the public, individually and collectively and represented by a free press, should have access to the records of government."N.Y. Pub. Off. Law § 84. It is in the Government's interest to obey the law as provided and to uphold the purpose stated in FOIL. Furthermore, the Government cannot be overloaded with requests for information. The procedures available to Plaintiffs take into account their interest in having documents produced and the Government's interest in proceeding with daily activities and not becoming overburdened with frivolous requests for documents.

S.D.N.Y.,1996.
Billups v. Millet
Not Reported in F.Supp., 1996 WL 99399 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.