UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DONALD PAPAY,                                              :

                              Plaintiff,                  :        07 Civ. 3858 (SCR)

            -against-                                      :        Original Filed By ECF

VIRGINIA HASSELHUHN, as ASSISTANT                         :
EXECUTIVE DIRECTOR, AMERICAN REGISTRY
OF  RADIOLOGIC TECHNOLOGISTS, RICHARD F.                  :
DAINES as COMMISSIONER, STATE OF NEW YORK
DEPARTMENT OF HEALTH, ADELA SALAME-ALFIE :
as DIRECTOR, STATE OF NEW YORK DEPARTMENT
OF HEALTH - - BUREAU OF ENVIRONMENTAL                     :
RADIATION PROTECTIONS (in his official capacity)
                                                          :

                              Defendants.                :
------------------------------------------------------------------------X


### MEMORANDUM OF LAW IN SUPPORT
### OF DEFENDANTS' MOTION TO DISMISS
### THE AMENDED COMPLAINT


                              ANDREW CUOMO
                              Attorney General of the State of New York
                              Attorney for Defendants
                              120 Broadway – 24th Floor
                              New York, New York 10271
                              Telephone: (212) 416-8556


ELLEN J. FRIED
Assistant Attorney General
 Of Counsel

BONNIE FIRE
Student Intern

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................. iii

Preliminary Statement ..................................................... 1

Prior Proceedings ......................................................... 3

Statutory and Regulatory Background ...................................... 3

    A. Practice of Radiologic Technology ................................. 3

    B. Access to DOH Records Subject to (FOIL) and the Appeals Process ......... 4

Statement of Facts ........................................................ 5

Argument  -  STANDARD OF REVIEW FOR MOTION TO DISMISS .................. 6

POINT I  -  PLAINTIFF FAILS TO STATE A DUE PROCESS CLAIM ............. 7

A. PLAINTIFF FAILS TO STATE CLAIMS UNDER FERPA AND FOIL ............. 7

    1. FERPA Is Inapplicable Here and in Any Event Does Not
    Provide a Private Right of Action ............................... 7

    2. Plaintiff Has Failed to State a Claim under Foil ............... 9

        (i)  The Records Requested Do Not Exist Within the State Agency ........ 9

        (ii) The Records Plaintiff Seeks Are Exempt from Disclosure ......... 9

    3. The State Defendants Followed Department Procedures ........... 10

B. PLAINTIFF FAILS TO STATE A PROCEDURAL DUE PROCESS CLAIM .......... 11

    1. Plaintiff Lacks a Cognizable Property Interest in a License He
    Does Not Have ................................................. 11

    2. Plaintiff Lacks a Property Interest in The Records He Requested ........... 12

    3. An Article 78 proceeding is an Adequate Postdeprivation Remedy ......... 13

C. PLAINTIFF FAILS TO ADEQUATELY PLEAD A CONSPIRACY ............... 13

D.  PLAINTIFF FAILS TO STATE AN EQUAL PROTECTION CLAIM ............................... 14

POINT II    -    PLAINTIFF FAILS TO STATE A SHERMAN ACT CLAIM
PURSUANT TO 15 U.S.C.S. §§1-2 .................................................................. 15

POINT III   -    PLAINTIFF FAILS TO STATE AN ANTI-TRUST CLAIM UNDER
N.Y. GEN. BUS. LAW §340 ............................................................................. 16

POINT IV   -    ELEVENTH AMENDMENT BARS CLAIMS AGAINST THE STATE ......... 18

A. State Officials May Not Be Sued for Money Damages ................................................ 18

B. State Officials Are Entitled to Qualified Immunity ..................................................... 19

C. The Court Lacks Jurisdiction Over Pendent State Claims .......................................... 20

Conclusion ..................................................................................................................................... 20

## TABLE OF AUTHORITIES

**CASES**                                                                **Page**

Alexander v. Sandoval, 532 U.S. 275, 121 S. Ct. 1511 (2001)  ..................................... 8

Anheuser-Busch, Inc. v. Abrams, 71 N.Y.2d 327, 525 N.Y.S.2d 816 (1988) ........................... 16

Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955 (2007)  ..................................... 7

Billups v. Millet, 1996 U.S. Dist. LEXIS 2645 (S.D.N.Y. Mar. 6, 1996) ................................... 12

Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701 (1972)  ..................................... 11

Capers v. Giuliani, 253 A.D.2d 630, 677 N.Y.S.2d 353 (1st Dept 1998) .................................... 12

Conrad v. County of Onondaga Examining Board For Plumbers, 758 F. Supp. 824
    (N.D.N.Y. 1991)  ......................................................................... 11

E&L Consulting, Ltd. v. Doman Industrial, 472 F.3d 23 (2d Cir. 2006)  ................................... 15

Ezekwo v. American Board of Internal Medicine, 18 F. Supp. 2d 271 (S.D.N.Y 1998) ........... 16

Fitzpatrick v. Sony BMG Music Entertainment,
    2007 U.S. Dist. LEXIS 60238 (S.D.N.Y. Aug. 15, 2007) ................................................. 6

Gan v. The City of New York, 996 F.2d 522 (2d Cir. 1993) ..................................... 19

Geneva Pharms. Tech. Corp. v. Barr Laboratories Inc., 201 F. Supp. 2d 236
    (S.D.N.Y. 2002) ......................................................................... 16

Glover v. Troy, 2004 U.S. Dist. LEXIS 13740 (W.D.N.Y. May 17, 2004)  ........................... 7, 11

Gonzaga v. Doe, 536 U.S. 273, 122 S.Ct. 2267 (2002) ................................................. 8

Hanrahan v. Doling, 331 F.3d 93 (2d Cir. 2003) ......................................................... 19

Hellenic America Neighborhood Action Committee v. The City of N.Y.,
    101 F.3d 877 (2d Cir 1996)  ......................................................... 13

Hoover v. Ronwin 466 U.S. 558, 104 S.Ct. 1989 (U.S. 1984) ..................................... 15

Howard v. State Department of Highways, 478 F.2d 581 (10th Cir. Colo. 1973) ...................... 14

Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) ................................................................. 7

Iwachiw v. NYC Board of Elections, 217 F. Supp. 2d 374 (E.D.N.Y. 2002) ............................ 18

Lamson v. Blumenthal, 75 Fed.Appx. 811 (2d Cir. 2003) ......................................... 15

Legal Aid Society v. City of New York, et al, 114 F. Supp. 2d 204 (SDNY 2004) .................... 12

Liu v. New York City Police Dep't, 216 A.D.2d 67, 627 N.Y.S.2d 683 (1st Dep't 1995) .......... 19

Murray v. Wilson Distilling Co.  213 U.S. 151, 29 S.Ct. 458 (1909) .......................................... 18

New York v. Roth, 100 Misc. 2d 542, 419 N.Y.S.2d 851 (1979) ................................................ 17

Northern Insurance Co. of N.Y. v. Chatham County, 547 U.S. 189, 126 S. Ct. 1689 (2006) ..... 18

Norwood v. Slammons, 788 F. Supp. 1020 (WD Ark, 1991) ....................................................... 8

Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307 (1943) ................................................................. 15

Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900 (1984) .............. 18

Pitcell v. Callan, 13 F.3d 545 (2d Cir. 1994) ............................................................................. 20

Poe v. Leonard, 2002 U.S. App. LEXIS 2530 (2d Cir. Feb. 15, 2002) ....................................... 19

Potter v City of Albany, 68 F. Supp. 2d 1360 (M.D. GA. 1999) ................................................. 14

Raygor v. Regents of the University of Minnesota, 534 U.S. 533, 122 S.Ct. 999 (2002) .......... 20

Reade-Alvarez v. Eltman,  Eltman & Cooper, P.C.,
       369 F. Supp. 2d 353 (E.D.N.Y. 2005) ............................................................................. 6

Rosquist v. NYU Medical Center, 1198 U.S. Dist. LEXIS 15808 (S.D.N.Y. 1998)
       aff'd 199 F.3d 1323 (2d Cir. 1999) ................................................................................ 14

Schuloff v. Fields, 950 F. Supp. 66 (E.D.N.Y. 1997) ................................................................. 13

Singh v. Federation of State Medical Boards of the U.S., Inc, et. al., 1997 U.S. Dist. LEXIS
       3916 (S.D.N.Y. 1997) ................................................................................................... 15

Smith v. Duquesne University, 612 F. Supp. 72 (WD Pa, 1985) aff'd, 787 F2d 583
       (CA3 Pa, 1986) ............................................................................................................. 9

Social Service Employees Union, Local 37 v. Cunningham, 437 N.Y.S.2d 1005, aff'd 90 A.D.
       2d 696 (1st Dep't 1982) ............................................................................................... 10

The Great Atlantic & Pacific Tea Company, Inc. v. The Town of East Hampton,
       997 F. Supp. 340 (E.D.N.Y 1998) ................................................................................ 17

Tierney v. Davidson, 133 F.3d 189 (2d Cir. 1998) ..................................................................... 19

Touche Ross & Co. v. Reddington, 442 U.S. 560, 99 S.Ct. 2479 (1979) ..................................... 8

Vacco v. Quill, 521 U.S. 793, 117 S.Ct. 2293  (1997) ............................................................... 14

Westchester County Pharmaceutical Soc. v. Abrams, 135 Misc. 2d 441, 515 N.Y.S.2d 971
      (N.Y. Misc. 1987) .......................................................................................... 17

Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989) ............................ 18


**Federal Statutes**

15 U.S.C.S. §1 ....................................................................................................................... 14
15 U.S.C.S. §§1-2 ............................................................................................................ 3, 15, 16
15 U.S.C.S. §2 ............................................................................................................... 15, 16
42 U.S.C. §1983 ....................................................................................................... 2, 7, 8, 14
20 U.S.C.S. §1232g(a)(6) .................................................................................................. 8, 9
28 U.S.C.S. §1367 ................................................................................................................ 20
42 U.S.C.S. §1985 ............................................................................................................... 14

**Federal Rules**

Fed. R. Civ. P. Rule 8(a) ......................................................................................................... 7
Fed. R. Civ. P. Rule 8(a)(2) .................................................................................................... 6
Fed. R. Civ. P. Rule 12(b)(6) ...................................................................................... 1, 3, 6, 7

**State Statutes**

N.Y.C.P.L.R. Article 78 ................................................................................................... 11, 13

N.Y. Gen. Bus. Law § 340(1) .......................................................................................... 3, 20
N.Y. CLS Pub Officers L. §84, et. seq. .............................................................................. 12
N.Y. CLS Pub Officers L. §87, et. seq. ............................................................................. 4, 9
N.Y. CLS Pub Officers L. §87(2)(h) ....................................................................... 9, 10, 12

Pub. Health Law Art. 35, §3500 et seq. .......................................................................... 1, 3, 4
Pub. Health Law Art. 35, §3502 ............................................................................................ 4
Pub. Health Law Art. 35, §3505(a)(b) .................................................................................... 4
Pub. Health Law Art. 35, §3506 ....................................................................................... 4, 17
Pub. Health Law Art. 35, §3506(5) ........................................................................................ 4

**State Rules and Regulations**

10 NYCRR §50-1.1 et seq. .............................................................................................. 4, 6
10 NYCRR §50-1.2. ............................................................................................................. 4
10 NYCRR §50-1.3 ............................................................................................................. 5
10 NYCRR §50-1.4 ............................................................................................................. 5
10 NYCRR §50-1.6 ............................................................................................................. 5
10 NYCRR §50-1.7 ............................................................................................................. 5
10 NYCRR §50-1.9 ............................................................................................................. 5
10 NYCRR §89 et.seq .................................................................................................. 1, 2, 4, 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DONALD PAPAY,                                                        :

                     Plaintiff,                        :   O7 Civ. 3858 (SCR)
      -against-
                                                                    :
VIRGINIA HASSELHUHN, as ASSISTANT
EXECUTIVE DIRECTOR, AMERICAN REGISTRY             :
OF  RADIOLOGIC TECHNOLOGISTS, RICHARD F.
DAINES as COMMISSIONER, STATE OF NEW YORK  :
DEPARTMENT OF HEALTH, ADELA SALAME-ALFIE
as DIRECTOR, STATE OF NEW YORK DEPARTMENT :
OF HEALTH - - BUREAU OF ENVIRONMENTAL
RADIATION PROTECTIONS (in his official capacity)    :

                  Defendants.                      :
-----------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT
# OF DEFENDANTS MOTION TO DISMISS

## Preliminary Statement

Defendants Richard F. Daines ("Daines") as Commissioner of the State of New York's

Department of Health and Adela Salame-Alfie ("Salame-Alfie") as Director of the State of New

York's Department of Health, Bureau of Environmental Radiation Protections [sic] ("DOH" and

collectively "State Defendants"), respectfully submit this memorandum of law in support of their

motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.

This case involves the right of the State of New York to protect its citizens from potential

harm to public health and safety caused by exposure to ionizing radiation or X-rays. In

furtherance of this goal, the State has established standards of education and training that must

be achieved before an individual may be licensed to practice X-ray technology.  Pursuant to

Article 35 of New York Public Health Law §3500 et.seq. (2007) and implementing regulations

promulgated and found at 10 NYCRR §89 et seq., an applicant for licensure must also pass a

written examination administered for the DOH by the American Registry of Radiologic

Technologists ("ARRT"). The minimum passing grade is 75.

Plaintiff Donald Papay ("Plaintiff" or "Papay"), a candidate for licensing as a

Radiological Technologist in New York State, seeks to review examinations he failed on

multiple attempts.  Plaintiff also seeks a reevaluation of his test scores, the grant of a Radiation

Technician License, punitive damages and recovery for emotional distress, and costs and

attorneys fees. Plaintiff alleges that he failed the exams as a result of a concerted effort by the

Defendants to deny him a license because of an animus based on his previous criminal record,

even though he acknowledges that he received all approvals and waivers necessary for those

with a criminal history to sit for the exam.

Plaintiff claims that he was denied liberty without due process because of an alleged right

to see records pursuant to FERPA and FOIL; that defendants deprived him of  the opportunity to

make a living in his chosen profession, caused lost economic opportunity and financial and

emotional distress and loss of quality of life by skewing his test results and denying him a fair

hearing or the right to prove his claim; that defendants conspired for the purpose of denying

plaintiff equal protection of laws; and that by refusing or neglecting to prevent such deprivation,

plaintiff was denied rights guaranteed by the Fifth and Fourteenth Amendments to the U.S.

Constitution and 42 U.S.C §1983. He also claims that the State defendants violated the New

York State Freedom of Information Law by failing to permit him access to his records; failing to

establish procedures for disclosure of records; failing to make sure defendant ARRT complied

with Federal and State laws; and  failing to retrieve plaintiff's records from defendant ARRT in

response to his request for them. Plaintiff further alleges violation of State and Federal antitrust

and monopoly laws by "restraining the License testing to ARRT" and in so doing, unjustly

denying plaintiff his statutory and constitutional rights to use his education, expertise and qualifications with any employer of his choice in New York State.

State Defendants move to dismiss the complaint pursuant to Rule 12b (6) on the grounds that Plaintiff fails to adequately plead a deprivation of his rights pursuant to either the Family Education Rights and Privacy Act ("FERPA") or New York Freedom of Information Law ("FOIL"); fails to adequately plead a due process claim because he does not possess a property interest in the exam questions or in becoming a Radiological Technologist; fails to adequately plead a conspiracy; fails to adequately plead an antitrust or monopoly claim pursuant to 15 U.S.C.S. §§ 1-2 or an antitrust claim pursuant to N.Y.S. Gen. Bus. Law § 340(1); the Eleventh Amendment to the United States Constitution bars the recovery of monetary damages against the State defendants; the action is time-barred in whole or in part; and the Court lacks pendent jurisdiction over any state law claims.

## Prior Proceedings

Plaintiff initiated this action by the filing of a Complaint on May 17, 2007. Plaintiff served and filed an Amended Complaint on July 17, 2007.  All Defendants requested the Court's permission to move to dismiss the Amended Complaint.  An initial pretrial conference was held on July 20, 2007, where permission to file the instant motion was granted and the Court ordered a stay of all discovery.

## Statutory and Regulatory Background

## A. Practice of Radiologic Technology

It is the declared policy of the State of New York, expressed in Article 35,  §3500 et. seq. of the Public Health Law, "Practice of Radiologic Technology"[1], that "the health and safety of

---

[1] The regulations regarding the licensing of Radiologic Technicians was amended in July, 2007. The regulations in effect at the time Plaintiff took the examinations in question are essentially unchanged for the purposes of this lawsuit.

the people of the state must be protected against the harmful effects of excessive and improper

exposure to ionizing radiation and from inadequately performed diagnostic tests and radiation

therapy treatments."  To accomplish this goal, training and practical experience under the

supervision of licensed practitioners is required of those who seek licensure. Candidates are also

required to pass a written examination. Pub. Health Law §3506.

Licenses have been required for the practice X-Ray technology since 1965. (Pub. Health

Law Art. 35, §3502). In addition to specified training requirements, qualifications required of

applicants who sit for the examination include they be at least 18 years old and of good moral

character. (Pub. Health Law Art. 35, §3505(a) and (b)). The written examination encompasses

subjects required by the AART. In lieu of its own examination, DOH may, and does, accept "a

certificate of the American Registry of Radiologic Technologists issued on the basis of

qualifications and an examination satisfactory to the department." (Pub. Health Law Art. 35,

§3506 (5)). This practice, and the passing grade that is required on the examination, are codified

at 10 NYCRR §89.18 as follows:

> Every applicant for licensure, unless he/she holds a certificate of the
> American Registry of Radiologic Technologists or certificate, registration or
> license of another state or political subdivision of the United States...shall be
> required to pass an examination administered for the department by the American
> Registry of Radiologic Technologists as prescribed in article 35 of the Public
> Health Law with a grade of not less than 75.

### B.  Access to DOH Records Subject to (FOIL) and the Appeals Process

The regulations setting "forth the methods and procedures governing the availability,

location and nature" of DOH records are codified at 10 NYCRR §50-1.1 et seq. and essentially

track the procedures set forth in FOIL. (NY Pub O §87, et. seq.)  The DOH regulations provide,

inter alia, definitions at 10 NYCRR §50-1.2; the times and places for inspecting records 10

NYCRR §50-1.3; persons from whom records may be obtained and their business addresses,

10 NYCRR §50-1.4; availability of records and the circumstances in which access may be denied, 10 NYCRR §50-1.6; procedures governing inspection and copying of records, 10 NYCRR §50-1.7; and the process and time requirements for appealing the denial of access to records, 10 NYCRR §50-1.9. An exception to the availability of DOH records for public inspection and copying specifically cites "...examination questions or answers which are requested prior to the final administration of such questions." 10 NYCRR §50-1.6.

A request that is neither granted nor denied may be construed as a denial of access that may be appealed. 10 NYCRR §50-7(c). Appeals shall be in writing and made within 30 days to the records access appeals officer. The appeals officer forwards the appeal to the New York State Committee on Open Government which, in turn, reviews the matter and affirms, modifies or reverses the denial. (NY CLS Pub O L §89(1) (2). The records access appeals officer next informs the appellant, in writing, of the Committee's decision and the right of judicial appeal. 10 NYCRR §50-1.9(a)(c) and (e). The process is publically available and clearly described on the DOH website pages "Freedom of Information and Access to Department of Health Records."

### Statement of Facts

For the purposes of this motion to dismiss, all of the facts asserted in the Amended Complaint are assumed to be true. Plaintiff Donald Papay is a resident of New City, New York. Amended Complaint (hereinafter "Amd.Comp.") ¶3. An examination administered by the ARRT is required to become a certified Radiological Technologist in New York State. Amd.Comp.¶9. Plaintiff needed special permission to take the examination because of his prior legal conviction. Amd.Comp.¶18. Plaintiff was informed by the ARRT Ethics Committee "that all conditions regarding your alleged violations have been met" and he was allowed to take the examination. Amd.Comp.¶20. Plaintiff took the exam seven times between October 1997 and April 2004. Amd.Comp.¶¶ 13,15. Plaintiff failed all of the exams and was informed of his

failing grade each time. Amd.Comp ¶¶ 13,15.

Plaintiff's previous and current attorneys both requested the exams and test results from ARRT.  Amd. Comp.¶¶ 27, 29. Plaintiff sought to obtain his test records to determine whether the results were skewed because of his prior conviction records. Amd. Comp ¶ 54. ARRT denied the requests and cited ARRT policy not to release previous forms of the examination. Amd. Comp.¶¶ 28, 30.  A letter dated November 11, 2005 to Plaintiff's counsel explained ARRT's policy rationale as protecting "the security of the test questions...the ARRT reuses test questions." Amd. Comp.¶ 30.

The State defendants designated all their examination testing and record keeping of the Radiologic Technologies licensing exam to Defendant ARRT. Amd. Comp. ¶ 47. State Defendants failed to permit Plaintiff access to his records after receiving a written "Freedom of Information Law" request. Amd.Comp.¶46.

<u>**Argument**</u>

<u>**STANDARD OF REVIEW FOR MOTION TO DISMISS**</u>

Complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). When considering a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), "all factual allegations of the complaint must be accepted as true . . . and all reasonable inferences must be made in plaintiffs' favor." <u>Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.</u>, 369 F. Supp.2d 353, 358 (E.D.N.Y. 2005). However, "although the complaint need not provide detailed factual allegations, it must amplify a claim with some factual allegations to render the claim plausible." <u>Fitzpatrick v. Sony BMG Music Entertainment</u>, 2007 U.S. Dist. LEXIS 60238 (S.D.N.Y. Aug. 15, 2007) (citations omitted)  "The complaint must provide the grounds upon which the plaintiff's claim rests through factual allegations sufficient to raise a right to relief above the speculative level." <u>Id</u>. (citations omitted).

"Bald assertions and conclusions of law will not suffice." Id. (citations omitted). Legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. Glover v. Troy, 2004 U.S. Dist LEXIS 13740 (W.D.N.Y. May 17, 2004).

The Supreme Court's decision in Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955 (2007), recently altered the legal standards applicable to Rule 12(b)(6) by holding that Rule 8(a) requires complaints to allege "enough facts to state a claim to relief that is plausible on its face," id. at 1974, or, put otherwise, to "possess enough heft to 'show that the pleader is entitled to relief,'" Id. at 1966. Twombly has been cited by the Second Circuit as establishing a rule of general applicability. E.g., Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007).

## POINT I  - PLAINTIFF FAILS TO STATE A DUE PROCESS CLAIM

Plaintiff aggregates several disparate theories under the rubric of a due process claim, but fails to adequately plead any of these theories. Thus, Plaintiff alleges that he was denied due process of law when Defendants denied his document request and by so doing, violated his right to equal protection in violation of the Fifth and Fourteenth Amendments and 42 U.S.C. §1983. Amd.Comp. ¶¶39, 39. Even if plaintiff were to untangle his myriad claims for relief, it becomes clear when each thread is followed that Plaintiff has failed to establish that he possesses the rights he claims.

## A. PLAINTIFF FAILS TO STATE CLAIMS UNDER FERPA AND FOIL

### 1. FERPA IS INAPPLICABLE HERE AND IN ANY EVENT DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION

Plaintiff alleges that Defendants violated myriad rights when they failed to produce records in response to his requests to examine the test questions and answer keys; one allegation claims a right to review those records under FERPA.  Plaintiff then asserts that the Court may enforce these alleged rights pursuant to 42 U.S.C.S. §1983. Plaintiff is wrong on several counts.

First, FERPA is inapplicable here because "The term "student" includes any person with respect to whom an educational agency or institution maintains education records or personally identifiable information, but does not include a person who has not been in attendance at such agency or institution." 20 U.S.C.S. § 1232g(a)(6). Plaintiff is suing the State defendants as certifiers of radiological technologists, not any of the educational institutions he attended. Plaintiff is not a "student" in relation to the State Defendants within the meaning of FERPA. See Norwood v. Slammons, 788 F. Supp 1020 (WD Ark. 1991) (individual not in attendance at institution not student).

Even if Plaintiff were considered a student within the ambit of FERPA, the statute does not create a private right of action. The Supreme Court has held "that 'the question whether Congress...intended to create a private action [is] definitively answered in the negative' where 'a statute by its terms grants no private rights to any identifiable class.'" Gonzaga v. Doe, 536 U.S. 273, 283-84, 122 S.Ct. 2267 (2002)(quoting Touche Ross & Co. v. Reddington, 442 U.S. 560, 576, 99 S.Ct. 2479 (1979)). FERPA's language specifies that "[n]o funds shall be made available. . ." 20 U.S.C.S. §1232g (a)(1)(A) but does not specify a particular protected class; it merely charges the Secretary of Education with the responsibility of enforcement. 20 U.S.C.S. §1232g (f). Therefore, "where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under §1983 or under an implied right of action." Id. at 286. Without the creation of a private right of action there is no enforceable right for which to bring a 42 U.S.C.S. §1983 claim. Further, "a plaintiff suing under an implied right of action still must show that the statute manifests an intent 'to create not just a private right but also a private remedy.'" Id. (quoting Alexander v. Sandoval, 532 U.S. 275, 286, 121 S. Ct. 1511 (2001)). FERPA does not provide for a private remedy; rather, the mechanism for federal enforcement is through a denial of funds to

the offending institution.  See Smith v. Duquesne University, 612 F. Supp. 72 (WD Pa, 1985)

(No private right of action emerges from Family Education Right and Privacy Act for student

denied right to inspect and review educational records, rather Act directs Secretary of Education

to prohibit distribution of funds to school as enforcement mechanism)  aff'd, 787 F.2d 583 (CA3

Pa, 1986).  Thus, Plaintiff has failed to state a claim under FERPA.

### 2.  PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER FOIL

#### (I) The Records Requested Do Not Exist Within the State Agency

Plaintiff claims that DOH has a duty to retrieve the examination questions and answers

from Defendant ARRT. An agency is not required to create records it does not maintain in order

to respond to FOIL requests. The Committee on Open Government has rendered an advisory

opinion on this issue and held that: "Freedom of Information Law pertains to existing records

and an agency need not create or prepare record in response to request; therefore, if information

sought does not exist in form of record or records, health department would not be obliged to

create or prepare new records on requestor's behalf." Comm on Open Gov't FOIL-AO-4860."

NY CLS Pub O L §87. The Court should defer to this advisory opinion because of its expertise

in interpreting FOIL legislative intent.

DOH does not maintain examination questions and applicants' answers, they only

maintain a record of examination grades. Plaintiff admits DOH designated all its examination

testing and record keeping of the Radiologic Technologies licensing exam to Defendant ARRT.

(Amd.Comp. ¶ 47). Plaintiff was not denied access to his grade; he was informed of his grade

each time he took the examination. DOH has no duty to retrieve the information plaintiff seeks.

#### (ii)  The Records Plaintiff Seeks Are Exempt from Disclosure

FOIL specifically exempts from disclosure "examination questions or answers

which are requested prior to the final administration of such questions." NY CLS Pub O L

§87(2)(h). The determination of whether exam questions have been finally administered is entirely within the discretion of the testing authority.  NY CLS Pub. O L §87(2)(h) permits an agency to deny access to "…examination questions or answers which are requested prior to the final administration of such questions." See e.g., Social Service Employees Union, Local 37 v. Cunningham, 437 N.Y.S.2d 1005, aff'd 90 A.D.2d 696 (1st Dep't 1982).

Here, State Defendants have a compelling interest to protect the integrity of the examination administered to applicants for radiological technologist certification.  The examination questions that Plaintiff seeks are not subject to disclosure because they have not been finally administered. ARRT may use these questions on future exams and it is essential that examination questions and answers are not disclosed in order to ensure that no applicant has an unfair advantage and that each applicant is truly qualified based on their performance on an examination to which they have not been previously exposed.

**3. The State Defendants Followed Department Procedures**

Moreover, Plaintiff's claim that the State defendants violated FOIL by failing to establish procedures is unavailing. Plaintiff alleges that defendant DOH violated FOIL "by failing to establish procedures for the disclosure" of records. Amd. Comp. ¶47.  To the contrary, DOH regulations enumerate in detail the procedures to be followed when requesting records, action which constitutes an appeal if a request is denied or if a response is not received, and the time frame in which such action must be accomplished. Plaintiff fails to allege anywhere in the amended complaint that he took the requisite administrative action to contest the DOH response to his request. Instead, several similar requests for examinations and answer keys were made by multiple counsel at the first procedural level. Amd. Comp. ¶¶26-29.  These actions are insufficient to establish that plaintiff filed an appeal in accordance with DOH or FOIL procedures.

## B. PLAINTIFF FAILS TO STATE A PROCEDURAL DUE PROCESS CLAIM

Plaintiff appears to allege that the denial of access to his examination records prevents him from exploring his belief that his test scores were skewed to prevent him from passing the examination necessary to obtain the license of his choice and that the lack of a hearing at which he could prove his claim was a denial, *inter alia*, of his due process rights. These theories fail because he cannot establish a property interest in either the license he did not receive or the examination questions to which he seeks access. Moreover, even if Plaintiff could establish a cognizable property right, his due process claim fails because he had an adequate post-deprivation remedy in an Article 78 proceeding, which he elected not to pursue.

To state a procedural due process claim under §1983, Plaintiff must establish that the State defendants deprived him of a property or liberty interest secured to him by the constitution and law of the United States. Bd. of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701 (1972). Property interests are not created by the Constitution, but rather stem from an independent source such as state law that also supports a claim of entitlement to those benefits. To possess a constitutionally protected property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must, instead, have a legitimate claim of entitlement to it.

### 1. Plaintiff Lacks a Cognizable Property Interest in a License He Does Not Have

Plaintiff cannot demonstrate a legitimate claim of entitlement to a license as a Radiological Technologist. The discretion that the State defendants maintain in assessing an applicant's experience and moral character before a license is granted "negates an applicant's claim of entitlement to such a license and 'suffices to defeat the existence of a federally protected property interest.'" Glover v. Troy, 2004 U.S. Dist Lexis 13740, (W.D.N.Y. May 17, 2001) (citations omitted). See Conrad v. County of Onondaga Examining Bd. For Plumbers, 758 F.Supp. 824, 827 (N.D.N.Y. 1991) (no legitimate claim of entitlement to become master plumber.)

**2. Plaintiff Lacks a Property Interest in The Records He Requested**

Plaintiff must establish that he possessed a constitutionally protected property interest in the test examination records that is "more than an expectation... abstract need or desire for the benefit sought." Billups v. Millet, 1996 U.S. Dist. LEXIS 2645 (S.D.N.Y. March 6, 1996) (dismissing prisoner's complaint alleging violation of his civil rights due to not producing documents under FOIL). Because examination questions and answers that are still in use are exempt from disclosure under FOIL, (NY CLS Pub O L §87(2)(h)) and DOH regulations, Plaintiff did not have a reasonable expectation that the documents would be produced. Moreover, Plaintiff was aware that DOH did not maintain the examination questions and answers as a record. Additionally, "FOIL documents are an expectation, even if awarded pursuant to court order. NY CLS Pub O L §§84 et seq. The statute does not require that documents be produced as of right, but only after request and investigation.

Plaintiff's FOIL claim also must fail because he failed to exhaust his administrative remedies. Exhaustion of remedies, an affirmative defense provided by state law, is governed by federal procedural law and state substantive law . Legal Aid Society v. City of New York, et al, 114 F. Supp.2d 204,  (S.D.N.Y. 2004). New York courts have long held that "[a] litigant who seeks to challenge a determination of an administrative agency must exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts. Capers v. Giuliani, 253 A.D.2d 630, 677 N.Y.S.2d 353 (AD 1st Dept 1998).

Plaintiff raises for the first time in this Court, without citing any supporting authority, the novel allegations that State defendants had an alleged duty to ensure that ARRT complied with Federal and State record keeping laws and that State defendants failed to comply with FOIL because they had the ability to retrieve the testing records from ARRT but did not and did not require ARRT to do so. (Amd.Comp. ¶48). Assuming *arguendo* that these assertions raise valid

questions regarding the State Defendants' duty under FOIL or its own record disclosure regulations, they are precisely the type of issues that require interpretation of State law and regulations that are uniquely within the purview of the administrative entity created by statute to consider them. Indeed, this is precisely the type of issue that the Committee on Open Government was created to interpret and resolve. Plaintiff should not be permitted to raise these claims for the first time in this forum and they should, therefore, be rejected by this Court.

### 3. An Article 78 proceeding is an Adequate Postdeprivation Remedy

The Amended Complaint fails to state a procedural due process claim for another reason; Plaintiff had a more than adequate post-deprivation remedy in the form of an Article 78 proceeding in State court. Assuming *arguendo* that Plaintiff's counsels' actions could be construed as an appeal from the denial of his request for records, Plaintiff's next step was to "institute an Article 78 proceeding in New York State court *prior* to challenging the denial of a FOIL request in a judicial forum." Schuloff v. Fields, 950 F. Supp. 66, 67-68 (E.D.N.Y. 1997) "The appropriate vehicle for challenging denials of access guaranteed by the New York Freedom of Information law is a state court proceeding pursuant to N.Y.C.P.L.R. Article 78 upon exhaustion of administrative remedies." (citation omitted). The amended complaint is devoid of any allegation that Plaintiff sought such review. The mere fact that Plaintiff failed to bring a timely Article 78 proceeding in no way suggests that he was denied due process. See Hellenic Am. Neighborhood Action Comm. v. The City of N.Y., 101 F.3d 877, 881 (2d Cir. 1996).

### C. Plaintiff Fails to Adequately Plead a Conspiracy

Plaintiff merely asserts that "[as a result of their concerted unlawful denial of Plaintiff's rights, Defendants deprived Plaintiff...of...his...due process of the law and his right to equal protection of the laws..." Amd. Comp. ¶39. It is unclear from the Amended Complaint what role, if any, or specific actions the State Defendants took as participants in the alleged

conspiracy. The Second Circuit has consistently held that "conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief under §1983." <u>Rosquist v. NYU Medical Center</u>, 1198 U.S. Dist. LEXIS 15808 (S.D.N.Y. 1998) <u>aff'd</u> 199 F.3d 1323 (2d Cir. 1999). (Lack of facts and broad speculation insufficient to establish a conspiracy claim.) Plaintiff has not alleged sufficient facts to adequately state a claim of conspiracy.

Moreover, to plead conspiracy properly plaintiff's claim must be based on independent statutory rights conferred upon him. Here, Plaintiff's reliance on 42 U.S.C.S. §1985 is unavailing; that statute does not provide a substantive enforceable right but rather prohibits conspiracies to deprive individuals of rights created elsewhere.  See <u>Potter v. City of Albany</u>, 68 F.Supp.2d 1360 (M.D. GA. 1999). As previously stated above Plaintiff had no statutorily created rights under FERPA or FOIL and no property interest in the examination records or obtaining a license. Thus, Defendants could not conspire to deprive Plaintiff of rights which he does not posses.

Finally,  42 U.S.C. §§1983 and 1985 are not separate sources of rights or jurisdiction. <u>See Howard v. State Dep't of Highways</u>, 478 F.2d 581 (10th Cir. Colo. 1973).  Because Plaintiff does not assert any separate federal rights or remedies, and Plaintiff's only other federal claim under 15 U.S.C. §1 is without merit (discussed below), Plaintiff's case should be dismissed for want of appropriate jurisdiction in addition, to or in the alternative, for failure to state a claim.

**D. Plaintiff Fails to State an Equal Protection Claim**

The equal protection clause "embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly." <u>Vacco v. Quill,</u> 521 U.S. 793, 799, 117 S.Ct. 2293 (1997). Where, as here, a plaintiff brings an equal protection claim that "implicates neither a

'fundamental right' nor is based on a suspect or quasi-suspect distinction such as race, religion, or alienage, the Court must apply a 'rational basis review'" to the administrative action. Id. (quoting Lamson v. Blumenthal, 75 Fed.Appx. 811, 812 (2d Cir. 2003)). The classification must be upheld if it rationally furthers a legitimate state interest. Singh v. Federation of State Medical Bds. of the U.S., Inc., 1997 U.S. Dist. LEXIS 3916 (S.D.N.Y. 1997).

The rational basis for government action here is to ensure the public health and safety; setting a passing score at 75 is both rational and within the exercise of DOH's discretion to ensure the competency of those who are granted a license as a Radiological Technologist in New York State. Id. (Medical licensing requirements were based on legitimate state interests.) Thus, Plaintiff fails to state an equal protection claim.

## POINT II

### PLAINTIFF FAILS TO STATE A SHERMAN ACT CLAIM PURSUANT TO 15 U.S.C.S. §§1-2

Plaintiff alleges Sherman Act claims on the basis that DOH regulations constitute a monopoly because they require candidates for a Radiologic Technologist's license to pass an examination administered by defendant ARRT. However, plaintiff's claims must fail because he cannot allege an antitrust injury and he is complaining about non-commercial conduct- the State licensure and practice of radiography technicians - a valid state action.

State action has long been exempt from Sherman Antitrust Act claims. See Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307 (1943). New York State's Public Health Law provisions regulating the licensure of radiologic technologists are a clear expression of state legislative action and are exempt from the federal antitrust laws. Hoover v. Ronwin, 466 U.S. 558, 567-68, 104 S.Ct. 1989 (U.S. 1984).

Plaintiff's claims also fail because he cannot establish an injury to competition, the kind of injury the antitrust laws were created to prevent. E&L Consulting, Ltd. v. Doman Indus., 472

F.3d 23, 28 (2d Cir. 2006). 15 U.S.C.S. §2 requires "injury to the market, as opposed to individual impact." Ezekwo v. American Board of Internal Medicine, 18 F. Supp. 2d 271, 279 (S.D.N.Y 1998). Plaintiff contends only that failing ARRT's examination caused him personal injury. The federal antitrust laws do not ensure each individual an unlimited opportunity to practice any profession they would like regardless of their qualifications and the implications of their lack of qualifications. Plaintiff's alleged personal injury is not an unreasonable market restraint protected by antitrust laws.

**POINT III**

**PLAINTIFF FAILS TO STATE AN ANTITRUST CLAIM UNDER N.Y. GEN. BUS. LAW §340**

Plaintiff re-asserts the same theories of "monopolization" of the industry by DOH under the Donnelly Act. These fail for the same reasons as under the Sherman Antitrust Act.

The Donnelly Act was modeled after the Sherman Antitrust Act and was intended to be construed in accordance with it. Geneva Pharms. Tech. Corp. v. Barr Labs. Inc., 201 F. Supp. 2d 236, 279 (S.D.N.Y. 2002). In fact, the Donnelly Act is often called a "Little Sherman Act." Anheuser-Busch, Inc. v. Abrams, 71 N.Y.2d 327, 335, 525 N.Y.S.2d 816 (Ct. App. 1988). In Anheuser-Busch the court states that the Donnelly Act "should generally be construed in light of Federal precedent and given a different interpretation only where State policy, differences in the statutory language or the legislative history justify such a result." Id. Just as Plaintiff fails to state a claim under the Sherman Antitrust Act so, too, his claim is unsubstantiated under the Donnelly Act. To interpret the Donnelly Act as encompassing an alleged injury to an individual rather than a protective measure against injury to a market generally would be contrary to the established precedent set by common law in relation to the Sherman Antitrust Act.

Plaintiff also fails to allege an injury that meets the requirements of a claim under the Donnelly Act. Under Donnelly "a party asserting a violation must...1) identify the relevant

product market; 2) describe the nature and effects of the purported conspiracy; 3) allege how the economic impact of that conspiracy is to restrain trade in the market in question; and 4) show a conspiracy or reciprocal relationship between two or more entities." The Great Atlantic & Pacific Tea Company, Inc. v. The Town of East Hampton, 997 F. Supp. 340, 352 (E.D.N.Y 1998).   Here, the plaintiff does not satisfy a single element of the standard for asserting a violation under Donnelly. Plaintiff fails to establish the first element because the field of technologic radiologists cannot be considered a market within the meaning of the law. A profession is not a business and is exempt from the provisions of the Donnelly Act. New York v. Roth, 100 Misc. 2d 542, 545, 419 N.Y.S.2d 851 (N.Y. Misc. 1979).  Since the field of technologic radiology fits the court's standard of a profession, it, too, is exempt from the Donnelly Act. Westchester County Pharmaceutical Soc. v. Abrams, 135 Misc. 2d 441, 443, 515 N.Y.S.2d 971 (N.Y. Misc. 1987).

Plaintiff fails to satisfy the second element of a Donnelly Act claim since he neither demonstrates a conspiracy or reciprocal relationship that constitutes a monopoly, nor describes the effects of that conspiracy.  Plaintiff also fails to satisfy the last element of Donnelly by failing to allege any economic impact on the radiological technology certification market, assuming that is even the market Plaintiff had in mind. Plaintiff simply alleges that his failure to obtain a license deprived him of his ability to "utilize his education, expertise and qualifications...with any employer."  Any individual who fails the examination required by the State to become a licensed radiological technologist would be prohibited from practicing as one pursuant to New York State Health Law § 3506.  That fact in itself is not evidence of a conspiracy or relationship that constitutes a monopoly that inhibits competition in the area of radiological technologist licensure and it is also not evidence of an adverse impact on any market as a whole.  It is merely evidence that Plaintiff is unqualified to serve as a radiological

17

technologist according to the requirements enumerated by New York State law.

POINT IV

**THE ELEVENTH AMENDMENT BARS CLAIMS AGAINST STATE**

### A. State Officials May Not Be Sued for Money Damages

The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizen or Subject of any Foreign State," and bars all federal suits for any kind of relief against the State of New York, its agencies and entities, in the absence of State's consent.[2] Northern Ins. Co. of N.Y. v. Chatham County, 547 U.S. 189, 126 S. Ct. 1689, 1693 (2006); Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304 (1989); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 97-100, 104 S.Ct. 900 (1984). Thus, Plaintiff's suit against State defendants for monetary damages are precluded by the Eleventh Amendment.

Plaintiff cannot bring a suit against DOH officers in their official State capacity, as a means of circumventing the State immunity provided by the Eleventh Amendment. Such a suit is considered as though it were a suit against the State itself under the Eleventh Amendment. On this point the Court in Murray v. Wilson Distilling Co. asserted that:

> "This immunity of a state from suit is absolute and unqualified. . .Though not nominally a party to the record, it [the State] is the real and only party in interest, the nominal defendants being the officers and agents of the State, having no personal interest in the subject-matter of the suit, and defending only as representing the State. . . The State is not only the real party to the controversy, but the real party against which relief is sought by the suit; and the suit is, therefore, substantially within the prohibition of the Eleventh Amendment to the Constitution of the United States. . ."

213 U.S. 151, 169, 29 S.Ct. 458 (1909). Plaintiff claims for monetary damages must be

---

[2]     "There are only three exceptions to this general rule: State waiver, Congressional abrogation or prospective injunctive relief. Iwachiw v. NYC Board of Elections, 217 F. Supp. 2d 374, 379 (E.D.N.Y. 2002). None of these exception apply here. Plaintiff's prayer for injunctive relief  for alleged violations of federal and state anti-trust laws fail to state a claim and do not constitute an exception to the Eleventh Amendment bar.

18

dismissed as barred by the Eleventh Amendment.

### B. State Officials Are Entitled to Qualified Immunity

The defense of qualified immunity is designed to relieve government officials of the burden of litigation as well as of the threat of damages and is an affirmative defense that raises an issue of law to be determined by the court at the earliest possible stage of litigation. Gan v. The City of New York, 996 F.2d 522, 532 (2d Cir. 1993). See Liu v. New York City Police Dep't, 216 A.D.2d 67, 69, 627 N.Y.S.2d 683 (1st Dep't 1995). A "qualified immunity defense is established when '(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law.'" Poe v. Leonard, 2002 U.S. App. LEXIS 2530, *25 (2d Cir. Feb. 15, 2002) (quoting Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998)).

With regard to the second scenario, the court must undertake a three-part analysis and determine: "(1) the identification of the specific right allegedly violated; (2) whether that right was so 'clearly established' as to alert a reasonable official to its constitutional parameters; and (3) whether a reasonable official could have believed that the particular conduct at issue was lawful." Liu, 216 A.D.2d at 68-69. "The primary goal of qualified immunity is to permit government officials to act in areas of legal uncertainty without undue fear of subsequent liability." Hanrahan v. Doling, 331 F.3d 93, 98 (2d Cir. 2003). As a result, it is the perspective of the defendant-government official at the time of the challenged conduct under which qualified immunity is analyzed. See id.

Plaintiff has not demonstrated that State defendants violated any of Plaintiff's rights secured by either the Constitution or a federal statute. Cf. Poe, 2002 U.S. App. LEXIS 2530 at *27-*28. Moreover, even if the Court was to find that the State Defendants violated clearly established law, it was objectively reasonable for the State Defendants to believe that their

conduct did not.

## C.    The Court Lacks Jurisdiction Over Pendent State Claims

The Eleventh Amendment precludes the adjudication of pendant jurisdiction claims against the State. See Raygor v. Regents of the University of Minnesota, 534 U.S. 533, 541, 122 S.Ct. 999 (2002).  To allow supplemental jurisdiction claims against the state to be heard in Federal court would revoke the immunity the State is provided under the Eleventh Amendment. In order to revoke the immunity there must be clear Congressional intent which 28 U.S.C.S. §1367 lacks.  Id.  Therefore, Plaintiff's State law claim under N.Y. Gen. Bus. Law §340(1), the jurisdiction for which the Plaintiff cites as supplemental jurisdiction pursuant to 28 U.S.C.S. §1367, may not be heard in Federal court.

Finally, Plaintiff's state law claims should be dismissed because "It is axiomatic that a court should decline to exercise jurisdiction over state law claims when it dismisses the federal claims prior to trial." See Pitcell v. Callan, 13 F.3d 545 (2d Cir. 1994).

## CONCLUSION

For all the foregoing reasons, State Defendants respectfully request that Plaintiff's complaint be dismissed in its entirety.

Dated: New York, New York
November 5, 2007

ANDREW CUOMO
Attorney General of the
State of New York
Attorney for State
Defendants

By:

/S/ Ellen J. Fried

Ellen J. Fried
Assistant Attorney General
120 Broadway – 24th Floor
New York, New York
10271-0332
212-416-6556

## DECLARATION OF SERVICE

ELLEN J. FRIED hereby declares:

I am an Assistant Attorney General in the office of Andrew M. Cuomo, Attorney General of the State of New York, attorney for Defendants Richard F. Daines as Commissioner, State of New York Department of Health, Adela Salame-Alfie as Director, State of New York Department of Health, Bureau of Environmental Radiation Protection.

On November 6, 2007, a  true and correct copy of the Memorandum of Law In Support of Defendants' Motion to Dismiss the Amended Complaint was filed electronically with the Clerk of the Court.  Copies of same were also served upon the following counsel:

        Law Office of Shmuel Klein, PC
        268 Route 59
        Spring Valley, NY 10977
        (845) 425-2510
        Attn: Shmuel Klein, Esq.
        Attorney for Plaintiff

        Shari L. Jerde, Esq.
        Dorsey & Whitney LLP
        South Sixth Street, Suite 1500
        Minneapolis, MN 55402-1498
        (612) 343-8276
        Attorney for Defendants
         Haselhuhn and American Registry
         of Radiologic Technologists

by depositing a copy of said documents, properly enclosed in a postage pre-paid Federal Express mail wrapper, within the custody of Federal Express at 120 Broadway, New York, New York 10271, directed to said attorneys at the addresses they designated for service of papers.

Dated:  New York, New York
         November 6, 2007

                                   ANDREW M. CUOMO
                                   Attorney General of the
                                   State of New York
                                   Attorney for State Defendants
                                   By:

                                   / s /  Ellen J. Fried
                                  Ellen J. Fried
                                   Assistant Attorney General
                                   120 Broadway
                                   New York, New York  10271
                                   (212) 416-6556

22