```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
DONALD PAPAY,                                    )    CASE NO. 07-civ-3858
      Plaintiff,                                 )
v.                                               )
                                                 )
VIRGINIA HASELHUHN as ASSISTANT                  )
EXECUTIVE  DIRECTOR, AMERICAN                    )
REGISTRY OF RADIOLOGIC                           )
TECHNOLOGISTS,  RICHARD F. DAINES as             )
COMMISSIONER, STATE OF NEW YORK                  )
DEPARTMENT OF HEALTH, ADELA                      )
SALAME-ALFIE as DIRECTOR, STATE OF               )
NEW YORK DEPARTMENT OF                           )
HEALTH - - BUREAU OF                             )
ENVIRONMENTAL RADIATION                          )
PROTECTION  (in his official capacity);          )
      Defendants.                                )
---------------------------------------------------------------
```

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS', RICHARD F. DAINES, AS COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH AND ADELA SALAME-ALFIE AS DIRECTOR OF THE NEW YORK STATE DEPARTMENT OF HEALTH BUREAU OF ENVIRONMENTAL RADIATION PROTECTION'S RULE 12(b)(6) MOTION TO DISMISS**

INTRODUCTION

Plaintiff's complaint contains well grounded claims of fact and law which Plaintiff asserts against Defendants American Registry of Radiologic Technologists ("ARRT"), with Haselhuhn as its Assistant Executive Director, Richard F. Daines as Commissioner, State Of New York Department Of Health, Adela Salame-Alfie As Director of the State of New York Department of Health - - Bureau of Environmental Radiation Protection, ("State Defendants").  The Motion must be denied. Plaintiff's complaint should not be dismissed.

STATEMENT OF FACTS

Plaintiff incorporates the facts alleged in the complaint and the Affirmation of Donal Papay in Opposition to State Defendants' Rule 12(b)(6) Motion to Dismiss.

ARGUMENT

Defendant's Motion violates Local Rule 6.1 in that it contains no affirmation in support. Instead, there is only what purports to be a memorandum of law, which contains inapplicable law, and bold assertions about how Plaintiff failed to pass the exam, without offering any documents to prove such a claim. Defendant is trying to shift the focus onto Plaintiffs supposed "failure" of the exam, rather than focusing on the issue at hand: That Plaintiff was not allowed to see his test scores, despite having significant cause to believe that his test was scored inaccurately, thereby being denied due process.

LEGAL STANDARD FOR FAILURE TO STATE A CLAIM

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." Conley, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the

complaint, Swierkiewicz v. Sonoma N.A., 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Warren v. Dist. of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004); Kingman Park, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. Macharia v. United States, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); Holy Land Found. for Relief & Dev. v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003); Browning, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. Warren, 353 F.3d at 39; Browning, 292 F.3d at 242.

Plaintiff has strong grounds to believe that his test results were skewed, and sets forth this allegation in the complaint. As the Court cannot dismiss the complaint unless Defendant can show beyond doubt that the Plaintiff can prove no set of facts to state a claim, and State defendants have merely ignored or dismissed the fact that Plaintiff claims that his test results were skewed, and no discovery to this extent has been conducted, it is improper to dismiss the Complaint.

PLAINTIFF HAS ADEQUATELY PLEAD A DUE PROCESS CLAIM

Plaintiff was denied his due process in ensuring the accuracy of the examination grading, which caused him substantial loss and distress, and left him with no remedy at law. Had the State not designated ARRT as its actor in administering the radiologic technologist examinations, The State DOH would be required to comply with the FOIL, which was enacted to provide individuals with the opportunity to view their records, which the State possesses, and ensure that the actions taken for, against or in regards to them are proper and not erroneous. The ARRT contends that they are not a State Actor, and are not bound by the requirements of the FOIL. They contend that they were not required to let Plaintiff review his records. As a result of their actions and inactions, Plaintiff was denied his rightful remedy at law. Plaintiff's test scores were not reviewed. Plaintiff was not allowed access to the records, to review the grading of his exams. Plaintiff was denied due process.

The Supreme Court in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (a) stated "(D)ue process is flexible and calls for such procedural protections as the particular situation demands," (citing Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484). "Resolution of the issue here involving the constitutional sufficiency of administrative procedures prior to the initial termination of benefits and pending review, requires consideration of three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and (3) the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail."

Mathews, Pp. 332-335  See Mathews v. Eldridge, 424 U.S. 319, 348, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) . "Due process requires notice and an opportunity to be heard".

Pursuant to State Defendants statements, State and the DOH have established laws and procedures to obtain records pursuant to the FOIL, and they normally comply with the laws. However, as State Defendant States in its Memorandum of Law, page 9:

> "DOH does not maintain examination questions and applicant's answers, they only maintain a record of examination grades. Plaintiff admits that DOH designated all its examination testing and record keeping of the Radiologic Technologies licensing exam to Defendant ARRT. (Amd. Comp. ¶ 47) … DOH has no duty to retrieve the information Plaintiff seeks."

The State DOH designated ARRT to perform the State's duties of Radiologic examination and certification. As such, the laws governing the DOH are conveyed upon ARRT with respect to all aspects of administering the exam, scoring the exam, keeping the records, and ensuring due process is given the individuals who sit for the exam.

In Dixon v. McMullen, 527 F.Supp. 711 (N.D. Tex., 1981) the Court held that "The Fourteenth Amendment provides an independent right to demand that the government act in a nonarbitrary manner at all times." (citing Thompson v. Gallagher, 489 F.2d 443, 447 (5th Cir. 1974) at 446-47; ; Kindem v. City of Alameda, 502 F.Supp. 1108, 1111 (N.D.Calif.1980)., at 1113). "A state cannot exclude a person from an occupation in a manner or for reasons which contravene the due process clause." (citing Schware v. Board of Bar Examiners, 353 U.S. at 238-39, 77 S.Ct. at 755-56.) "Further, due process requires that action by a state through any of its agencies must be consistent with the fundamental principles of liberty and justice." (citing Buchalter v. New York, 319 U.S. 427, 429, 63 S.Ct. 1129, 1130, 87 L.Ed. 1492 (1942)). "Even though the government purpose be legitimate and substantial, that purpose cannot be pursued by

means which broadly stifle fundamental personal liberties when the end can be more narrowly achieved." (citing Police Department v. Mosley, 408 U.S. 92, 101 n.8, 92 S.Ct. 2286, 2293 n.8, 33 L.Ed.2d 212 (1972)).

The Court in Dixon v. McMullen, *supra*, goes on to discuss due process: "In . Board of Regents v. Roth, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972), the court distinguished between a "general" right to engage in a chosen occupation, and a specific right to a particular position, and determined due process protection only attaches to the former interest." (also citing Orr v. Trinter, 444 F.2d 128, 133 (6th Cir. 1971) at 133). "Therefore, it would seem that where state action denies a person a license or opportunity to practice his chosen profession, due process may require that he be given a hearing and a chance to respond to the charges against him. *See, e.g.,* Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1957); Schware v. Board of Bar Examiners, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957). This may be especially relevant when the applicant "has no procedural due process rights apart from those which the agency has chosen to create by its own regulations." (citing Schwartz v. Fed. Energy Reg. Com'n., 578 F.2d 417, 420 (D.C.Cir.1978)). Plaintiff has strong grounds for his belief that his test results were skewed. There were 20 additional questions, which were to be counted into the score, but were not. Every time ARRT reported to Plaintiff that he failed by one or two points. Plaintiff had retaken the exam numerous times. Plaintiff studied hard and knew the material. Plaintiff requested that his exam scoring be reviewed, that he be allowed to see the test scores to determine if they were graded properly. He was never allowed to see his exam records nor did ARRT investigate the grading of Plaintiff's exam. Plaintiff has reached the maximum number of

allowed examinations and cannot take the exam any more. Therefore, it was crucial that Plaintiff be given due process. ARRT's failure to investigate the claims or to allow Plaintiff to investigate the claims caused an undue denial of Plaintiff liberty right, to pursue a career of his choice.

## THE EXAMINATION RECORDS ARE NOT EXEMPT FROM DISCLOSURE, AND ARE SUBJECT TO FOIL

State Defendants assert in their Memorandum of Law in Support of their Motion to Dismiss, on pages 9-10, that the records are exempt from disclosure. State Defendants allege, "The determination of whether exam questions have been finally administered is entirely within the discretion of the testing authority."

The State Defendants also allege that it followed department procedure in denying the records request, that the records requested do not exist within the State Agency, and that the Plaintiff failed to take the requisite actions to contest the denial of records. Plaintiff thereofore must obtan his test results from the state designated agent, ARRT. ARRT, as the State Agent, refused to give the examination records to Plaintiff, in violation of FOIL.

Defendant ARRT contradicted itself as to whether they reuse or have changed the examination questions. ¶ 30 of Plaintiff's amended complaint states that the letter written by Dr. Raymond, of ARRT represnted that "ARRT reuses its examination". But, according to the ARRT website "new items are continuously added to the pool of items - multiple choice questions - called the "item bank," to ensure that exams are up-to-date and that the quality of items is continuously improving." (¶ 32-33 of Plaintiff's Am. Compl.) Also on the ARRT website: "For primary examinations (Radiography, Nuclear

Medicine Technology, Radiation Therapy), the content specifications are currently revised every five years."

Since "a court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inference in favor of Plaintiff" Chambers v. Time Warner Inc., 282 F. 3d 147, 152 (2d. Cir. 2002), These factual allegations that ARRT revises its exam questions every five years, which was taken off the ARRT's website, must be considered and accepted by the Court. Because the test questions are revised, § 87(2), which applies to questions that "…are requested prior to the final administration of such questions" §87(2)(h), is inapplicable in the instant case and ARRT, as a State Agency, was required by FOIL to produce those records. ARRT violated the FOIL by failing to release Plaintiff's records despite numerous demands to do so.  State Defendants were required to ensure that its agent, ARRT, to whom the DOH delegated the examination responsibilities in lieu of conducting the examinations itself, abides by the applicable laws. In fact, ARRT alleges that they do not have to abide by the FOIL. (ARRT's Memorandum of Law in Support of its Motion to dismiss; page 15).

When an individual takes the Civil Service exam, the records are subject to FOIL, when the questions are not reused, the records must be available for inspection by the examinee. The Radiologic technologist examination should not be any different. The State laws require the examination in order to obtain license, regulate the type of questions on the exam, and the eligibility to sit for the exam. State Defendants failed to ensure that its agent, ARRT, complies with FOIL and failed to take any actions to provide plaintiff with the records upon his request or require ARRT to provide them to

Plaintiff. Plaintiff disputed the letters rejecting his request each time he received such rejection letters. Plaintiff was left with no remedy at law.

By delegating its responsibility to ARRT, which claims to be exempt from State laws because it alleges that it is not a "State Actor", State Defendants have eliminated the Plaintiffs right of freedom of information.

## PLAINITFF HAS A PROPERTY AND LIBERTY INTEREST IN THE SCORES AND RECORDS

State Defendants claim that Plaintiff cannot demonstrate a legitimate claim to a license as a Radiologic Technologist. However, Plaintiff has a very strong belief that his test results were skewed. Because of the negligent scoring, Plaintiff has suffered irreparable harm, including the wasting of years of hard work and education, the inability to become a certified radiologic technologist, which he worked very hard to achieve.

Since "a court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inference in favor of Plaintiff" Chambers v. Time Warner Inc., 282 F. 3d 147, 152 (2d. Cir. 2002); Macharia v. United States, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); Holy Land Found. for Relief & Dev. v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003), this strong belief, which is based on a number of factors, including the extra questions that were to be counted but were not, cannot be looked upon as merely a "theory". Through proper discovery in this action, Plaintiff will be able to substantiate this strong believe. Plaintiff was never even given an opportunity to substantiate whether his exam scores were properly graded, and the ARRT or State Defendants failed to review the grading themselves.

Had the examinations results not been skewed, Plaintiff would have, for a long time now, been licensed and admitted to practice radiologic technology.

## PLAINTIFF HAS A PROTECTED RIGHT TO MAKE A LIVING IN HIS DESIRED PROFESSION

A person has a right to choose his profession or career. This is a fundamental liberty allowed by the Fourteenth amendment. See Conn. v. Gabbert, 526 U.S. 286, 291-92 (1999) (observing the liberty component of the 14th Amendment includes due process right to choose one's field of private employment); Lowe v. SEC, 472 U.S. 181, 228 (1985) (citizens have a right to follow any lawful calling subject to licensing requirements that are rationally related to their fitness or capacity to practice the profession); Greene v. McElroy, 360 U.S. 474, 492 (1959) (observing right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within the liberty and property concepts of the 5th Amendment"); Fosselmann v. Comm'r of Human Services, 612 N.W.2d 456-62 (Minn. 2000); Brooks v. Boilermakers, 114 N.W.2d 647, 654 (Minn. 1962) (noting an individual's occupation is property within the meaning of Constitution); Sweet v. Comm'r, 702 N.W.2d 314, 320 (Minn. Ct. App. 2005) (recognizing one's property and liberty interests in pursuing private employment).

The Court in Sail'er Inn, Inc. v. Kirby, 95 Cal.Rptr. 329, 5 Cal.3d 1 (Cal., 1971) held that the state may not arbitrarily foreclose any person's right to pursue an otherwise lawful occupation. (Citing Purdy & Fitzpatrick v. State of California, Supra, 71 Cal.2d 566, 579, 79 Cal.Rptr. 77, 456 P.2d 645.)) "The right to work and the concomitant opportunity to achieve economic security and stability are essential to the pursuit of life,

liberty and happiness. As early as 1915, the United States Supreme Court declared that 'the right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of (the Fourteenth) Amendment to secure.' Truax v. Raich (1915) 239 U.S. 33, 41, 36 S.Ct. 7, 10, 60 L.Ed. 131. "Limitations on this right may be sustained only after the **most careful scrutiny**." (emphasis added).

Damino v. O'Neill, 702 F.Supp. 949 (E.D.N.Y., 1987) "Plaintiff's license to practice medicine is a property right which is entitled to constitutional protection and which cannot be revoked without due process of law." (Citing Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90 (1971); Horodner v. Cahn, 360 F.Supp. 602 (E.D.N.Y.1973)).

Radiologic Technology, though carefully regulated, is a lawful occupation and is therefore a property right and liberty right protected by the fourteenth amendment. Plaintiff was denied due process in the review of his test scores. His exams were not properly graded. He was not allowed a review of the grading and results, which should have been allowed him pursuant to the FOIL. Defendants are indeed responsible and liable for denying plaintiff his due process rights in determining not to certify him.

## PLAINTIFF WAS NOT REQUIRED TO BRING AN ARTICLE 78 ACTION PRIOR TO FILING THIS LAWSUIT.

State Defendant contend that Plaintiff's Complaint fails to state a due process claim because Plaintiff had a more adequate post-deprivation remedy in the form of an article 78 proceeding.

However, Plaintiff appealed the denial of the records several times, in writing, each time after being denied his records. Defendants did not produce the records despite the appeal, and failed to ensure that ARRT complies with the FOIL. State Defendants claim, that Plaintiff should have brought an article 78 proceeding in State Court, is not well grounded. Plaintiff brought this action for violations of predominantly Federal issues, whether Plaintiff was denied due process, 42 U.S.C. § 1983; the Fourteenth amendment; and the Sherman Act This court has supplemental jurisdiction over the FOIL claims and the Donnelly Act, pursuant to 28 U.S.C. 1367.

When the Civil Rights Act was authoritatively interpreted <u>Monroe v. Pape</u>, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961), the Supreme Court said:

> " The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked. To apply res judicata to a remedy which 'need not be first sought and refused' in the state court, and which actually was not sought would be to overrule the essence of <u>Monroe v. Pape</u> and <u>Lane v. Wilson</u>, 307 U.S. 268, 274, 59 S.Ct. 872, 83 L.Ed. 1281 (1939)."

<u>Gibson v. Berryhill</u> 8212 653, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973) "But this Court has expressly held in recent years that state administrative remedies need not be exhausted where the federal court plaintiff states an otherwise good cause of action under 42 U.S.C. § 1983." (citing <u>McNeese v. Board of Education</u>, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); <u>Damico v. California</u>, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967)).

<u>Lombard v. Board of Ed. of City of New York</u>, 502 F.2d 631 (C.A.2 (N.Y.), 1974). "We think that the problem, strictly speaking, is not a res judicata problem. We think it is rather a question of whether the appellant has 'waived' his constitutional rights. It is not quite fair to say that he 'waived' his right to assert in the administrative agency

itself that the process afforded was not 'due process.' For such an attack in the administrative agency itself on the ground of unconstitutionality would be futile. (citing McNeese v. Board of Educ., 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); and Judge Friendly's explanation of Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967), Eisen v. Eastman, 421 F.2d 560, 569 (2d Cir. 1969), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970); Friendly, Federal Jurisdiction: A General View 100 & n. 111.) "Nor is the plaintiff required to make the attack in an Article 78 proceeding in the state court, for section 1983 gives him an independent supplementary cause of action, and he may choose the federal court as the preferred forum for the assertion of constitutional claims of violation of due process." McNeese v. Board of Educ., supra. Indeed, if waiver is treated as a modality of exhaustion of remedy, the exhaustion, similarly, need not be of the state judicial remedy, but only of the administrative remedy. James v. Board of Educ., 461 F.2d 566 (2d Cir. 1972).

PLAINTIFF'S § 1983 CLAIM IS WELL GROUNDED

State Defendants allege that Plaintiff failed to adequately plea a conspiracy. State Defendants assert that Plaintiff has not alleged sufficient facts to adequately state a claim of conspiracy and that "Plaintiff's claim must be based on independent statuary rights conferred upon him". (State Defendant's Memorandum of Law in Support of its Motion to Dismiss; pg. 14, second paragraph). Plaintiff has sufficiently plead the denial of his records, and the strong belief that the test records were skewed. Plaintiff has a Fourteenth Amendment and FOIL property right in the examination records. His freedom to lawfully earn a living in his chosen profession depends thereon, and by denying him review of the examination results, Plaintiff is left with no remedy at law to pursue this profession.

ARRT claims that it is not bound by FOIL, it is not required to abide by the State Laws since it does not consider itself a "State Actor". State Defendants contend that they are not responsible for the records that are not in their possession and that it is up to the examination agency to determine whether or not the records should be deemed releasable pursuant to § 87(2)(h). Nice "Catch 22"

Defendants knew or should have known that its actions and inactions in not regulating ARRT to abide by State laws, in not ensuring an adequate procedure for an individual to excersize access to freedom of information; Plaintiff will be left with no remedy at law, that Plaitniff is deprived of his rights.

THE EQUAL PROTECTION CLAIM IS PROPERLY PLEAD

State Defendants contend that Plaintiffs claim "implicates neither a 'fundamental right nor is based on a suspect or quasi-suspect distinction such as race, religion, or alienage" State Defendants assert that the Court must apply a 'rational basis review' to the administrative action and that the classification must be upheld if it rationally furthers a legitimate state interest. Defendant claims that the rational basis for the government action is to ensure the public health and safety, and setting a passing score at 75 is both rational and within DOH's competency.

However, Plaintiff does not contend that the passing score should be below 75. Plaintiff does not assert that he should be given a license despite a low score, thereby possibly compromising Public Health and Safety. State Defendants contentions here are irrelevant to the issue at hand.

Plaintiff is entitled to the same treatment in the scoring of his examination, as are the other individuals who take the examination, including those who have never been

convicted. He also received special permission to sit for each exam. See O'Bradovich v. Village of Tuckahoe, 325 F.Supp.2d 413 (S.D.N.Y., 2004). "While the Fourteenth Amendment is usually invoked by people who have been discriminated against based on their membership in a protected class, it may nevertheless be invoked equally by a "class of one" who "has been intentionally treated differently from others similarly situated [with] no rational basis for the difference in treatment." (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). Accordingly, as "a class of one," a plaintiff must show either that "there was no rational basis for the unequal treatment received ... or that the [unequal treatment] was motivated by animus," Harlen Assocs. v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir.2001)).

The Fourteenth Amendment of the Constitution forbids states from denying "to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XXIV, § 1. The crux of an equal protection claim is that "all persons similarly situated shall be treated alike." F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 420, 40 S.Ct. 560, 64 L.Ed. 989 (1920).

Plaintiff has a strong basis to belief that his exam results were skewed because of his prior conviction. Plaintiff has the rights to see his records pursuant to FOIL just as any other individual would have. Plaintiff was denied equal protection of the law.

## DEFENDANTS HAVE VIOLATED ANTITRUST LAWS

State Defendants contend that Plaintiff cannot claim a Sherman Act or Donelly Act claim because he cannot allege an antitrust injury and that Plaintiff is complaining about the licensure of radiologic technology which is non-commercial conduct.

Plaintiff is not complaining about license requirements and standards, but rather the "designation" of ARRT as the State's sole agent in administering the exam, which is used to determine whether a license to practice radiology should be granted to an individual.

ARRT has taken over the market of examinations for radiologic technologist testing, with the approval of the State. The ARRT does not consider itself to be bound by State laws, as it stated in its Motion to Dismiss. The ARRT contends that only the specific state Public health laws that deal with the types of questions, what the passing grade is, e.t.c. are applicable to them, but the laws which apply to the State and its agencies do not apply to ARRT, such as the Freedom of Information Law. Upon information and belief, the ARRT also skews test results.

Because of this monopolization of the market of radiologic technology examination, Plaintiff, and others similarly situated have no remedies at law. Plaintiff and others similarly situated cannot go take the exam directly with the State DOH as they have delegated the "task" out to ARRT. Plaintiff or others similarly situated cannot go to a different testing facility after strong belief that the test results were intentionally skewed. New York ex rel. Spitzer v. Saint Francis Hosp., 94 F.Supp.2d 399 (S.D.N.Y., 2000) "The Donnelly Act declares: "Every contract, agreement, arrangement or combination whereby ... [c]ompetition or the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service in this state is or may be restrained ... to be against public policy, illegal and void." N.Y.Gen.Bus.Law § 340(1)."

<u>EVEN IF THE COMPLAINT COULD BE IMPROVED, DISMISSAL IS NOT THE APPROPRIATE REMEDY.</u>

Alternatively, if the Court determines that improvements should be made to the Complaint dismissal is not appropriate.  As seen in the Memorandum of Law "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46, 78 S.Ct. at 101-102. The Eleventh Circuit's "strict adherence to this rule has led [it] to hold that a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." <u>Friedlander</u>, 755 F.2d at 813; <u>Dussouy v. Gulf Coast Investment Corp.</u>, 660 F.2d 594, 597-99 (5th Cir. 1981).  See <u>Guam Investment Company v. Central Building, Inc.</u>, 288 F.2d 19, 24 (9th Cir.)   It would not be in the interest of justice to permit defendants to keep the windfall of their misconduct before granting plaintiffs an opportunity to correct any supposed technical shortcomings found in the Complaint.

**WHEREFORE** For the reasons cited above, defendants' Rule 12(b)(6) should be denied.

Dated:  November 29, 2007            ____/s/_____
                                                                        Shmuel Klein (SK 7212) Fed Court Only
                                                                        Law Office of Shmuel Klein, PC
                                                                        Attorneys for Plaintiff
                                                                        268 ROUTE 59
                                                                        Spring Valley, NY   10977
                                                                        (845) 425-2510