UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONALD PAPAY,                                          **Case No.:  07 CIV. 3858 (SRC)**

        Plaintiff,

vs.

VIRGINIA HASELHUHN as ASSISTANT
EXECUTIVE DIRECTOR, AMERICAN
REGISTRY OF RADIOLOGIC
TECHNOLOGISTS, RICHARD F. DAINES
as COMMISSIONER, STATE OF NEW
YORK DEPARTMENT OF HEALTH,
ADELA SALAME-ALFIE as DIRECTOR,
STATE OF NEW YORK DEPARTMENT OF
HEALTH -- BUREAU OF
ENVIRONMENTAL RADIATION
PROTECTION (in his official capacity);

        Defendants.

---

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS
BY DEFENDANTS VIRGINIA HASELHUHN,
AS ASSISTANT EXECUTIVE DIRECTOR, AND
THE AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS**

Joshua Colangelo-Bryan
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177-1500
Telephone:  (212) 415-9234
Facsimile:  (212) 953-7201

Shari L. Jerde
DORSEY & WHITNEY LLP
50 South 6th Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone:  (612) 343-8267
Facsimile:  (612) 340-2807

*Attorneys for Virginia Haselhuhn and The American Registry of Radiologic Technologists*

# TABLE OF CONTENTS

Table of Authorities ...................................................................................................... ii

I.   PLAINTIFF HAS ABANDONED HIS CLAIMS AGAINST VIRGINIA
     HASELHUHN BY FAILING TO ADDRESS THEM IN HIS OPPOSITION
     PAPERS ................................................................................................................ 1

II.  PLAINTIFF'S § 1983 CLAIMS MUST BE DISMISSED BECAUSE THE
     ARRT IS NOT A STATE ACTOR ....................................................................... 2

     A.   The Nexus/Joint Action Test (a.k.a., the Symbiotic Relationship Test) ............... 2

     B.   The Public Function Test ........................................................................... 3

     C.   The State Compulsion Test ......................................................................... 4

III. PLAINTIFF HAS NOT BEEN DENIED HIS CONSTITUTIONAL RIGHTS ............... 5

     A.   Plaintiff Has No Constitutional Entitlement To Work As A Licensed
          Radiologic Technician ............................................................................... 5

     B.   Plaintiff Has No Fourteenth Amendment Property Interest in His Past
          Examinations ............................................................................................ 7

     C.   Plaintiff Has Not Been Denied Equal Protection ............................................ 7

IV.  PLAINTIFF'S FOIL CLAIMS FAIL ON A NUMBER OF GROUNDS ......................... 8

     A.   The ARRT's Examinations are Exempt From FOIL ........................................ 8

     B.   Plaintiff's Statutory Remedy is an Article 78 Proceeding ................................. 9

V.   PLAINTIFF LACKS STANDING TO BRING ANTITRUST CLAIMS
     BECAUSE HE HAS NOT ALLEGED AN ANTITRUST INJURY .............................. 9

VI.  CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Anti-Monopoly, Inc. v. Hasbro, Inc.,
  958 F. Supp. 895 (S.D.N.Y. 1997)........................................................................2

Bell Atl. Corp. v. Twombly,
  --- U.S. ---, 127 S. Ct. 1955 (2007)......................................................................1

Berrian v. Pataki,
  510 F. Supp. 2d 348 (S.D.N.Y. 2007)..................................................................10

Billups v. Millet,
  No. 91-6326, 1996 WL 99399 (S.D.N.Y. Mar. 6, 1996).....................................7, 9

Blum v. Yaretsky,
  457 U.S. 991, 102 S. Ct. 2777 (1982)..................................................................4, 5

Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,
  429 U.S. 477, 97 S. Ct. 690 (1977)......................................................................10

Burton v. Wilmington Parking Auth.,
  365 U.S. 715, 81 S. Ct. 856 (1961)......................................................................3

Catanzano v. Dowling,
  60 F.3d 113 (2d Cir. 1995)..................................................................................4, 5

Chambers v. Time Warner, Inc.,
  282 F.3d 147 (2d Cir. 2002)................................................................................1

Conley v. Gibson,
  355 U.S. 41, 78 S. Ct. 99 (1957)..........................................................................1

Conn v. Gabbert,
  526 U.S. 286, 119 S. Ct. 1292 (1999)..................................................................6

Cosmas v. Hassett,
  886 F.2d 8 (2d Cir. 1989) ..................................................................................8

Damino v. O'Neill,
  702 F. Supp. 949 (E.D.N.Y. 1987) ......................................................................6

Dent v. West Virginia,
  129 U.S. 114, 9 S. Ct. 231 (1889)........................................................................6

Dineen v. Stramka,
    228 F. Supp. 2d 447 (S.D.N.Y. 2002)....................................................................1

F.S. Royster Guano Co. v. Virginia,
    253 U.S. 412, 40 S. Ct. 560 (1920).......................................................................7

Ferrara v. Superintendent, New York State Police,
    26 F. Supp. 2d 410 (N.D.N.Y. 1998)....................................................................9

Frazier v. Turning Stone Casino,
    254 F. Supp. 2d 295 (N.D.N.Y. 2003)................................................................10

Greene v. McElroy,
    360 U.S. 474, 79 S. Ct. 1400 (1959).....................................................................6

Horodner v. Cahn,
    360 F. Supp. 602 (E.D.N.Y 1973).........................................................................6

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007)..................................................................................1

Janusaitis v. Middlebury Volunteer Fire Dep't,
    607 F.2d 17 (2d Cir. 1979)....................................................................................3

Jensen v. Farrell Lines, Inc.,
    625 F.2d 379 (2d Cir. 1980)..................................................................................3

Kraemer v. Heckler,
    737 F.2d 214 (2d Cir. 1984)..................................................................................4

Lowe v. SEC,
    472 U.S. 181, 105 S. Ct. 2557 (1985)...................................................................6

McKeesport Hosp. v. Accreditation Council for Grad. Med. Educ.,
    24 F.3d 519 (3d Cir. 1994)....................................................................................5

Murphy v. New York Racing Ass'n, Inc.,
    76 F. Supp. 2d 489 (S.D.N.Y. 1999).....................................................................3

O'Bradovich v. Village of Tuckahoe,
    325 F. Supp. 2d 413 (S.D.N.Y. 2004)................................................................7, 9

Ortho Pharm. Corp. v. Cosprophar,
    828 F. Supp. 1114 (S.D.N.Y. 1993), aff'd, 32 F.3d 690 (2d Cir. 1994)..................2

Rothman v. Gregor,
    220 F.3d 81 (2d Cir. 2000)....................................................................................8

Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.,
    40 F.3d 247 (7th Cir. 1994) ...............................................................................5

Schuloff v. Fields,
    950 F. Supp. 66 (E.D.N.Y. 1997) .....................................................................9

Schware v. Bd. of Bar Examiners,
    353 U.S. 232, 77 S. Ct. 752 (1957)...............................................................6, 7

Traux v. Raich,
    239 U.S. 33, 36 S. Ct. 7 (1915)........................................................................6

Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council,
    857 F.2d 55 (2d Cir. 1988)................................................................................9


STATE CASES

Brooks v. Int'l Brotherhood of Boilermakers,
    114 N.W.2d 647 (Minn. 1962)..........................................................................6

Fosselman v. Comm'r of Human Services,
    612 N.W.2d 456 (Minn. Ct. App. 2000) ..........................................................6

Sail'er Inn, Inc. v. Kirby,
    485 P.2d 529 (Cal. 1971) ..................................................................................6

Social Serv. Emp. Union, Local 371 v. Cunningham,
    109 Misc. 2d 331, 437 N.Y.S.2d 100 (N.Y. County 1981), aff'd, 90 A.D.2d 696 (1st
    Dep't 1982) .......................................................................................................8

Sweet v. Comm'r of Human Services,
    702 N.W.2d 314 (Minn. 2005)..........................................................................6

Van Steenberg v. Thomas,
    242 A.D.2d 802, 661 N.Y.S.2d 317 (3d Dep't 1997) ......................................8


FEDERAL STATUTES

42 U.S.C. § 1983.......................................................................................................2, 9


STATE STATUTES

N.Y. C.P.L.R. 217(1) (McKinney 2001) .....................................................................8

N.Y. C.P.L.R. 7804 et seq. (McKinney 2001) ................................................................9

N.Y. Pub. Health Law § 3500 et seq. (McKinney 2001) ............................................2, 6

N.Y. Pub. Off. Law § 86 (McKinney 2001) ...................................................................8

N.Y. Pub. Off. Law § 87 (McKinney 2001) ................................................................7, 8

N.Y. Pub. Off. Law § 89 (McKinney 2001) ...................................................................9

**RULES**

Fed. R. Civ. P. 12 .......................................................................................................1, 2

Local Rule 6.1 .................................................................................................................1

**REGULATIONS**

N.Y. Comp. Codes R. & Regs. Title 10, § 89.18......................................................2, 5

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. XIV .................................................................................................7

**OTHER AUTHORITIES**

N.Y. Pub. Off. Law § 89(4)(b).......................................................................................9

In response to the ARRT Defendants' motion to dismiss, Plaintiff claims he "studied hard and knew the material" and therefore this Court should simply accept his "belief" that his test scores were skewed because of a prior criminal conviction and grant him relief under state and federal law.  Pl.'s Mem. in Opp'n at 15; Am. Compl. ¶ 24.  In so arguing, Plaintiff relies on inapposite case law and unsupported, conclusory allegations.[1]  Further, Plaintiff asks the Court to apply the wrong standard for a Rule 12(b)(6) motion to dismiss, baldly ignoring Supreme Court precedent.[2]  Pl.'s Mem. in Opp'n at 2-3, 21.  Plaintiff has not and cannot meet his burden to withstand this motion and his claims should therefore be dismissed.

## I.    PLAINTIFF HAS ABANDONED HIS CLAIMS AGAINST VIRGINIA HASELHUHN BY FAILING TO ADDRESS THEM IN HIS OPPOSITION PAPERS

Plaintiff fails to even mention Virginia Haselhuhn in his opposition papers and he makes no attempt to dispute this Court's lack of personal jurisdiction over her.  Plaintiff has thus abandoned his claims against Haselhuhn, and all claims against her should therefore be dismissed.  See Dineen v. Stramka, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002) (finding that plaintiff's failure to address claims in opposition papers "enable[es] the Court to conclude that

---

[1]    Indeed, Plaintiff fails to make any record citation to the vast majority of allegations in his opposition memorandum.  He nonetheless makes the confusing claim that the ARRT Defendants violated Local Rule 6.1 by not submitting an "affirmation in support."  Pl.'s Mem. in Opp'n at 2.  Local Rule 6.1 does not contain the term "affirmation in support" nor does it suggest that such a document is required for a Rule 12(b)(6) motion.  Presumably Plaintiff is referring to an affidavit which is, of course, not required to support a Rule 12(b)(6) motion to dismiss as such motions are based on the allegations set forth in the complaint.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

[2]    The Supreme Court has recently abandoned the "no set of facts" standard as previously set forth in Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957), and has instead adopted a "plausibility" standard in its place.  Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007).  Under this new standard, a pleader is obligated to amplify a claim with some factual allegations in order to render the claim plausible.  Id.; Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir. 2007).  Plaintiff here has not – and cannot – plead any allegations that would make his claims plausible.

1

[plaintiff] has abandoned them"); <u>Anti-Monopoly, Inc. v. Hasbro, Inc.</u>, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997) (holding that plaintiff's failure to provide any argument opposing defendant's motion "provides an independent basis for dismissal" and "constitutes abandonment of the issue"); <u>Ortho Pharm. Corp. v. Cosprophar</u>, 828 F. Supp. 1114, 1129 (S.D.N.Y. 1993) (recognizing that a party's failure to address a claim raised in adversary's papers may indicate abandonment), <u>aff'd</u>, 32 F.3d 690 (2d Cir. 1994); Fed. R. Civ. P. 12(b)(2).[3]

## II.    PLAINTIFF'S § 1983 CLAIMS MUST BE DISMISSED BECAUSE THE ARRT IS NOT A STATE ACTOR

In a misguided attempt to turn the ARRT into a state actor, Plaintiff now claims – without legal or factual support – that the ARRT is responsible for licensing radiologic technologists for the State of New York.  <u>See</u> Pl.'s Mem. in Opp'n at 3-4, 12, 14.  This allegation is directly contrary to the allegations in Plaintiffs' Amended Complaint, as well as the applicable law, which makes clear that it is the State, not the ARRT, that issues licenses in radiologic technology.  <u>See</u> Am. Compl. ¶¶ 9, 56; N.Y. Pub. Health Law § 3500 <u>et seq.</u> (McKinney 2001).  The ARRT's only role in the process is administering the examination in radiography.  N.Y. Pub. Health Law § 3505; N.Y. Comp. Codes R. & Regs. tit. 10, § 89.18.  The State determines the passing score and relies on an applicant's exam score as one of several factors in determining whether to issue a license.  <u>See</u> N.Y. Pub. Health Law § 3505.  The ARRT's limited role in administering the examination does not turn it a state actor under any test Plaintiff applies.

### A.    The Nexus/Joint Action Test (a.k.a., the Symbiotic Relationship Test)

In a rather confusing manner, Plaintiff asserts that the "Symbiotic [Relationship] Test is inapplicable."  Pl.'s Memo in Opp'n at 5.  Yet he then applies this very test and argues for its

---

[3]    Plaintiff has similarly failed to address his § 1983 claim based on the Family Education Rights and Privacy Act, and has thus abandoned this claim, as well.  Am. Compl. ¶38.

applicability under the guise of different name – the "Nexus/Joint Action Test." Pl.'s Memo in

Opp'n at 11. Regardless of what it is called, state action can only be found under this test where

the State has "so far insinuated itself into a position of interdependence with [the private party]

that it must be recognized as a joint participant in the challenged activity." Burton v.

Wilmington Parking Auth., 365 U.S. 715, 725, 81 S. Ct. 856, 862 (1961). However, as Plaintiff

agrees, "it is highly questionable whether this test remains viable. . . . [a]lthough Burton has

never been overruled, it has been narrowed to the point of being virtually unworkable as a state

action doctrine." Pl.'s Mem. in Opp'n at 11 (quoting Murphy v. New York Racing Ass'n, Inc.,

76 F. Supp. 2d 489 (S.D.N.Y. 1999)). With respect to this test, the ARRT agrees with Plaintiff –

it "is inapplicable." Pl.'s Mem. in Opp'n at 5. As set forth in detail in the ARRT's initial

memorandum, Plaintiff cannot satisfy the state action requirement based on this test, regardless

of whether he calls it the "Symbiotic Relationship Test" or the "Nexus/Joint Action Test."

ARRT Defs.' Mem. at 8-10.

> **B.** **The Public Function Test**

Plaintiff's argument that the ARRT is a state actor under the public function test

completely misses the mark. While acknowledging that the public function test focuses on the

function performed by the private entity, Plaintiff improperly concludes that *any* function that

has been performed by a governmental entity is a "traditional government function." Pl.'s Memo

in Opp'n at 6. That is not the proper analysis and Plaintiff fails to cite a single case to support

his claim that the function at issue here – administration of a standardized licensing examination

– is "a function traditionally exclusively reserved for the State." See Jensen v. Farrell Lines,

Inc., 625 F.2d 379, 384 (2d Cir. 1980); Janusaitis v. Middlebury Volunteer Fire Dep't, 607 F.2d

17, 23 (2d Cir. 1979) ("If the function is one which is traditionally within the exclusive province

of the government, the entity performing that function may be considered to be an

instrumentality of the government."). Rather, as set forth in the ARRT's initial memorandum, many courts, including this one, have held the opposite. ARRT Defs.' Mem. at 10-11.

> C.    **The State Compulsion Test**

The cases Plaintiff cites in his attempt to show state action under the state compulsion test have the reverse effect; they confirm that the ARRT is not a state actor. <u>See</u> Pl.'s Mem. in Opp'n at 8-11. The state compulsion test requires that a state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state." <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004, 102 S. Ct. 2777, 2786 (1982). In <u>Blum</u>, the Supreme Court found that a nursing home's decision to discharge or transfer patients did not constitute state action, even though the home and patients received substantial government funding. <u>Id.</u> The Court's decision was based on the fact that the nursing home's decisions were "judgment[s] made by private parties according to professional standards that are not established by the State." <u>See</u> <u>Blum</u>, 457 U.S. at 1008, 102 S. Ct. at 2788.

Plaintiff cites two cases in which the Second Circuit distinguished the holding in <u>Blum</u>: <u>Catanzano v. Dowling</u>, 60 F.3d 113, 119-20 (2d Cir. 1995); and <u>Kraemer v. Heckler</u>, 737 F.2d 214, 220-21 (2d Cir. 1984). Pl.'s Mem. in Opp'n at 8-9. <u>Catanzano</u> and <u>Kraemer</u> involved private organizations' decisions to terminate Medicaid and Medicare, respectively. <u>Id.</u> In these cases, the decisions, unlike those at issue in <u>Blum</u>, "did not resemble . . . independent professional judgment[s]," because they were dictated by statute and regulations. <u>Id.</u> (quoting <u>Blum</u>, 457 U.S. at 1008, 102 S. Ct. at 2788). The organizations were not "independent actors doing business with the state," but, rather, were entities "deeply integrated into the regulatory scheme" set up by the state. <u>Catanzano</u>, 60 F.3d at 119-20; <u>see also</u> <u>Kraemer</u>, 737 F.2d at 220. Thus, the Second Circuit distinguished <u>Blum</u> in each case and held the government responsible for the organizations' decisions. <u>Id.</u>

The ARRT's decisions, however, are more akin to those at issue in <u>Blum</u>. While the State has delegated the administration of the examination in radiography to the ARRT via state regulation, N.Y. Comp. Codes R. & Regs. tit. 10, § 89.18, the regulations do not govern any of the ARRT's decisions with respect to the administration or grading of its exams, and Plaintiff does not allege otherwise. The ARRT's administration of the exam is in no way "deeply integrated into the regulatory scheme." <u>See</u> <u>Catanzano</u>, 60 F.3d at 119-20. Rather, decisions made by the ARRT are "judgment[s] made by private parties according to professional standards that are not established by the State." <u>See</u> <u>Blum</u>, 457 U.S. at 1008, 102 S. Ct. at 2788.

The fact that the State relies on the ARRT's examination in making licensure decisions does not make it into a state actor under this test either. <u>See</u> <u>id.</u> at 1004-05 (nursing home's decision did not constitute state action even though the state responded by adjusting patients' Medicaid benefits); <u>Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.</u>, 40 F.3d 247, 250 (7th Cir. 1994) ("that states make certification by the Board a prerequisite for some public positions does not convert the Board into a state actor"); <u>McKeesport Hosp. v. Accreditation Council for Grad. Med. Educ.</u>, 24 F.3d 519, 525 (3d Cir. 1994) (concluding that accrediting entity is not a state actor where "the [entity] is self-governed and financed, and its standards are independently set; the state . . . simply recognizes and relies upon its expertise").

## III.     PLAINTIFF HAS NOT BEEN DENIED HIS CONSTITUTIONAL RIGHTS

### A.     Plaintiff Has No Constitutional Entitlement To Work As A Licensed Radiologic Technician

Plaintiff does not have an unfettered, constitutional right to "make a living" as a licensed radiologic technician. And while Plaintiff cites a host of cases in support of this alleged constitutional right, Pl.'s Mem. in Opp'n at 12-14, these cases actually support the ARRT's position and make clear that a state can require high standards of qualification before admitting a

5

person into a profession. <u>Conn v. Gabbert</u>, 526 U.S. 286, 292, 119 S. Ct. 1292, 1296 (1999) (the

right to choose one's field of employment is subject to reasonable government regulation); <u>Lowe</u>

<u>v. SEC</u>, 472 U.S. 181, 229, 105 S. Ct. 2557, 2582 (1985) (J. White, concurring) (one's right to

follow a lawful calling is subject to licensing requirements); <u>Damino v. O'Neill</u>, 702 F. Supp.

949, 953 (E.D.N.Y. 1987) ("state's legitimate and important concern of public health and safety

far outweigh any interest of plaintiff to continue his livelihood"); <u>see</u> <u>also</u> <u>Greene v. McElroy</u>,

360 U.S. 474, 492, 79 S. Ct. 1400, 1411 (1959) (recognizing the right to follow a chosen

profession free from *unreasonable* government interference) (emphasis added).[4]

 The State has chosen to impose such standards here, regulating the practice of

radiography to protect the health and safety of the people of the State. N.Y. Pub. Health § 3500.

And because the right to pursue a lawful profession is not absolute, "there is no arbitrary

deprivation of such right where its exercise is not permitted because of a failure to comply with

conditions imposed . . . for the protection of society." <u>Lowe</u>, 472 U.S. at 228, 77 S. Ct. at 2582

(quoting <u>Dent v. West Virginia</u>, 129 U.S. 114, 121-22, 9 S. Ct. 231, 233 (1889)); <u>see</u> <u>also</u> <u>Sweet</u>

<u>v. Comm'r of Human Services</u>, 702 N.W.2d 314, 320 (Minn. 2005) (cited in Pl.'s Mem. in

Opp'n at 13).[5] Moreover, such regulations are constitutional as long as they "have a rational

connection with the applicant's fitness or capacity to practice the profession." <u>Id.</u> (quoting

---

[4] The other cases cited in Plaintiff's brief are inapposite. <u>See</u> <u>Horodner v. Cahn</u>, 360 F. Supp.
602, 604 (E.D.N.Y 1973) (once professional license is issued, it cannot be taken away
without due process); <u>Fosselman v. Comm'r of Human Services</u>, 612 N.W.2d 456, 461
(Minn. Ct. App. 2000) (same); <u>Brooks v. Int'l Brotherhood of Boilermakers</u>, 114 N.W.2d
647, 654 (Minn. 1962) (analyzing personal jurisdiction over nonresident labor organization).

[5] While the State could not, of course, prohibit a person from pursuing a profession based on
the person's membership in a protected class, Plaintiff has made no such allegations here.
<u>See</u> <u>Traux v. Raich</u>, 239 U.S. 33, 41, 36 S. Ct. 7, 10 (1915) (one cannot be forced out of
employment based on race or national origin) (cited in Pl.'s Mem. in Opp'n at 13); <u>Sail'er</u>
<u>Inn, Inc. v. Kirby</u>, 485 P.2d 529 (Cal. 1971) (state cannot exclude women from employment
as bartenders).

<u>Schware v. Bd. of Bar Examiners</u>, 353 U.S. 232, 239, 77 S. Ct. 752, 756 (1957)).  The radiography licensure regulations at issue here, including the exam requirement, are reasonable means of ensuring an applicant's ability to practice the profession, and Plaintiff does not allege otherwise.  Pl.'s Affirmation in Opp'n to ARRT's Mot. at ¶ 8.  Plaintiff has not been deprived of any constitutional right.

**B.    Plaintiff Has No Fourteenth Amendment Property Interest in His Past Examinations**

Plaintiff claims he has a due process right to obtain his exam records based on FOIL, N.Y. Pub. Off. Law § 87(2) (McKinney 2001).  Pl.'s Mem. in Opp'n at 15.  However, "Plaintiff [does] not, as a matter of law, have a property interest in the mere expectation of receiving FOIL documents."  <u>O'Bradovich v. Village of Tuckahoe</u>, 325 F. Supp. 2d  413, 432-33 (S.D.N.Y. 2004); <u>see</u> <u>also</u> <u>Billups v. Millet</u>, No. 91-6326, 1996 WL 99399, at *4 (S.D.N.Y. Mar. 6, 1996). Thus, even if it were a State actor – which it is not – the ARRT did not run afoul of Plaintiff's due process rights by denying him access to past examinations.

**C.    Plaintiff Has Not Been Denied Equal Protection**

Plaintiff admits that "the crux of an equal protection claim is that 'all persons similarly situated shall be treated alike.'"  Pl.'s Mem. in Opp'n at 16 (quoting <u>F.S. Royster Guano Co. v. Virginia</u>, 253 U.S. 412, 415, 40 S. Ct. 560, 562 (1920).  Yet, he has not – and cannot – set forth allegations regarding any similarly situated person who was treated differently by the ARRT. Rather, the ARRT's rescoring and exam access policies apply with equal force to all examinees,

and Plaintiff does not allege otherwise.  <u>See also</u> Affidavit of Shari Jerde at Exhibit A (May 26, 2005 Ltr. from M. Raymond to L. Gantt).[6]

## IV.    PLAINTIFF'S FOIL CLAIMS FAIL ON A NUMBER OF GROUNDS

The ARRT is not a state agency; thus, it is not subject to FOIL.  <u>See</u> N.Y. Pub. Off. Law § 86(3).  Plaintiff provides no legal support to suggest the contrary.  He also fails to address the fact that his FOIL claims are barred by the four-month statute of limitations.  <u>See</u> N.Y. C.P.L.R. 217(1) (McKinney 2001); <u>Van Steenberg v. Thomas</u>, 242 A.D.2d 802, 803, 661 N.Y.S.2d 317, 318 (3d Dep't 1997).   Plaintiff, instead, focuses on the ARRT's practice of revising its exam questions, and argues that this keeps them out of FOIL's statutory exemption for examinations. Pl.'s Mem. in Opp'n at 17.  He also claims he was not required to bring an Article 78 proceeding before bringing this federal lawsuit, despite the statutory requirement.  <u>Id.</u> at 18.  Plaintiff is wrong on both counts.

### A.    The ARRT's Examinations are Exempt From FOIL

"[E]xamination questions or answers which are requested prior to the final administration of such questions" are not subject to FOIL requests.  N.Y. Pub. Off. Law § 87(2)(h).  Exam questions or answers are not "finally administered" for purposes of FOIL access when the exam administrator intends to reuse them.  <u>See</u>, <u>e.g.</u>, <u>Social Serv. Emp. Union, Local 371 v. Cunningham</u>, 109 Misc. 2d 331, 437 N.Y.S.2d 100 (N.Y. County 1981), <u>aff'd</u>, 90 A.D.2d 696 (1st Dep't 1982).  Plaintiff contends that, because the ARRT revises its exam questions every five years, it clearly does not reuse exam questions.  Pl.'s Mem. in Opp'n at 17.  This argument

---

[6]  For purposes of a motion to dismiss, a complaint is deemed to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit."  <u>Rothman v. Gregor</u>, 220 F.3d 81, 88-89 (2d Cir. 2000) (citing <u>Cosmas v. Hassett</u>, 886 F.2d 8, 13 (2d Cir. 1989)).  Plaintiff refers to this letter in the Amended Complaint at paragraph 28.

makes no sense.  The fact that ARRT periodically revises its exams and adds new questions does not imply that exam questions are not reused.  In fact, even the "new" questions appear in exams as unscored pilot questions before they are used as "live," scored questions in future exams.  See Jerde Aff., Ex. A.  Because the ARRT reuses exam questions, releasing past examinations would compromise the security of the test questions.  Id.  Releasing past examinations would undermine the integrity of the entire licensing process and would frustrate the purpose of the statutory exemption.

### B.    Plaintiff's Statutory Remedy is an Article 78 Proceeding

While Plaintiff may not need to exhaust his state administrative remedies in order to bring a cause of action under § 1983, this argument is irrelevant because Plaintiff cannot bring his FOIL claim under § 1983.  O'Bradovich v. Village of Tuckahoe, 325 F. Supp. 2d  413, 432-33 (S.D.N.Y. 2004); Ferrara v. Superintendent, New York State Police, 26 F. Supp. 2d 410, 414 (N.D.N.Y. 1998); Billups, 1996 WL 99399, at *4.  Under FOIL, an aggrieved party must first exhaust his administrative remedies by appealing in writing to the designated agency head within thirty days of the request denial.  N.Y. Pub. Off. Law § 89(4)(a).  If the appeal is unsuccessful, the party can bring an Article 78 proceeding pursuant to New York Civil Practice Law and Rules 7804 et seq.  N.Y. Pub. Off. Law § 89(4)(b); Schuloff v. Fields, 950 F. Supp. 66, 67-68 (E.D.N.Y. 1997).

## V.    PLAINTIFF LACKS STANDING TO BRING ANTITRUST CLAIMS BECAUSE HE HAS NOT ALLEGED AN ANTITRUST INJURY

To obtain standing under the antitrust laws, a plaintiff must demonstrate that he has suffered an "antitrust injury."  Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council, 857 F.2d 55, 66 (2d Cir. 1988).  An antitrust injury is an "injury of the type that the antitrust laws were intended to prevent and that flows from that which makes the defendants' acts unlawful.

The injury must reflect [the] . . . anticompetitive acts made possible by the violation."

Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489, 97 S. Ct. 690, 697 (1977).

Plaintiff cannot establish an antitrust injury based on his failure to pass an examination. He has

alleged no injury to competition in any relevant market. He merely contends the State's

designation of the ARRT as administrator of the examination in radiography has caused him

personal injury. Because of this designation, Plaintiff is unable to pass the exam in order to

obtain a license in radiography. Pl.'s Mem. in Opp'n at 20. However, Plaintiff cites no law to

support his argument that this constitutes an antitrust injury. That is because the antitrust laws

do not create an entitlement to professional licensure. A license must be earned. Plaintiff's

inability to obtain licensure is caused by his own poor performance; it is not the result of an

antitrust injury. He does not have standing to bring these claims and dismissal is therefore

appropriate.

## VI.    CONCLUSION

Plaintiff's claims all fail as a matter of law. Accordingly, the ARRT Defendants

respectfully request that their motion to dismiss be granted.[7]

---

[7] Though Plaintiff suggests that he should be allowed to "correct any supposed technical shortcomings found in the Complaint," he has not alleged any additional facts that, if added to the Amended Complaint, would save his claims from dismissal. Pl.'s Mem. in Opp'n at 21. Thus, any attempt to amend the Complaint should be denied as futile. See, e.g., Berrian v. Pataki, 510 F. Supp. 2d 348, 356 (S.D.N.Y. 2007) (leave to amend complaint denied where plaintiff could articulate no set of facts that would confer standing); Frazier v. Turning Stone Casino, 254 F. Supp. 2d 295, 314 (N.D.N.Y. 2003) (motion to amend complaint denied as futile where defendants were not state actors).

Dated:  December 21, 2007

DORSEY & WHITNEY LLP


By:  /s/Joshua Colangelo-Bryan
     Joshua Colangelo-Bryan
250 Park Avenue
New York, NY 10177-1500
Telephone:  (212) 415-9234
Facsimile:  (212) 953-7201

Shari L. Jerde
DORSEY & WHITNEY LLP
50 South 6th Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone:  (612) 343-8267
Facsimile:  (888) 214-4821

*Attorneys for Virginia Haselhuhn, Assistant Executive Director and American Registry of Radiologic Technologists*

11