UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DONALD PAPAY, :

                      Plaintiff, :     07 Civ. 3858 (SCR)
    -against-

                                                      :     Original Filed By ECF

VIRGINIA HASSELHUHN, as ASSISTANT
EXECUTIVE DIRECTOR, AMERICAN REGISTRY :
OF RADIOLOGIC TECHNOLOGISTS, RICHARD F.
DAINES as COMMISSIONER, STATE OF NEW YORK :
DEPARTMENT OF HEALTH, ADELA SALAME-ALFIE
as DIRECTOR, STATE OF NEW YORK DEPARTMENT :
OF HEALTH - - BUREAU OF ENVIRONMENTAL
RADIATION PROTECTIONS (in his official capacity), :

                      Defendants. :
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF STATE DEFENDANTS' MOTION TO DISMISS**


                                          ANDREW CUOMO
                                          Attorney General of the State of New York
                                          <u>Attorney for State Defendants</u>
                                          120 Broadway – 24th Floor
                                          New York, New York 10271
                                          Telephone: (212) 416-8556

ELLEN J. FRIED
Assistant Attorney General
 Of Counsel

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT
      STANDARD OF REVIEW FOR MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . 2

POINT I  -  PLAINTIFF FAILS TO STATE A PROCEDURAL
               DUE PROCESS CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT II -  PLAINTIFF FAILS TO ADEQUATELY PLEAD A
               CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

POINT III -  PLAINTIFF FAILS TO STATE AN EQUAL PROTECTION
               CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

Balaklaw v. American Bd. of Anesthesiology, Inc.,
    149 Misc. 2d 11, 562 N.Y.S.2d 360 N. Y.Sup (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Bell Atlantic Corporation v. Twombly,
    __ U.S. ___, 127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Berrian v. Pataki, 510 F.Supp.2d 348, 356 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Connolly v. McCall, 254 F.3d 36 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conley v Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Dineen v. Stranka, 228 F.Supp 2d 447 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
.
Fitzpatrick v. Sony BMG Music Entertainment,
    2007 U.S. Dist. LEXIS 60238 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Glover v. Troy,
    2004 U.S. Dist. LEXIS 13740 (W.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Giordano v. City of New York,
    274 F.3d 740 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Harlen Associates, Inc. v. Village of Mineola,
    273 F.3d 494 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Heller v. Doe,
    509 U.S. 312, 113 S.Ct. 2637 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Inturri v. City of Hartford,
    365 F. Supp. 2d 240 (D. Conn. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Knapp v. Hanson, 183 F.3d 786 (8th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Lewis v. Thompson,
    252 F.3d 567 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Lowe v. SEC, 472 U.S. 181, 105 S.Ct. 2557 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Mixon v. State of Ohio,
    193 F.3d 389 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Noe v National Bd. of Chiropractic Examiners,
    141 A.D.2d 706, 529 N.Y.S.2d 577 (N.Y. App. Div. 2d Dept 1988) . . . . . . . . . . . . . . . 4

Pangburn v. Culbertson, 200 F.3d 65 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Patane v. Clark, 2007 U.S. App. LEXIS 27391 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Ramos v. Town of Vernon,
    353 F.3d 171 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rothman v. Gregor, 220 F.3d 81 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Seabrook v. City of New York ,
    509 F.Supp.2d 393 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Transhorn, Ltd. v. United Techs. Corp. (In re Elevator Antitrust Litigation),
    502 F.3d 47 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Village of Willowbrook v. Olech,
    528 U.S. 562, 120 S.Ct. 1073 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Federal Statute**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Federal Rule**

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

**State Statute**

N.Y.S. Educ. Law Article 7-A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**State Rules and Regulations**

NYCRR §§70.1-70.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DONALD PAPAY,                                                                    :

                              Plaintiff,             :         07 Civ. 3858 (SCR)

      -against-
                                                     :

VIRGINIA HASSELHUHN, as ASSISTANT
EXECUTIVE DIRECTOR, AMERICAN REGISTRY      :
OF RADIOLOGIC TECHNOLOGISTS, RICHARD F.
DAINES as COMMISSIONER, STATE OF NEW YORK  :
DEPARTMENT OF HEALTH, ADELA SALAME-ALFIE
as DIRECTOR, STATE OF NEW YORK DEPARTMENT  :
OF HEALTH - - BUREAU OF ENVIRONMENTAL
RADIATION PROTECTIONS (in his official capacity),  :

                              Defendants.            :
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF STATE DEFENDANTS' MOTION TO DISMISS**

**Preliminary Statement**

    Defendants Richard F. Daines ("Daines") as Commissioner of the State of New York's Department of Health and Adela Salame-Alfie ("Salame-Alfie") as Director of the State of New York's Department of Health, Bureau of Environmental Radiation Protection ("DOH" and collectively "State Defendants"), respectfully submit this Memorandum of Law in Reply to Plaintiff Donald Papay's ("Plaintiff" or "Papay") Memorandum of Law in Opposition to State Defendants' Motion to Dismiss and in further support of their motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**<u>Argument</u>**

**<u>STANDARD OF REVIEW FOR MOTION TO DISMISS</u>**

In order to withstand a motion to dismiss, a Plaintiff must "amplify [his] claim with some factual allegations to render the claim plausible," <u>Fitzpatrick v. Sony BMG Music Entertainment</u>, 2007 U.S. Dist. LEXIS 60238 (S.D.N.Y. Aug. 15, 2007) (citations omitted), or raise any right to relief above mere speculation. Here, Plaintiff's Amended Complaint offers merely conjecture and legal conclusion in lieu of facts to support claims that his inability to achieve a passing grade on the radiological exam was the result of concerted efforts to skewer his test results because of his prior criminal history. Plaintiff cites to nothing more in his Affirmation in Opposition to Defendants' Motion to Dismiss ("Affm. Opp.") or in his Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp. Memo") than his "strongly held belief" that his test scores were skewed because he "knew the material" and "studied hard" as the factual underpinnings for bald assertions of wrongdoing by the defendants.[1]

Plaintiff offers his multiple "few points" failures as additional basis for his strong beliefs that his test scores were skewed. However, this is not a sufficient basis upon which this Court could find a plausible link between plaintiff's consistent failure to pass the examination and his prior criminal history. Plaintiff also alleges that "There were 20 additional questions, which were to be counted into the score, but were not" ("Opp. Memo" at p. 6 ) and that this purported lack of scoring forms the "significant belief that my test results were skewed each time based upon

---

[1] The Amended Complaint fails to delineate any purported action taken by the State defendants in furtherance of the alleged concerted effort to prevent plaintiff from achieving a passing grade of 75. Rather, Plaintiff complains of State defendants' actions with regard to the denial of his FOIL request for exam questions and answers. Nevertheless, State defendants will address the allegations of conspiracy as can be gleaned from plaintiff's vague and unsupported statements in the Amended Complaint and his affirmations in opposition.

the extra points that were not counted." (Affm. Opp ¶   ).  This claim undercuts plaintiff's allegations that he was targeted for discriminatory treatment since "pilot questions" are not graded for any test-taker.  (See, Fried Affirmation in Further Support of Defendants' Motion to Dismiss the Complaint at ¶   or "Fried Affm.") In any event, plaintiff is asking the Court to assume that he would have answered  enough of the 20 allegedly ungraded questions to pass the exams that he otherwise failed. This, too, is pure conjecture and fails to render plaintiff's allegations of mistreatment any more plausible.

Plaintiff completely ignores the recent decisions of the Supreme Court in Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955 (2007), and the subsequent decision of the Second Circuit applying the Twombly standards cited by defendants' in  support of their motion to dismiss the Amended Complaint.  See Transhorn, Ltd. v. United Techs. Corp. (In re Elevator Antitrust Litig.), 502 F.3d 47, 50 (2d Cir. 2007). While Twombly does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." Twombly, 127 S. Ct. at 1974. Plaintiff fails to allege any conceivable set of facts to support his claim of animus-based grade skewering or the State Defendants' alleged failure to abide by DOH regulations or New York's Freedom of Information Law ("FOIL") for document disclosure.

Without more, Plaintiff's opinions or "strong beliefs" couched as factual allegations should not be afforded a presumption of truthfulness. Glover v. Troy, 2004 U.S. Dist LEXIS 13740 (W.D.N.Y. 2004).  Even if they are so treated, plaintiff has still not alleged "enough facts to state a claim to relief that is plausible on its face," id. at 1974, or that "possess[es] enough heft to 'show that the pleader is entitled to relief."Twombly at 1966. E.g., Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007).  Plaintiff therefore fails to meet the threshold necessary to survive

defendants' motion to dismiss.

### POINT I - PLAINTIFF FAILS TO STATE A PROCEDURAL DUE PROCESS CLAIM

Plaintiff's claims that he was denied due process because he was denied an alleged right to see his test records pursuant to FOIL and denied an alleged right to practice his preferred profession are replete with unsupported assumptions. Plaintiff continues to twist legal theories in a futile attempt to buttress baseless allegations that should be dismissed by this Court in their entirety.

Plaintiff has consistently failed to cite any authority that establishes a legitimate claim of entitlement to a license as a Radiological Technologist. Rather, plaintiff cites cases that support defendants' argument that his failure to meet "licensing requirements rationally related to his fitness or capacity to practice the profession" Lowe v SEC, 472 U.S. 181, 228 (1985) negates any claim to a property right which, in turn, would entitle him to due process. Since he does not possess a license, and even concedes that defendants have a rational basis for requiring that applicants obtain a passing grade of 75 on the qualifying examination, plaintiff has failed to state a claim of denial of due process.

Plaintiff has also failed to demonstrate a property interest in either the exam questions or answers. Plaintiff offers only a strong belief that had the exams been "properly" graded, he would have passed the exam and been granted a license. He further claims that he must have a property interest in obtaining the exams because they are the only vehicle through which he can prove that he passed.[2] This argument completely ignores plaintiff's failure to avail himself of the

---

[2] Claims of denial of due process in similar testing cases have been consistently rejected by New York courts. In Noe v National Bd. of Chiropractic Examiners, 141 AD2d 706, 529 N.Y.S.2d 577 (N.Y. App. Div.2d Dept. 1988), the Court rejected a plaintiff's claim that he was denied his alleged property right to earn a license to practice chiropractic without due process when his request to review the examination questions and answers, and his own answers, was rejected by the National Board of Chiropractic Examiners, a private, not-for-profit corporation whose examination scores were accepted by

"process" that was available to him as a test-taker, rather than a license-holder. Plaintiff does not allege in the Amended Complaint that he was ever denied his "right" as a test-taker to have his exam re-scored for any of the seven exams he took because he forfeited his ability to do so each time he failed to make the appropriate request in accordance with ARRT guidelines.

Plaintiff relies in the Amended Complaint upon only a small portion of the letter of Dr. Mark Raymond, director of Psychometric Services for ARRT, in response to a request by plaintiff's counsel, Larry Gant, to "review...all examinations taken by Mr. Papay between March 1998 and April 2005".[3]  Plaintiff fails to quote Dr. Raymond's description of ARRT policy that would have provided plaintiff with the re-scoring he now seeks. Dr. Raymond stated, in pertinent part, that:

> ARRT policy permits candidates to request a rescore of their examination. This policy is documented in the certification handbook received by all candidates when they apply for examination. In 1998, when the Examination in Radiography was given in paper and pencil form, requests [sic] rescores must have been requested within 90 days of the exam administration date. Examinations are now administered by computer and exam results are reported more quickly; consequently the policy has changed. As indicated in the 2005 certification handbook, candidates must request a rescore within 14 days of scores being mailed by ARRT. The request must be accompanied by a fee of $25.

Further, Dr. Raymond's subsequent letter to plaintiff's next counsel, Shmuel Klein, dated November 11, 2005, also relied upon by plaintiff in his Amended Complaint, responded to Mr. Klein's test review requests and reiterated the ARRT policy as follows: "...ARRT does have a

---

the New York State Board for Chiropractic.

[3] Defendants quotations from Dr. Raymond's letters and their inclusion in the Fried Affirmation do not require conversion of their motion to dismiss into one for summary judgment under FRCP 12(b) because plaintiff relied upon them in both his Amended Complaint and in his opposition to Defendants' Motion to Dismiss. The Second Circuit recently reiterated that a complaint included "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." Patane v. Clark, 2007 U.S. App. LEXIS 27391 (2d Cir. 2007) , citing  Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted.)

policy by which individuals can request a *rescore* of their examination, but that ...time period during which such request can be made had expired." (Emphasis in original) Thus, the State defendants did not preclude plaintiff from obtaining the only process to which he was entitled - re-scoring - under clearly established guidelines.

In his opposition papers, Plaintiff Papay fails to establish that he took the requisite administrative action to contest the DOH denial of his FOIL request. Complaining by letter is not equivalent to the filing of an appeal in accordance with DOH or FOIL procedures, especially when plaintiff has been represented by multiple counsel. Plaintiff's FOIL claim also must fail because he failed to exhaust his administrative remedies.

Finally, plaintiff's comparison of the ARRT licensing exam to New York State Civil Service exams is unavailing since the latter are subject to specific statutory regulation. See, 4 New York Codes, Rules and Regulations Sections 70.1 - 70.4 (4 NYCRR §§70.1-70.4) which expressly preclude access to copies of civil service examination questions. The rationale for non-disclosure, however, is the same, to wit, Civil Service examination questions are frequently used again on subsequent examinations and are not automatically considered "finally administered" after their use in an examination. In addition, Civil Service exams are excluded from disclosure by the Truth in Testing Law (New York State Education Law Article 7-A).

## POINT II - PLAINTIFF FAILS TO ADEQUATELY PLEAD A CONSPIRACY

Plaintiff has not alleged any facts in his opposition to defendants' motion that would satisfy the elements of pleading a conspiracy claim. Plaintiff offers no other explanation for his failing than conspiracy. Plaintiff alludes to a "Catch 22" situation in which he has been unable to obtain documents from either DOH or ARRT and offers that inability, without more, as proof

of collusion between ARRT and State defendants.[4] However, the fact that plaintiff's FOIL request does not result in the production of the documents he seeks does not establish that the defendants conspired to deprive him of access to them. Rather, as discussed elsewhere, FOIL does not require their production.

To prove a Section 1983 conspiracy, a plaintiff must show (1) an agreement between two or more state actors or between a state actor and a private entity (2) to act in concert to inflict an unconstitutional injury and (3) an overt act done in furtherance of that goal causing damages. Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Plaintiff has alleged merely his own opinion and conjecture, rather than any plausible set of facts, in support of his claim and offers only that he failed numerous exams. This is insufficient to state a claim of conspiracy. (See, e.g. Balaklaw v. American Bd. of Anesthesiology, Inc. 149 Misc.2d 11, 562 N.Y.S.2d 360N.Y.Sup. 1990, in which plaintiff alleged an exam discriminated foreign students. The Court held that standing alone, the fact that plaintiff failed the exam is not sufficient evidence to imply discrimination).

### POINT III - PLAINTIFF FAILS TO STATE AN EQUAL PROTECTION CLAIM

Plaintiff admits that the State defendants have a rational basis for setting the passing grade at 75 and argues that he does not seek a license "despite a low score" but rather that he would have achieved a passing score had his exam been properly graded. Thus, plaintiff attempts to raise a class of one theory of equal protection. "Class of one" equal protection claims are those "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of

---

[4] In appropriate circumstances, such as those presented here, it is proper to dismiss an equal protection challenge on the pleadings and prior to discovery. Conley v Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957). See Knapp v. Hanson, 183 F.3d 786, 789 (8th Cir. 1999); Mixon v. State of Ohio, 193 F.3d 389, 400 n.9 (6th Cir. 1999)

Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Harlen Assocs., 273 F.3d at 499.  In order adequately to allege such a claim, in addition to alleging that actions taken against plaintiff were not taken against others similarly situated, the plaintiff must allege that the defendants' actions were "irrational" or "arbitrary."  See Olech, 528 U.S. at 565 (sustaining plaintiff's claim because she alleged that the defendant's actions were "irrational and wholly arbitrary.")  Additionally, plaintiff must establish "'intentional disparate treatment' in that defendants 'knew they were treating [plaintiff] differently from anyone else.'" Seabrook, 2007 WL 2685010 at 5 (quoting Giordano v. City of New York, 274 F.3d 740, 751 (2d Cir. 2001)). Even assuming, *arguendo,* that such a review is applicable, plaintiff fails to state a claim under a class of one theory.  Inturri v. City of Hartford, 365 F. Supp.2d 240, 247 (D. Conn. 2005).

       The "class of one" theory incorporates the general rational basis review standard applied to equal protection claims that do not involve protected classes.  Rational basis scrutiny "requires that the law be rationally related to a legitimate government interest."  Ramos v. Town of Vernon, 353 F.3d 171, 175 (2d Cir. 2003).  Under this standard, "a classification must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  Connolly v. McCall, 254 F.3d 36, 42 (2d Cir. 2001).  "Where rational basis scrutiny applies, the Government 'has no obligation to produce evidence,' or 'empirical data' to 'sustain the rationality of a statutory classification,' and instead can base its statutes on 'rational speculation.'"  Lewis v. Thompson, 252 F.3d 567, 582 (2d Cir. 2001) (internal citations omitted) (quoting Heller v. Doe, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993).  As the Second Circuit has explained, "rational basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices."  Id.

       First, plaintiff has not adequately alleged that the scoring of his test was different than the scoring of any other test. Plaintiff  appears to rely upon his assertion that 20 questions on the

exam were not graded as further proof of his being treated differently. ("There were 20 additional questions, which were to be counted into the score, but were not.") Pls Memo p 6. Plaintiff is correct that certain questions, known as "pilot items" questions, were not graded. (See Fried Affm. ¶ 8) The ARRT website area that describes its examinations states:

> Pilot questions are unscored questions embedded in the test. ARRT uses data from these pilot question to evaluate new test questions. This is a cost-effective way to develop test materials for future candidates, just as past candidates assisted in piloting questions for today.
> These questions are not identified as pilot question, and they appear just like any other question on the test. Up to 20 percent of the test may be unscored pilot questions, and ARRT allots extra time for candidates to complete them. *Answers to these questions will not affect test scores. (*Emphasis added.)

Plaintiff appears to allege that ungraded "pilot items" caused him to fail the exam, however, ungraded questions were embedded in the exam of all applicants. Moreover, answers to pilot questions did not affect exam scoring. Plaintiff alleges that he would have passed if those items had been scored, however, scoring those items for plaintiff and not for others would obviously create equal protection issues of their own and be simply untenable. Plaintiff did not obtain a passing score and thus, failed the exam.

Plaintiff also alleges that since he received special permission to sit for each exam, defendants were aware of his prior criminal history and acted deliberately to fail him by a few points each time. First, the State defendants do not score the exam. Further, as argued above, the simple fact of failure, even if by a margin of only a few points, is insufficient to prove that State defendants' conspired to skewer plaintiff's exam scoring to fail. Furthermore, the mere fact of consistently failing by a few points without move fails to establish that defendants deliberately treated plaintiff differently than anyone else who failed the exam by a few points.

Finally, nowhere in the Amended Complaint does Plaintiff allege that State defendants have acted irrationally or arbitrarily toward him because of his prior convictions, yet failed to

9

skewer the exam results of others with special permission to sit for exams because of prior criminal histories. Indeed, Plaintiff is similarly situated to those who took the exam with special permission, rather than those who had never been convicted (Pls. Opp p 15.) Moreover, even if plaintiff did make such allegations, they would be patently baseless. As a result, Plaintiff has failed to allege adequately a "class of one" theory.

Plaintiff's remaining arguments in his opposition papers have all been previously addressed by Defendants or co-Defendants need not be repeated here. Plaintiff fails to address defendants Eleventh Amendment or qualified immunity points raised in their action to dismiss and has thus abandoned those claims. See e.g., Dineen v. Stranka, 228 F.Supp 2d 447 (S.D.N.Y. 2007). Finally, plaintiff's request to amend the Amended Complaint should be rejected as futile. See e.g. Berrian v. Pataki, 510 F.Supp.2d 348, 356 (S.D.N.Y. 2007).

## CONCLUSION

For all the foregoing reasons, State defendants respectfully request that Plaintiff's complaint be dismissed in its entirety.

Dated: New York, New York  
       December 21, 2007

Respectfully submitted,

ANDREW CUOMO  
Attorney General of the  
 State of New York  
Attorney for State Defendants  
By:  
  /S/  
Ellen J. Fried  
Assistant Attorney General  
120 Broadway – 24th Floor  
New York, New York 10271-0332  
212-416-6556